1  BARRON E. RAMOS *Of Counsel* (State Bar No. 179620)
   KRISTEN E. CAVERLY (State Bar No. 175070)
2  **HENDERSON & CAVERLY LLP**
   P.O. Box 9144 (all U.S. Mail)
3  16236 San Dieguito Road, Suite 4-13
   Rancho Santa Fe, CA 92067
4  Telephone: (858) 756-6342
   Facsimile: (858) 756-4732
5
   Attorneys for plaintiff and the Class
6

7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                      **COUNTY OF SAN DIEGO**

11

12  LEON ALPERT, an individual,              ) Case No. GIC 881621
    on behalf of himself, on behalf of all those)
13  similarly situated, and on behalf of the general) **CLASS ACTION**
    public,                                  )
14                                           ) PLAINTIFF'S OPPOSITION
             Plaintiffs,                     ) TO DEFENDANT
15  v.                                       ) TIME WARNER'S DEMURRER TO,
                                             ) AND ALTERNATIVE MOTION
16  TIME WARNER CABLE, INC., a Delaware) TO STRIKE, PLAINTIFF'S
    corporation, and DOES 1 TO 100,          ) FIRST AMENDED COMPLAINT
17                                           )
             Defendants.                     )
18                                           ) Date: August 3, 2007
                                             ) Time: 10:30 a.m.
19                                           ) Dept: 63
                                             ) Judge: Hon. Luis R. Vargas
20                                           )
                                             ) Trial Date: None Set
21                                           ) Case Filed: March 13, 2007
                                             )
22  _____

23

24

25

26

27

28
                                    1

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Time Warner Cable's (TWC's) demurrer is premised on its argument that it did not charge Alpert for basic cable and that the billing statements from TWC, which are Exhibits to the First Amended Complaint (FAC), somehow prove that. Def.'s Memo at p.1:10-16. But a cursory reading of those statements indicates the contrary, such as Alpert's December 2006 statement which specifically itemizes "HOA Standard Service." See FAC, Exhibit C. Standard Service *is* basic cable service.

Similarly, the Subscriber Agreement between TWC and Alpert's HOA makes plain that TWC was charging Alpert, and all other HOA residents, for basic cable. See FAC, Exhibit A. Only the billing statement that precedes TWC's corrected statement fails to disclose payment for basic cable - and that is the point of this lawsuit. FAC, Exhibit B. It is because Alpert did not see on his billing statement that TWC was already collecting basic cable fees from Alpert through his HOA, and that he did not see that the bill was adjusted accordingly to reflect that fact, that he complained to TWC. Only *after* that complaint did his bill go down and the billing statements change.

TWC also argues that because Alpert paid his HOA for basic cable which, in turn, paid TWC those monies, Alpert did not pay TWC. But the Subscriber Agreement between Alpert's HOA and TWC states clearly that Residents like Alpert *were* charged, and that TWC collected through the HOA, a basic cable fee of $ 28.77 per unit. Alpert most certainly *did* pay TWC, as the FAC, the billing statements and the Subscriber Agreement all make plain. TWC's argument that it did not charge Alpert for basic cable is nonsensical.[1] But even if TWC's argument had any merit, the allegations of the FAC, the billing statements attached, and the Subscriber Agreement all clearly raise questions of fact whether TWC was actually charging such a fee. A demurrer cannot resolve such a factual dispute.

TWC also argues that the reason Alpert's bill went down was not because of what Alpert

---

[1] TWC accuses plaintiff of trying to "shoot first, ask questions later." Def.'s Memo at p.1:7. The "questions" are fully answered by the FAC and documents appended thereto. Although Alpert would enjoy inserting a clever reply to such rhetorical nonsense, he will abstain.

2

1    alleges in his FAC, but simply because he purportedly switched from a la carte pricing to bundled

2    pricing.  Def.'s Memo at p.1:17-26.  To prove the merits of this argument, TWC relies upon its

3    billing statements - which Alpert specifically claims misled him in the first place.  In fact, TWC

4    itself disclaims the accuracy of its billing practices in its online service agreement, as alleged in the

5    FAC.  In other words, TWC asks this Court to rule, on a demurrer, that as a matter of law its billing

6    statements were "accurate," when that is contrary to the allegations of the FAC and when TWC

7    itself will not guarantee the accuracy of those statements.

8         Moreover, the billing statements contradict each other, making it impossible to discern

9    exactly which statement TWC now claims was "accurate."  One statement does not disclose

10   Alpert's payment for standard basic cable service, whereas the next statement does.  In any event,

11   whether the statements, or any one of them, were accurate is obviously disputed and a question of

12   fact which cannot possibly be resolved on a demurrer.

13        At bottom, TWC's demurrer and motion to strike are predicated on TWC's argument  that

14   the FAC is "100% factually incorrect."  Def.'s Memo at p.1:13.  Factual disputes are not resolved

15   on demurrer.  TWC's demurrer and motion to strike should be denied.

16   **II.    LEGAL STANDARD ON DEMURRER**

17        A demurrer does not test the truth of the allegations in a pleading, only the sufficiency of

18   the pleadings.  *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197,

19   213 (1983). The Court "must assume the truth of all properly plead material allegations of the

20   complaint and give it a reasonable interpretation by reading it as a whole and its parts in their

21   context."  *Phillips v. Desert Hospital District*, 49 Cal.3d 699 (1989).  Consequently, a demurrer

22   must be denied when the factual allegations state a cause of action but the defendant contests their

23   accuracy.  *Committee on Children's Television, Inc. v. General Foods Corp, supra.*

24        In a Business & Professions Code section 17200 case, such as this, the facts will be

25   construed in a light most unfavorable to defendants.  *Perdue v. Crocker Nat'l Bank*, 38 Cal.3d 913

26   (1985).  In such actions, the complaint will construed to uphold the action whenever possible.

27   *Motors, Inc. v. Times-Mirror, Co.*, 102 Cal.App.3d 735, 741 (1980).

28

3

### III.    DISPUTED FACTS CANNOT BE RESOLVED ON DEMURRER

As a threshold matter, TWC's entire demurrer questions whether Alpert's factual allegations are correct.  As TWC puts it, the FAC is "100% factually incorrect." Def.'s Memo at p.1:13.  Even if that were true, it is well settled that factual disputes are not resolved on demurrer.  *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d at 214.

Specifically, TWC argues that "the reduction in price" on Mr. Alpert's bill is the result of his election to purchase extra services as a single package rather than a la carte.  Def.'s Memo at p.3:21-23; p.12:11-19; p.13:7.  That conclusion by TWC is its own, is disputed by Alpert, and is not found anywhere in the FAC.[2]  To the contrary, in the FAC Alpert specifically alleges that the reduction in charges was because he called and complained that he was already paying for basic cable (FAC, ¶ 12), not because he "elected" to do anything – other than complain that he was being ripped off.  He did not change his service in any way; TWC simply corrected the error on his bill. FAC, ¶ 12.  TWC's argument that there was some other reason Alpert's bill changed is a disputed fact that cannot possibly be resolved in a demurrer.

Likewise, TWC argues throughout its demurrer that it "never charged" Alpert for basic cable.  Def.'s Memo at p.8:11.  This core argument is repeated page after page in TWC's papers.  That argument is flatly contradicted by not only the allegations of the FAC, but by the billing statements and Subscriber Agreement attached to it as Exhibits.  For example, the FAC makes plain that TWC was charging Alpert for basic cable through Alpert's HOA.  The FAC at ¶ 7 specifically alleges that "[i]t is estimated that [Alpert's] monthly payment to TIME WARNER for basic cable which is paid through his HOA dues is approximately $ 28.77.".

Likewise, the Subscriber Agreement states that each unit is to be charged the fee of $ 28.77 payable to TWC.  FAC, Ex. A.  Similarly, the December 2006 billing statement specifically states that TWC was charging Alpert for basic cable.  FAC, Ex. C ["Hoa Standard Service"].

---

[2]  For example, TWC argues that its December 12, 2006 billing statements (FAC, Ex C) shows "Hoa DIGIPiC Trio" and that the "implication" is that this is special HOA pricing of a bundle of services.  Def.'s Memo at p.12:9.  Alpert's counsel was unable to find any case, and TWC cites none, granting a demurrer based upon an "implication," particularly when the "implication" suggested is contrary to the allegations pleaded.

4

1     Thus, whether the Court looks to the FAC itself or to the supporting Exhibits, the result is

2     the same: Alpert has sufficiently pleaded that TWC was charging him for basic cable.  If TWC

3     disagrees with that fact, they may certainly do so – but not on a demurrer where the pleadings are

4     presumed correct and factual disputes cannot be resolved, and particularly in this case where the

5     allegations are fully supported by the Exhibits attached thereto.

6     **IV. THE CLRA BASED CLAIMS ARE SUFFICIENTLY PLEADED**

7     TWC argues that CC Section 1770(a)(3)[which prohibits misrepresentations concerning the

8     affiliation, connection, or association with, another] and CC Section 1770(a)(13)[which prohibits

9     making false or misleading statements concerning the reasons for, existence of, or amounts of price

10    reductions] do not apply here because the FAC does not allege an affirmative representation

11    concerning its affiliation, connection, or association with Alpert's HOA or the reasons for, or

12    amounts of price discounts.  Def.'s Memo at p.8:1-3.  TWC is wrong.

13    At ¶ 15, the FAC specifically states that TWC "systematically misinforms consumers like

14    ALPERT that the reason his cable bill is being reduced after complaint to TIME WARNER is

15    because of purported 'bundling' of services, when the real reason is because TIME WARNER is

16    already collecting fees on behalf of such consumers from the HOA for basic cable services."]; see

17    also ¶ 29(f) FAC ["the reason a cable bill is being reduced after complaint to TIME WARNER

18    because of purported 'bundling' of services, when the real reason is because of the HOA pricing to

19    which ALPERT and the HOA Residents were entitled all along."]

20    Likewise, Alpert's original billing statement (FAC, Ex. B) does not disclose the

21    relationship between TWC and Alpert's HOA, whereas after he complained, TWC's bill suddenly

22    *does* disclose the relationship by referencing an HOA – along with a hefty reduction in charges for

23    exactly the same services provided.  FAC, Ex. C.

24    TWC also argues that CC Section 1770(a)(19) does not apply since it is not unconscionable

25    to require consumers to object to their bill within 30 days.  Def's Memo at p.8:15 – 9:11.  That is

26    not Alpert's claim.  Alpert's claim is not based solely on the bill's 30 day limitation, but also on the

27

28

5

1    fact that TWC takes no responsibility for the accuracy of its own billing statements.  FAC, ¶ 24

2    ["TIME WARNER disclaims any liability for erroneous billing statements while limiting the

3    subscriber to 30 days to discover TIME WARNER's overcharges.  This fact alone renders the 30

4    day "waiver" clause unconscionable on its face since TIME WARNER takes no responsibility for

5    the accuracy of prices charged for its own services."]  It is the fact that TWC disclaims the

6    accuracy of its billing statements *coupled with* the 30 day limitation that is unconscionable.

7         Curiously, TWC asks this Court to simply "believe" the accuracy of its billing statements

8    when TWC itself disclaims the accuracy of such statement in its online Subscriber Agreement:

9    "2.(j) ... I agree that TWC is not responsible or liable for the quality of any content, merchandise,

10   products or Services (*or the price thereof*) made available to me ..."  FAC, Ex. E (Emphasis

11   added).  Thus, TWC disclaims any liability for erroneous billing statements while limiting the

12   subscriber to 30 days to discover TWC's overcharges.  FAC, ¶ 24.  Unsurprisingly, TWC does not

13   address this allegation in its Motion because it necessarily undermines TWC's entire demurrer – a

14   Motion predicated on asking this Court to believe the unbelievable (TWC's billing statements), in

15   TWC's own words.

16        With regard to the procedure TWC requires its customers to follow to challenge a bill,

17   TWC argues in its demurrer that procedure is set forth in font that is the same size as other font on

18   the bill and that the placement of the language is reasonable.  Def.'s Memo at p.9:12-23.  But what

19   is "reasonable" is obviously a question of fact.

20        In *Schnall v. Hertz Corp.*, 78 Cal.App.4th 1144 (2000), the defendant's standard car rental

21   agreement required renters to choose either to purchase fuel from the defendant at the

22   commencement of the rental or pay a fuel service charge if they failed to return the car with a full

23   tank.  The complaint alleged the charge was an unfair business practice and the defendant unfairly

24   and fraudulently concealed/obscured the charge.  The Court of Appeal held the trial court erred in

25   dismissing the plaintiff's unfair business practice concealment claim as the per gallon rate was not

26   disclosed in the rental agreement but only in the rental record - a small and hard-to-read document

27   consisting of mainly indecipherable abbreviations, which raised an issue of fact as to whether a

28

1   reasonable customer would know of the charge. *Id.*, at pp.1163-1170. Thus, whether a disclosure

2   is, in fact, "reasonable" is a question of which cannot be resolved on demurrer.

3         TWC also argues that the CLRA requires that an action based upon omission must be

4   contrary to a representation made by the defendant or an omission of a fact that defendant was

5   required to disclose, citing *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal.App.4th 824

6   (2006). Def.'s Memo at p.8:6-8. In *Daugherty*, plaintiffs brought a nationwide class action lawsuit

7   alleging an automobile manufacturer breached its express warranties and violated federal and state

8   consumer protection laws, by failing to disclose an engine defect that did not cause malfunctions in

9   the automobiles until long after the warranty expired. Finding no breach of warranty and no

10  violation of federal or state statutes in the conduct alleged in the complaint, the court affirmed the

11  judgment of dismissal.

12        Significantly, in *Daugherty*, the problem complained of in the vehicles necessarily occurred

13  after the warranty period expired. Thus, the question was whether Honda had a duty to disclose

14  defects which may occur after the expiration of the warranty. The court concluded it did not.

15  "Honda's affirmative representations at the time of sale were its express warranties, as to which no

16  breach occurred." *Id.* at 836.

17        The *Daugherty* court states that nondisclosure is not actionable under the CLRA in the

18  absence of a related representation or disclosure obligation. *Id.* at 835. Here, the related

19  representation is that which is posted on TWC's own website for all to see: specific pricing of its

20  services without any disclosure whatsoever of pricing for HOA Residents where the HOA has an

21  existing contract with TWC. Obviously, any consumer that visits that website, including HOA

22  consumers, would conclude that the pricing listed applies to them since there is no disclaimer or

23  other indication that it would not. The representation of wrong pricing coupled with the

24  nondisclosure of the correct pricing applicable to HOA customers is a violation of the CLRA.

25        The other representation which supports the CLRA claim under the *Daugherty* analysis is

26  the monthly billing statement sent by TWC which the FAC alleges failed to account for, or even

27  disclose, the monthly basic cable fees Alpert and the other class members were already paying.

28

1  These two representations (TWC's website and the billing statements) would likely deceive a

2  Resident that what they are paying to TWC is correct when it was plainly an overcharge.

3       Moreover, TWC had an obligation to disclose to its HOA customers its HOA pricing. The

4  Subscriber Agreement obviously exists for the benefit of Residents, such as Alpert; not solely for

5  the benefit of TWC. There clearly would be no point in having a Subscriber Agreement at all if

6  Residents had to pay for standard/basic service once to their HOA who then pays TWC, and then

7  again to TWC – which is exactly what is alleged in the FAC. TWC's concealment of HOA pricing

8  from Residents is a violation of the CLRA.

9      **V.    TWC'S CONTRACT BASED ARGUMENTS HAVE NO MERIT**

10       TWC argues that obligating a party to a contract to provide notice of a dispute proximate to

11  the time of payment is embodied in the "voluntary payment doctrine" and is proper. But TWC

12  admits that for the doctrine to apply such payments be made "with knowledge of the facts." Def.'s

13  Memo at p.9:9; *Leahy v. Warden*, 163 Cal. 178, 181 (1912). Since the FAC makes clear that

14  Alpert had no knowledge of the facts, the "voluntary payment doctrine" is obviously irrelevant.

15  Payment made under false pretenses is not "voluntary."

16       TWC also objects to Alpert's claim that he is a third party beneficiary stating that a B&P

17  Code section 17200 claim cannot be based on a breach of contract. Def.'s Memo at p.10:19. That

18  too is wrong. In *Orkin Exterminating Co., Inc. v. FTC*, 849 F.2d 1354 (11th Cir. 1988), the FTC

19  successfully sued Orkin over systematic breach of a form contract used in hundreds of consumer

20  transactions.[3] Business practices that violate federal laws may be redressed under B&P Code

21  section 17200 (*Diaz v. Kay-Dix Ranch*, 9 Cal.App.3d 588, 591 (1970)) and such claims may be

22  brought to correct business practices that violate rules adopted by prior court decisions. *Bondanza*

23  *v. Peninsula Hospital & Medical Center*, 23 Cal.3d 260 (1979); *Garret v. Coast & Southern Fed.*

24  *Sav. & Asso'n*, 9 Cal.3d 731 (1973).

25       TWC also argues that Alpert did not sufficiently allege that TWC breached the contract.

26

27     [3] Decisions by federal courts in construing the FTC Act are "more than ordinarily persuasive" in guiding the California courts in construing Section 17200. *People ex rel. Mosk v.*

28  *National Research Co. of Calif.*, 201 Cal.App.2d 765, 772 (1962).

8

PLAINTIFF'S OPPOSITION TO DEFENDANT
TIME WARNER'S DEMURRER TO AND ALTNERNATIVE MOTION
TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

1   Def.'s Memo at p.10:25.  That is also wrong.  The contract, the defendant's breach, and damages

2   are all plainly alleged.  See, e.g., FAC, ¶¶ 29(g), 43.  Indeed, the entire FAC repeatedly states that

3   TWC overcharges Residents for basic cable.  TWC's objection that the FAC does not state these

4   facts, which is obviously the basis for the systematic breach of contract claim, is absurd.

5         **VI.    TWC'S CONDUCT WAS DECEPTIVE**

6         TWC argues that its business practices were not deceptive citing *Plotkin v. Sajahtera, Inc.*,

7   106 Cal.App.4th 953 (2003) (Def.'s Memo at p.13:27) for the proposition that reasonable notice

8   does not have to be the best possible notice.  Again, whether the notice given was "reasonable" or

9   not is a question for a trier of fact, not a question to be resolved on demurrer.

10        In *Plotkin*, an overnight guest initiated a civil class action against a hotel, alleging a

11  violation of B& P Code section 17200 and other causes of action, arising from defendant's alleged

12  failure to provide plaintiff with adequate notice of valet parking charges.  The *Plotkin* court

13  concluded that "[c]ommon sense dictates it would be unreasonable for someone availing himself of

14  valet parking at a hotel in the Los Angeles metropolitan area, much less Beverly Hills, not to

15  expect to pay for valet parking.  The ticket provides reasonable and advance notice of the charge.

16  Although a rate sign could arguably have been better notice, there is no requirement that reasonable

17  notice has to be the best possible notice.  Moreover, a potential parker could ask if there is a charge

18  or a self-parking lot and thus is not forced to use valet parking.  Accordingly, we agree with the

19  trial court that reasonable notice of the parking charge was provided and that the public was not

20  likely to be deceived." *Id.* at 966.

21        Here, no one reading Alpert's original bill (before he complained and it changed) would

22  have a clue that they were being charged a basic cable fee by TWC or that the Resident was

23  entitled to HOA pricing, which accounted for that fact, as a result.  It is not a matter of insufficient

24  notice – it is a matter of *no notice*.  And unlike *Plotkin* where no one was forced to use the valet

25  service, here, Residents were all <u>required</u> to pay TWC a fee through their HOA for basic cable.

26  FAC, Ex. A.  It was not an option.

27        Similarly, TWC also cites *Searle v. Wyndham Internat., Inc.*, 102 Cal.App.4th 1327 (2002)

28

9

1   for the proposition that not expressly advising a hotel's patrons that a service charge added to a

2   room bill was paid by the hotel to a server did not violate Section 17200. Searle argued that in

3   imposing the 17 percent service charge and failing to disclose to guests that the service charge is

4   then paid to the servers, Wyndham acted unfairly. The *Searle* court concluded that "[b]ecause the

5   service charge is mandatory and because the hotel is free to do with the charge it as it pleases, the

6   service charge is simply not a gratuity which is subject to the discretion of the individual patron."

7   *Id.* at 1335.

8       *Searle* did not involve an allegation of double charging or overcharging for the same

9   service, where Alpert's FAC does. The 17 percent service charge in *Searle* was charged and paid

10  only once. Moreover, unlike here, there was no allegation of overcharging in *Searle*, just an

11  objection to whom those monies were ultimately remitted.

12      Lastly, TWC argues that Alpert has "admitted that he was aware his billing statements

13  should not include a charge for basic cable" (Def.'s Memo at p.15:7) since Alpert knew his basic

14  cable fee paid to his HOA was then paid to TWC. Nowhere in the FAC does Alpert claim he knew

15  his billing statements "should not include a charge for basic cable." To the contrary: Alpert

16  contacted TWC because he did not see his basic cable fee accounted for in his billing statement –

17  obviously meaning he thought it *should* appear on the statement. Apparently even TWC disagrees

18  with its counsel's argument that "a charge for basic cable" should not appear on a billing statement

19  since, after Alpert complained, TWC itself included it in its subsequent billing statement. FAC,

20  Exhibit C ["Hoa Standard Service[4]"].

21      **VII.   CONCLUSION**

22      Even if TWC's argument that the FAC is "100% incorrect" was true, its demurrer and

23  motion to strike could not be granted. Factual disputes are not resolved on demurrer. The

24  allegations of the FAC are sufficient to state a cause of action against TWC and the Exhibits fully

---

26  [4] TWC argues that "[t]he billing statements show that Plaintiff was not and is not being

26  charged for basic cable." Def.'s Memo at p.14:12. Since plaintiff clearly *was* being charged for

27  basic cable in accordance with TWC's Subscriber Agreement, as Alpert's subsequent billing

27  statements likewise reveal, TWC is admitting to the Court that its previous billing statements were,

28  in fact, *deceptive*, since they "show that Plaintiff was not…being charged for basic cable."

10

1 | support those allegations.

2 |     TWC's demurrer should be denied.

3

4 | Dated: July 23, 2007

HENDERSON & CAVERLY LLP

Barron E. Ramos
Attorneys for plaintiff and the Class

11

1

**PROOF OF SERVICE**

2        I am employed in the County of San Diego, California. I am over the age of 18 years and

3    not a party to the within action. My business address is Henderson & Caverly LLP, P.O. Box

4    9144, 16236 San Dieguito Road, Suite 4-13, Rancho Santa Fe, California 92067.

5        On July 23, 2007, I served the following document:

6

7    **PLAINTIFF'S OPPOSITION TO DEFENDANT TIME WARNER'S DEMURRER TO,**

8    **AND ALTERNATIVE MOTION TO STRIKE, PLAINTIFF'S FIRST AMENDED**

9    **COMPLAINT**

    on the parties in this action by placing a true copy thereof in a sealed envelope, addressed as

10   follows:

11

12   Jeffrey M. Shohet                        *Attorneys for Time Warner Entertainment-*
     Julie L. Hussey                          *Advance NewHouse Partnership, A New York*
13   Carrie S. Dolton                         *General Partnership, Through its San Diego*
     **DLA PIPER US LLP**                      *Division d.b.a. Time Warner Cable*
14   401 B Street, Suite 1700
     San Diego, CA 92101-4297
15   Facsimile: (619) 699-2701

16

17   ☑    (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-
          class mail, for collection and mailing at Henderson & Caverly LLP, Rancho Santa Fe,
18        California, following ordinary business practices. I am familiar with the practice of
          Henderson & Caverly LLP for collection and processing of correspondence, said practice
19        being that in the ordinary course of business, correspondence is deposited in the United States
          Postal service the same day as it is placed for collection.
20

21   ☑    (BY FACSIMILE) I transmitted the above-listed document to the party listed above via
          facsimile. The transmission was reported complete and without error. The telephone number
22        of the facsimile machine I used was (858) 756-4732.

23

24       I declare under penalty of perjury under the laws of the State of California that the

     foregoing is true and correct.
25

26       Executed at Rancho Santa Fe, California on July 23, 2007.

27                                              _____
                                                Leia Villasenor
28   _____

                                    1                    CASE NO. GIC 881621
                                                         PROOF OF SERVICE

Nancy G. Henderson
(858) 756-6346
nhenderson@hcesq.com

Kristen E. Caverly
(858) 756-6345
kcaverly@hcesq.com

# Henderson
# & Caverly LLP

P.O. Box 9144
16236 San Dieguito Road, Suite 1-27
Rancho Santa Fe, California 92067

Tel: (858) 756-6342
Fax: (858) 756-4732
www.hcesq.com

*If you experience problems with this fax transmission, please call (858) 756-6342.*

| | | Number of Pages (including this page): | 13 |
|---|---|---|---|
| Date: | July 23, 2007 | | |
| To: | Jeffrey M. Shohet | Fax Number: | (619) 699-2701 |
| | Julie L. Hussey | | |
| | Carrie S. Dolton | | |
| | DLA PIPER US LLP | | |
| From: | Leia Villasenor | Client Number: | 1161.0002 |
| | Assistant to Kristen E. Caverly | | |

*Unless otherwise specified below, this facsimile will be the only form of delivery of the attachments.*

The attachment(s) will also be sent via:

O <u>Regular Mail</u>     O <u>Overnight Delivery</u>     O <u>Messenger</u>     O <u>Other</u>: _____

Attachments:     Plaintiff's Opposition to Defendant Time Warner's Demurrer to, and Alternative Motion To Strike, Plaintiff's First Amended Complaint.

Comments:

Please see attached for your review.  Thank you.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INTENDED RECIPIENT NAMED ABOVE. THIS FACSIMILE TRANSMISSION IS NOT INTENDED TO WAIVE THE ATTORNEY/CLIENT PRIVILEGE OR ANY OTHER PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY COPYING OF THIS COMMUNICATION OR DISSEMINATION OF IT TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE (CALL COLLECT) AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. WE GUARANTEE RETURN POSTAGE.

1 | JEFFREY M. SHOHET (Bar No. 067529)
2 | JULIE L. HUSSEY (Bar No. 237711)
   | CARRIE S. DOLTON (Bar No. 234298)
3 | **DLA PIPER US LLP**
   | 401 B Street, Suite 1700
4 | San Diego, CA 92101-4297
   | Tel: 619.699.2700
5 | Fax: 619.699.2701

**COPY**
**F I L E D**
Clerk of the Superior Court

JUL 2 7 2007

By: C. COROTTO, Deputy

6 | Attorneys for Defendant
7 | TIME WARNER ENTERTAINMENT-ADVANCE
   | NEWHOUSE PARTNERSHIP, A NEW YORK
   | GENERAL PARTNERSHIP, THROUGH ITS SAN
8 | DIEGO DIVISION, DBA TIME WARNER CABLE

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| LEON ALPERT, an individual, on behalf of himself, on behalf of all those similarly situated, and on behalf of the general public,<br><br>        Plaintiffs,<br><br>    v.<br><br>TIME WARNER CABLE, INC., a Delaware corporation, and DOES 1 TO 100,<br><br>        Defendants. | CASE NO. GIC881621<br><br>**DEFENDANT TIME WARNER ENTERTAINMENT-ADVANCE NEWHOUSE PARTNERSHIP, THROUGH ITS SAN DIEGO DIVISION, DBA TIME WARNER CABLE'S REPLY IN SUPPORT OF ITS DEMURRER TO AND ALTERNATIVE MOTION TO STRIKE PORTIONS OF PLAINTIFF LEON ALPERT'S FIRST AMENDED COMPLAINT**<br><br>Date:     August 3, 2007<br>Time:    10:30 a.m.<br>Dept:    63<br>Judge:   Luis R. Vargas<br><br>Complaint: March 13, 2007<br>FAC:     May 16, 2007 |

DLA PIPER US LLP
SAN DIEGO

GT\6539353.3

DEFENDANT'S REPLY IN SUPPORT OF ITS DEMURRER/MOTION TO STRIKE PLAINTIFF'S FAC

1    Defendant Time Warner Entertainment-Advance Newhouse Partnership, a New York

2    general partnership, through its San Diego Division, dba Time Warner Cable ("TWC"), sued

3    erroneously as Time Warner Cable, Inc., respectfully submits this Reply Memorandum of Points

4    and Authorities in Support of Its Demurrer to or, in the Alternative, Motion to Strike Portions of

5    Plaintiff Leon Alpert's ("Plaintiff") First Amended Complaint ("FAC").

6    **I.    INTRODUCTION.**

7        The facts are clear - the only issue to litigate in this demurrer is whether the parties must

8    engage in wasteful class action litigation before the case must be dismissed or whether the issue

9    can be resolved at the pleading stage. Thankfully, the record is sufficient to resolve the issue on a

10    demurrer as the documents that clearly show the facts are attached to Plaintiff's FAC – Plaintiff's

11    billing statements. As TWC argued in its moving papers, Plaintiff is 100% factually incorrect.

12    There are no disputed facts because Plaintiff's allegations are 100% contradicted by the exhibits

13    attached to the FAC.

14        The billing statements and other exhibits that are part of the Plaintiff's FAC flatly

15    contradict Plaintiff's unsupported allegation that TWC charged him for basic cable service that

16    was provided to him through his homeowner's association ("HOA"), and conclusively

17    demonstrate the true facts – that his bill changed because he switched to a billing plan that

18    included a bundled discount. Plaintiff's Opposition does nothing to cure these, and other,

19    deficiencies noted by TWC moving papers.

20        Furthermore, there is no factual basis for the filing of the FAC. The FAC is entirely built

21    on assumption, speculation and conjecture. It is, of course, Plaintiff's obligation to state facts

22    demonstrating the essential facts of his FAC. Rather than do so, he relies solely on his argument

23    that his monthly bill was lowered after he had a conversation with his cable provider as somehow

24    proof that TWC charged him for basic cable service that was provided to him through his HOA.

25    A FAC like this, one that is replete with conclusory statements of both fact and law, as well as

26    improper contentions and deductions, is fatally deficient.

27        Therefore, TWC respectfully requests that the Court sustain without leave to amend its

28    demurrer to Plaintiff's FAC. Alternatively, if the Court determines that Plaintiff has stated a

1  claim as to any of the "prongs" of Section 17200, Defendant moves to strike the allegations as to

2  the "prongs" for which Plaintiff fails to state a claim.

3  **II.    THE COMPLAINT AS A WHOLE FAILS TO MEET MINIMUM PLEADING**
        **REQUIREMENTS.**
4

5          As stated in the moving papers, the FAC fails to state sufficient facts to support any cause

6  of action against TWC for violation of California Business & Professions Code section 17200, *et*

7  *seq.* ("Section 17200"). Plaintiff fails to allege the necessary facts and elements of his claims.

8  Instead, the FAC is replete with conclusory statements of both fact and law, as well as improper

9  contentions and deductions. The FAC is entirely built on conjecture and speculation.

10         More importantly, the fundamental flaw in the FAC is that the allegations in the FAC are

11  directly contradicted by the facts in the exhibits attached to the FAC. The law is clear that courts

12  "rely on and accept as true the contents of the exhibits and treat as surplusage the pleader's

13  allegations as to the legal effect of the exhibits." *Barnett v. Fireman's Fund Ins. Co.*, 90 Cal.

14  App. 4th 500, 505 (2001) (citing *Weitzenkorn v. Lesser*, 40 Cal. 2d 778, 785 (1953); *Dodd v.*

15  *Citizens Bank of Costa Mesa*, 222 Cal. App. 3d 1624, 1627 (1990)). For example, in a breach of

16  contract case where a Plaintiff alleges in the complaint that Defendant agreed to do "X, Y, and Z"

17  and attached to the complaint is the contract which clearly does not say that Defendant agreed to

18  do "X, Y, and Z," the court must ignore the inconsistent allegations and must look at the

19  document attached to the complaint.

20         In Plaintiff's FAC, Plaintiff alleges that TWC charged him for basic cable service, and

21  that he should not have been charged, as basic cable service was being provided to him through

22  his HOA. Plaintiff attaches to his FAC his billing statements which clearly show that TWC did

23  not charge him for basic cable service that was being provided to him through his HOA. The

24  court must ignore Plaintiff's inconsistent allegations and must look at the documents attached to

25  the complaint.

26         Furthermore, contrary to Plaintiff's statement that a demurrer may not be based upon an

27  implication, a court treats as true not only the complaint's material factual allegations, but also

28  facts that may be implied or inferred from those expressly alleged. *Poseidon Development, Inc. v.*

1    *Woodland Lane Estates, LLC,* 62 Cal. Rptr. 3d 59 (2007) (citing *Amarel v. Connell*, 202 Cal.

2    App. 3d 137, 141 (1988)).  Similarly a court treats as true not only those facts as attached in an

3    exhibit, but also those facts which may be implied or inferred from those facts.  The exhibits

4    clearly show that the price decrease that Plaintiff experienced is nothing more than the bundled

5    price discount and does not reflect that Plaintiff was previously charged for basic cable service

6    that was being provided to him through his HOA.

7    **III.    THE FAC FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION FOR VIOLATIONS OF SECTION 17200.**

8

9         A plaintiff alleging a cause of action under the Business and Professions Code section

10    17200 *et seq.* "must state with reasonable particularity the facts supporting the statutory elements

11    of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993)

12    (demurrer to a Business and Professions Code section 17200 claims sustained because a plaintiff

13    failed to "describe with any particularity the facts supporting the violation").  As already

14    explained in detail in TWC's moving papers, Plaintiff failed to plead his section 17200 claim.

15         In opposition to TWC's moving papers, Plaintiff merely repeats allegations from his FAC,

16    which TWC has already argued are not sufficient to constitute a cause of action for violations of

17    section 17200.  Repeating conclusory statements of both fact and law, as well as improper

18    contentions and deductions, does not fix the fundamental flaw in Plaintiff's FAC that there is no

19    factual basis for this lawsuit.  Plaintiff's allegations fail to state any unlawful, unfair or fraudulent

20    act that would support his section 17200 cause of action against TWC.  Accordingly, a demurrer

21    is appropriate.

22         **A.    The FAC Fails to State Facts Sufficient to Constitute a Cause of Action for "Unfair" Business Practices.**

23

24         Plaintiff claims that a "cursory reading" of the billing statement shows that TWC charged

25    Plaintiff for basic cable.  (Opposition 2:4-6.)  However, a careful review of the billing statements

26    proves just the opposite – that TWC has never charged Plaintiff for basic cable service that is

27    covered by the HOA agreement.  Moreover, a careful review of the billing statements shows that

28    /////

1    the billing statements are not, as Plaintiff alleges, impossible to discern and do not, as Plaintiff

2    alleges, contradict each other.

3        Plaintiff argues in his Opposition that the February 12, 2006 billing statement "fails to

4    disclose payment for basic cable – that is the point of this lawsuit." There is no itemized monthly

5    charge listed for basic cable on Plaintiff's February 12, 2006 billing statement for the simple fact

6    that TWC did not charge Plaintiff for basic cable service that is covered by the HOA agreement.

7    A careful review of the billing statement shows that each itemized monthly charge for the extra

8    services he purchased adds up to the total payment due. **On this critical issue on which Plaintiff**

9    **carries the burden of proof (whether he was charged for basic cable services that are**

10   **covered by the HOA), Plaintiff offers nothing but assumption, speculation, and conjecture.**

11       Plaintiff also argues in his Opposition that the December 12, 2006 billing statement is

12   somehow proof that TWC charged Plaintiff for basic cables that are covered by the HOA

13   agreement. (Opposition 2:4-6.) But this argument is nonsensical. Plaintiff is not alleging TWC

14   charged him for basic cable on his December 12, 2006 billing statement. (FAC ¶ 16.) Rather,

15   Plaintiff alleges that the December 12, 2006 billing statement is correct and properly reflects his

16   HOA pricing. (*Id.*) **Again, Plaintiff's fails to satisfy his pleading burden on the essential**

17   **issue of whether TWC charged him for basic cable services that are covered by the HOA.**

18   His conclusory allegations are inconsistent with the exhibits attached to the FAC and must be

19   disregarded.

20       **B.**    **The FAC Fails to State Facts Sufficient to Constitute a Cause of Action**

21              **for "Deceptive" Business Practices.**

22       As already explained in detail in TWC's moving papers and above, the billing statements

23   clearly show that TWC did not charge Plaintiff for basic cable services that are covered by his

24   HOA. Plaintiff's allegations that TWC "deceptively overcharged" him are directly contradicted

25   by the billing statements and must be disregarded.

26       Additionally, Plaintiff does not refute TWC's assertion in its moving papers that the

27   "deceptive" prong of Section 17200 does not impose an affirmative obligation for businesses to

28   provide the "best possible notice" to prevent misleading of the public. *Plotkin v. Sajahtera, Inc.*,

1   106 Cal. App. 4th 953, 966 (2003). Plaintiff rather attempts, but fails, to distinguish the case

2   cited by TWC its moving papers from his lawsuit by arguing that TWC provided no notice that

3   Plaintiff was entitled to HOA pricing. This argument is nonsensical. First, Plaintiff knows (or

4   should know) that he was entitled to HOA pricing as Plaintiff knows (or should know) the terms

5   of his contract with his HOA. Plaintiff even alleges in the FAC that he "pays a fee that covers

6   basic cable services pursuant to an agreement between [TWC] and [Plaintiff]'s HOA." Plaintiff's

7   knowledge that he was entitled to HOA pricing completely undermines his argument that TWC

8   provided no notice to Plaintiff of HOA pricing.

9      Second, Plaintiff argues that "no one reading Alpert's original bill (before he complained

10  and it changed) would have a clue that they were being charged a basic cable fee by TWC."

11  (Opposition 9:21-23.) This argument is also nonsensical in light of the facts shown in the billing

12  statements – TWC never charged Plaintiff a basic cable fee on his original (February 12, 2006)

13  bill statement. And third, as the *Plotkin* case noted, "a potential parker could ask if there is a

14  charge or a self-parking lot." 106 Cal. App. 4th at 966. Likewise, Plaintiff could have simply

15  asked if there was special pricing for HOA subscribers, especially in light of the fact that Plaintiff

16  alleges Plaintiff's HOA agreement with TWC "require[e] the HOA to affirmatively market

17  [TWC]'s services and products to its members." (FAC ¶ 8.) Accordingly, Plaintiff's cause of

18  action for deceptive business practices fails.

19     **C.   The FAC Fails to State Facts Sufficient to Constitute a Cause of Action
            for "Unlawful" Business Practices.**
20

21     **1.   The FAC Fails to State Facts Sufficient to Support a Cause of Action
               Based on a Violation of Civil Code Sections 1770(a)(3), (13) and (19).**

22     As shown in TWC's moving papers, Plaintiff cannot state a cause of action under any

23  causes of action borrowing violations of the Consumer Legal Remedies Act ("CLRA").

24  Specifically, Plaintiff still fails to state facts sufficient to support a cause of action based on a

25  violation of the California Civil Code sections 1770(a)(3), (13), and (19). First, Plaintiff did not

26  allege an essential element of a CLRA claim – that the alleged misrepresentation or omission was

27  intended by TWC to result in Plaintiff purchasing cable services. Cal. Civ. Code § 1770(a)

28  (Section 1770(a) proscribes specified acts or practices "in a transaction intended to result or

1   which results in the sale or lease of goods or services to any consumer....")  For this reason alone,

2   each of Plaintiff's causes of action borrowing violations of the CLRA fails.

3     Second, Plaintiff's attempts to characterize the facts as including misrepresentations or

4   disclosure obligations by TWC fail.  Plaintiff's allegations suggest, without any basis or support,

5   that TWC has some undefined duty to disclose on its website the contract specific terms of each

6   of its bulk agreements with HOA's.  Plaintiff knows (or should know) the terms of the contracts

7   with his own HOA, and there is no basis to suggest that TWC had any obligations to publish

8   those terms to the cable community at large.

9     As to Plaintiff's claim under section 1770(a)(19), which proscribes "[i]nserting an

10  unconscionable provision in the contract," Plaintiff claims that TWC disclaims any liability for

11  erroneous billing statements and therefore the court cannot rely on the accuracy of the billing

12  statements.  TWC does not disclaim liability for erroneous billing statements.  Plaintiff selectively

13  quotes a portion of Section 2(j) of the Time Warner Cable Residential Services Subscriber

14  Agreement (FAC Ex. E).  The context of section 2(j) is that TWC is giving notice to consumers

15  that some of the cable and cable related services offered to consumers may be provided by third

16  parties and for which there may be charges payable to third parties.  Within this context, TWC

17  disclaims responsibility and liability for "the quality of any content, merchandise, products or

18  Services (or the price thereof) made available to me via the Services, for the representations or

19  warranties made by the seller or manufacturer or any such item, or for damage to or injury, if any,

20  resulting from the use of such item."  The disclaimer is not for the accuracy of billing statements

21  as a whole, but rather for individual prices of content, merchandise, products or Services.  This

22  type of disclaimer is necessary when TWC is providing cable and cable related services which

23  may be payable to third parties affiliated with TWC.  Moreover, it is a common and reasonable

24  business practice especially appropriate where the charges may vary from month to month and

25  Plaintiff is in the best position to know whether the charges accurately reflect the services he

26  ordered during a specific period.

27  /////

28    Additionally, contrary to Plaintiff's assertion that "whether a disclosure is, in fact,

1    'reasonable' is a question of which cannot be resolved on demurrer" (Opposition 7:1-2), courts

2    can and do, sustain demurrers on questions of "reasonableness." For example, in *Shvarts v.*

3    *Budget Group*, 81 Cal. App. 4th 1153 (2000), the Court of Appeal addressed a case involving a

4    similar refueling charge to the one at issue in the case cited by Plaintiff, *Schnall v. Hertz Corp.*,

5    78 Cal. App. 4th 1144 (2000). Like *Schnall*, *Shvarts* involved a class action by car renters against

6    a car rental corporation, alleging unfair business practices based on refueling charges for rental

7    cars returned without full gas tanks. But unlike *Schnall*, the court in *Shvarts* held that the trial

8    court properly sustained defendant's demurrer without leave to amend. The court distinguished

9    *Schnall* from *Shvarts* by stating that in *Shvarts*, the charge was "clearly printed on the first page

10   of the rental agreement" unlike the per gallon rate in *Schnall* which was "not disclosed in the

11   rental agreement but only in the rental record, a small and hard-to-read document consisting for

12   the most part of indecipherable abbreviations." *Id.* at 1164.

13       Here, like *Shvarts*, the contract provision at issue is clearly printed on the first page of the

14   billing statement. It is set forth in font that is the same size as the rest of the text in the same area

15   on the billing statement. The placement of the language is in a logical part of the billing

16   statement directly below an all caps and underlined title "ABOUT YOUR TIME WARNER

17   CABLE AGREEMENT." And the language from the billing statement is clear and unambiguous.

18   Therefore this court can and should determine that the provision was reasonable.

19       Furthermore, the contract provision is not only reasonable, but it is also lawful. The

20   voluntary payment doctrine includes a concept that one cannot complain about making a payment

21   when one is negligent in performing research about the payment. *See, e.g., Sierra Inv. Corp. v.*

22   *Sacramento County*, 252 Cal. App. 2d 339, 342 n.3 (1967); *McMillan v. O'Brien*, 219 Cal. 775,

23   782 (1934). Here, the billing statements clearly state what services are being offered and what

24   the amount of those services are. Plaintiff had an opportunity to review his bill and inquire as to

25   the amounts charged. Plaintiff cannot pay the bill without any inquiry, and then later complain

26   about it.

27   /////

28

DEFENDANT'S REPLY IN SUPPORT OF ITS DEMURRER/MOTION TO STRIKE PLAINTIFF'S FAC

1    2.     **The FAC Fails to State Facts Sufficient to Support a Cause of Action Based on Breach of Contract.**

2

3         Plaintiff's FAC is premised on the erroneous theory that in allegedly breaching its contract

4    with Plaintiff's HOA, TWC had committed unlawful acts in violation of Section 17200. This

5    theory has been tested, and barred, by various section 17200 cases rejecting attempts to affix a

6    section 17200 label on private contractual disputes. *See, e.g., Cortez v. Purolator Air Filtration*

7    *Products,* 23 Cal. 4th 163, 173 (2000) (UCL "is not an all-purpose substitute for a tort or contract

8    action"); *Kraus v. Trinity Mgmt. Services, Inc.,* 23 Cal. 4th 116, 134 (2000) (citing prior cases that

9    "distinguished a UCL claim from claims based on breach of contract or fraud").

10        Plaintiff cites to an Eleventh Circuit case analyzing section 5 of the FTC Act which is

11    neither controlling nor determinative. California courts are the "ultimate arbiters of the meaning

12    and scope of [section 17200], just as the federal courts are the ultimate arbiters of the meaning

13    and scope of section 5 and the FTC's authority under it." *Cel-Tech Communications v. Los*

14    *Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 186 (1999).

15        As the court made clear in *Silicon Knights, Inc. v. Crystal Dynamics, Inc.,* 983 F. Supp.

16    1303, 1316 (N.D. Cal. 1997), a section 17200 claim must "state with reasonable particularity the

17    facts supporting the statutory elements of the violation," quoting *Khoury v. Maly's of California,*

18    *Inc.,* 14 Cal. App. 4th 612, 619 (1993), in which the court affirmed dismissal of a UCL claim

19    predicated, among other things, on a theory that, as Plaintiff claims here, a breach of contract

20    constituted a section 17200 claim. Thus, Plaintiff's conclusory assertion that the facts in the FAC

21    alleging a breach of contract somehow fulfill the pleading obligations of the "unlawful" prong is

22    erroneous.

23    **IV.     CONCLUSION.**

24        Plaintiff has failed to allege facts to support the fundamental premise of all of his claims –

25    that he was charged for basic cable service that was already provided by his HOA. In fact, the

26    opposite is shown by the billing statements he attached to his FAC. For the reasons stated, TWC

27    respectfully requests that the Court sustain its demurrer to Plaintiff's FAC without leave to

28    amend. Alternatively, to the extent that the Court is persuaded that no claim has been stated as to

1  certain "prongs" of Section 17200, the Court should grant the motion to strike the relevant

2  portions of the FAC.

3  Dated: July 27, 2007

DLA PIPER US LLP

By _____
    JEFFREY M. SHOHET
    JULIE L. HUSSEY
    CARRIE S. DOLTON
    Attorneys for Defendant
    TIME WARNER ENTERTAINMENT-
    ADVANCE NEWHOUSE PARTNERSHIP,
    A NEW YORK GENERAL PARTNERSHIP,
    THROUGH ITS SAN DIEGO DIVISION,
    DBA TIME WARNER CABLE

DLA PIPER US LLP
SAN DIEGO

GT\6539353.3

-9-

DEFENDANT'S REPLY IN SUPPORT OF ITS DEMURRER/MOTION TO STRIKE PLAINTIFF'S FAC

JEFFREY M. SHOHET (Bar No. 067529)
JULIE L. HUSSEY (Bar No. 237711)
CARRIE S. DOLTON (Bar No. 234298)
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

**COPY**

F I L E D
Clerk of the Superior Court

JUL 2 7 2007

By: C. COROTTO, Deputy

Attorneys for Defendant
TIME WARNER CABLE, INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| LEON ALPERT, an individual, on behalf of himself, on behalf of all those similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>TIME WARNER CABLE, INC., a Delaware corporation, and DOES 1 TO 100,<br><br>Defendants. | CASE NO. GIC881621<br><br>**PROOF OF SERVICE**<br><br>Date        June 1, 2007<br>Time        1:30 p.m.<br>Dept:       74<br>Judge:      Linda B. Quinn<br><br>Complaint:  March 13, 2007 |

SD\1735197.1
325566-11

LA PIPER US LLP
SAN DIEGO

PROOF OF SERVICE

1    I am a resident of the State of California, over the age of eighteen years, and not a party to

2    the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San

3    Diego, California 92101. On July 27, 2007, I served the within document(s):

4    **DEFENDANT TIME WARNER ENTERTAINMENT-ADVANCE NEWHOUSE
     PARTNERSHIP, THROUGH ITS SAN DIEGO DIVISION, DBA TIME WARNER
5    CABLE'S REPLY IN SUPPORT OF ITS DEMURRER TO AND ALTERNATIVE
     MOTION TO STRIKE PORTIONS OF PLAINTIFF LEON ALPERT'S FIRST
6    AMENDED COMPLAINT**

7    ☒    by transmitting via facsimile the document(s) listed above to the fax number(s) set
          forth below on this date before 5:00 p.m.
8

9    ☒    by placing a sealed envelope or package designated by UPS, with delivery fees
          paid or provided for, a true copy of each documents(s) above, in DLA Piper US
10        LLP's mail room for collection, processing and delivery this same day to a deposit
          box or other facility regularly maintained by the express service carrier, or
11        delivered to an authorized courier or driver authorized by the express service
          carrier to receive documents. I further declare that I am readily familiar with the
12        business' practice for collection and processing of correspondence for delivery
          with express service carriers (i.e., FedEx, DHL, etc.); and that the correspondence
13        shall be deposited with an express service carrier this same day in the ordinary
          course of business, to each addressee as set forth below.
14

15   ☐    by placing the document(s) listed above in a sealed envelope with postage thereon
          fully prepaid, in the United States mail at San Diego, California addressed as set
16        forth below.

17   ☐    by personally delivering the document(s) listed above to the person(s) at the
          address(es) set forth below.
18

19   Barron E. Ramos, Esq.
     Kristen E. Caverly
20   Henderson & Caverly LLP
     P.O. Box 9144
21   16236 San Dieguito Road, Suite 4-13
     Rancho Santa Fe, CA 92067
22   Phone: (858) 756-6342
     Fax: (858) 756-4732

23

24   I am readily familiar with the firm's practice of collection and processing correspondence

25   for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

26   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

27   motion of the party served, service is presumed invalid if postal cancellation date or postage

28   meter date is more than one day after date of deposit for mailing affidavit.

LA PIPER US LLP
SAN DIEGO

SD\1735197.1                                    -2-
325566-11

PROOF OF SERVICE

1    I declare under penalty of perjury under the laws of the State of California that the above

2  is true and correct.

3    Executed on July 27, 2007, at San Diego, California.

4

5    Sarah Van

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA PIPER US LLP
SAN DIEGO

SD\1735197.1
325566-11

-3-

PROOF OF SERVICE



DLA Piper US LLP
401 B Street, Suite 1700
San Diego, California 92101-4297
www.dlapiper.com

Carrie S. Dolton
carrie.dolton@dlapiper.com
**T** 619.699.2859
**F** 619.764.6659

# Fax Transmission Cover Sheet

**July 27, 2007**

| To | Telephone | Fax Number |
|---|---|---|
| **Barron E. Ramos**<br>**Henderson & Caverly LLP** | | **858-756-4732** |

| From: | Carrie S. Dolton<br>619.699.2859 | Client-Matter Number: | 325566-11 |
|---|---|---|---|
| Re: | Leon Alpert, et al. v. Time Warner Cable, Inc., et al. | | |
| Pages: | - _14_ - (including this form) | Originals: | will follow via overnight mail |

**If there is a problem with this transmission, please call Sarah Van at 619-699-2770**

**Fax Operator/Ext.**

**Message:**

Please see attached.

### CONFIDENTIALITY NOTICE

This communication is ONLY for the person named above. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you are not the person named above, or responsible for delivering it to that person, be aware that disclosure, copying, distribution or use of this communication is strictly PROHIBITED. If you have received it in error, or are uncertain as to its proper handling, please immediately notify us by collect telephone and mail the original to us at the above address. Thank you.

(Form Rev. 8/02/04)

SD\1733133.1
325566-11

\* \* \*. COMMUNICATION RESULT REPORT ( JUL.27.2007  4:20PM ) \* \* \*

TTI   DLA PIPER US LLP 6196992701

| FILE MODE | OPTION | ADDRESS (GROUP) | RESULT | PAGE |
|-----------|--------|-----------------|--------|------|
| 830  MEMORY TX | | 918587564732 | OK : | P. 14/14 |

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL        E-2) BUSY
E-3) NO ANSWER                    E-4) NO FACSIMILE CONNECTION



**DLA Piper US LLP**
401 B Street, Suite 1700
San Diego, California 92101-4297
www.dlapiper.com

Carrie S. Dolton
carrie.dolton@dlapiper.com
T  619.699.2859
F  619.764.6659

# Fax Transmission Cover Sheet

**July 27, 2007**

| To | Telephone | Fax Number |
|----|-----------|------------|
| **Barron E. Ramos**<br>**Henderson & Caverly LLP** | | **858-756-4732** |

| From: | Carrie S. Dolton<br>619.699.2859 | Client-Matter Number: | 325566-11 |

Re:    Leon Alpert, et al. v. Time Warner Cable, Inc., et al.

Pages:  - 14 - (Including this form)    Originals:    will follow via overnight mail

**If there is a problem with this transmission, please call Sarah Van at 619-699-2770**

**Fax Operator/Ext.**

**Message:**

Please see attached.

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**HALL OF JUSTICE**

**TENTATIVE RULINGS - August   02, 2007**

EVENT DATE: 08/03/2007             EVENT TIME:  10:30:00 AM             DEPT.: C-63
JUDICIAL OFFICER: Luis R. Vargas

CASE NO.:   GIC881621
CASE TITLE: ALPERT VS TIME WARNER CABLE INC

CASE CATEGORY:    Civil - Unlimited                    CASE TYPE:   Business Tort

EVENT TYPE:  Demurrer / Motion to Strike
CAUSAL DOCUMENT/DATE FILED:    Demurrer, 06/20/2007

---

Defendant Time Warner Cable's Demurrer to and Alternative Motion to Strike Portions of Plaintiff Leon Alpert's First Amended Complaint ("FAC") is overruled.

Section 17200 prohibits unlawful, unfair or fraudulent business acts or practices. Only one of these three elements must be met. In this case, Plaintiff has alleged sufficient facts to state a claim for violation of B&PC §17200, et seq. In addition, Defendant relies on the billing records as support their contention the FAC has no merit, however, it is unclear on the face of the billings records why the amounts billed changed between Exhibits B, C and D.

The Alternative Motion to Strike is denied. Preliminarily, the motion to strike should be filed as a separate motion. Secondarily, the court does not find the allegations are false, irrelevant or improper.

---

Event ID: 52483                       TENTATIVE RULINGS                       Calendar No.: 16
                                           Page: 1

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

Date: 08/07/2007                              Time: 10:30:00 AM          Dept: C-63

Judicial Officer Presiding:  Judge Luis R. Vargas

Clerk: Patricia Ashworth

Bailiff/Court Attendant: Derek  Sanders

ERM:

Reporter: Lois Elaine Mason
Case Init. Date: 03/13/2007
**Case No: GIC881621**                        Case Title: ALPERT vs TIME WARNER CABLE INC

Case Category: Civil - Unlimited          Case Type: Business Tort

---

Event Type: Demurrer / Motion to Strike

Moving Party: Time Warner Entertainment-Advance Newhouse Partnership

Causal Document & Date Filed: Demurrer,  06/20/2007

---

**Appearances:**

---

The Court, having taken the above-entitled matter under submission on 08/03/2007 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

Defendant Time Warner Cable's Demurrer to and Alternative Motion to Strike Portions of Plaintiff Leon Alpert's First Amended Complaint ("FAC") is overruled.

Section 17200 prohibits unlawful, unfair or fraudulent business acts or practices. Only one of these three elements must be met. In this case, Plaintiff has alleged sufficient facts to state a claim for violation of B&PC §17200, et seq. In addition, Defendant relies on the billing records as support their contention the FAC has no merit, however, it is unclear on the face of the billings records why the amounts billed changed between Exhibits B, C and D.

The Alternative Motion to Strike is denied. Preliminarily, the motion to strike should be filed as a separate motion. Secondarily, the court does not find the allegations are false, irrelevant or improper.

Judicial Officer Presiding:  Judge Luis R. Vargas

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 685-6064 |

PLAINTIFF(S) / PETITIONER(S):    LEON ALPERT

DEFENDANT(S) / RESPONDENT(S):    Time Warner Entertainment-Advance Newhouse Partnership

ALPERT VS TIME WARNER CABLE INC

| **NOTICE OF HEARING** | CASE NUMBER: |
|---|---|
| | GIC881621 |

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.  All inquiries regarding this notice should be referred to the court listed above.

| **TYPE OF HEARING** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 09/21/2007 | 10:00 am | C-63 | Luis R. Vargas |

Counsel: Check service list.  If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference.  (San Diego Local Rules, Division II, CRC Rule 212).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** ALPERT vs TIME WARNER CABLE INC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: GIC881621 |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at <u>San Diego</u>, California, on <u>08/15/2007</u>.

Clerk of the Court, by: _D. Hernandez_
D. Hernandez
, Deputy

BARRON E RAMOS
PO BOX 9144, 16236 SAN DIEGUITO RD STE 4-13
RANCHO SANTA FE, CA 92067-9144

Julie L. Hussey
401 B Street suite 1700
DLA PIPER US LLP
San Diego, CA 92101

08/24/2007  15:43   858-    4732          HENDERSON CAVE                    PAGE  02/03
AUG.24.2007   3:39PM    DLA PIPER US LLP 6196992701              NO.875   P.2

| | |
|---|---|
| 1 | JEFFREY M. SHOHET (Bar No. 067529)<br>JULIE L. HUSSEY (Bar No. 237711) |
| 2 | CARRIE S. DOLTON (Bar No. 234298)<br>**DLA PIPER US LLP** |
| 3 | 401 B Street, Suite 1700<br>San Diego, CA 92101-4297 |
| 4 | Tel: 619.699.2700<br>Fax: 619.699.2701 |

F I   L   E D
Clerk of the Superior Court

AUG 3 1 2007

By: P. ASHWORTH, Deputy

```
 5

 6   Attorneys for Defendant
     TIME WARNER CABLE, INC.
 7

 8               SUPERIOR COURT OF CALIFORNIA

 9                   COUNTY OF SAN DIEGO

10
```

| | | |
|---|---|---|
| 11 | LEON ALPERT, an individual, on behalf of himself, on behalf of all those similarly situated, and on behalf of the general public, | CASE NO.  GIC881621 |
| 12 | | **STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINE TO ANSWER COMPLAINT** |
| 13 | | |
| 14 | Plaintiffs, | |
| 15 | v. | Dept:      63<br>Judge:    Luis R. Vargas |
| 16 | TIME WARNER CABLE, INC., a Delaware corporation, and DOES 1 TO 100, | First Amended Complaint: May 16, 2007 |
| 17 | | |
| 18 | Defendants. | |

```
19

20

21

22

23

24

25

26

27

28
```

DLA PIPER US LLP
SAN DIEGO

SD\1758308.1
325566-11

STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINE TO ANSWER COMPLAINT

08/24/2007  15:43   858-     /32            HENDERSON CAVE              PAGE 03/03
AUG.24.2007  3:39PM   DLA PIPER US LLP 6196992701          NO.875   P.3

1    WHEREAS, the parties, through their respective counsel, appeared on August 3, 2007, for

2   a hearing on Defendant's Demurrer to and Alternative Motion to Strike Portions of Plaintiff's

3   First Amended Complaint;

4        WHEREAS, the Court issued its Order on August 7, 2007, overruling Defendant's

5   Demurrer and Alternative Motion to Strike Portions of Plaintiff's First Amended Complaint;

6        WHEREAS, Defendant did not receive written notice of the order in due course and only

7   learned of the order on August 21, 2007, when Defendants sent an attorney service to the Court to

8   obtain the order;

9        WHEREAS, Defendant seeks permission to file its Answer on September 5, 2007;

10       WHEREAS, Plaintiffs have agree to stipulate to such a filing schedule;

11       IT IS HEREBY STIPULATED AND AGREED by the parties that Defendant's Answer

12  shall be filed and served on or before September 5, 2007.

13

14  Dated: August 24, 2007

15                                DLA PIPER US LLP

16

17                                By _____
                                    JEFFREY M. SHOHET
18                                  JULIE L. HUSSEY
                                    CARRIE S. DOLTON
19                                  Attorneys for Defendant
                                    TIME WARNER ENTERTAINMENT-
20                                  ADVANCE NEWHOUSE PARTNERSHIP,
                                    A NEW YORK GENERAL PARTNERSHIP,
21                                  THROUGH ITS SAN DIEGO DIVISION,
                                    DBA TIME WARNER CABLE

22  Dated: August 24, 2007

23                                HENDERSON & CAVERLY

24

25                                By _____
26                                  BARRON E. RAMOS
                                    KRISTEN E. CAVERLY
27                                  Attorneys for Plaintiff LEON ALPERT

28

DLA PIPER US LLP          SDA1758308.1                      -1-
  SAN DIEGO               325566-11
                    STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINE TO ANSWER COMPLAINT

1   JEFFREY M. SHOHET (Bar No. 067529)
    JULIE L. HUSSEY (Bar No. 237711)
2   CARRIE S. DOLTON (Bar No. 234298)
    **DLA PIPER US LLP**
3   401 B Street, Suite 1700
    San Diego, CA 92101-4297
4   Tel: 619.699.2700
    Fax: 619.699.2701
5

6   Attorneys for Defendant
    TIME WARNER CABLE, INC.
7

F   I   L   E   D
Clerk of the Superior Court

AUG 3 1 2007

By: P. ASHWORTH, Deputy

8                   SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN DIEGO

10

11  LEON ALPERT, an individual, on behalf       CASE NO.  GIC881621
    of himself, on behalf of all those similarly
12  situated, and on behalf of the general       **PROOF OF SERVICE**
    public,
13                                               Dept:        63
                Plaintiffs,                      Judge:    Luis R. Vargas
14
        v.                                       First Amended Complaint: May 16, 2007
15
    TIME WARNER CABLE, INC., a
16  Delaware corporation, and DOES 1 TO
    100,
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN DIEGO

SD\1735197.1
325566-11

PROOF OF SERVICE

1      I am a resident of the State of California, over the age of eighteen years, and not a party to

2    the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700,

3    San Diego, California 92101. On August 31, 2007, I served the within document(s):

4    **STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINE TO ANSWER COMPLAINT**

5

6    ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

7

8    ☒    by placing a sealed envelope or package designated by UPS, with delivery fees paid or provided for, a true copy of each documents(s) above, in DLA Piper US LLP's mail room for collection, processing and delivery this same day to a deposit box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents. I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for delivery with express service carriers (i.e., FedEx, DHL, etc.); and that the correspondence shall be deposited with an express service carrier this same day in the ordinary course of business, to each addressee as set forth below.

9

10

11

12

13    ☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

14

15

16    ☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

17    Barron E. Ramos, Esq.
      Kristen E. Caverly
18    Henderson & Caverly LLP
      P.O. Box 9144
19    16236 San Dieguito Road, Suite 4-13
      Rancho Santa Fe, CA 92067
20    Phone: (858) 756-6342
      Fax: (858) 756-4732
21

22      I am readily familiar with the firm's practice of collection and processing correspondence

23    for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

24    day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

25    motion of the party served, service is presumed invalid if postal cancellation date or postage

26    meter date is more than one day after date of deposit for mailing affidavit.

27

28

DLA PIPER US LLP
San Diego

SD\1735197.1
325566-11

-2-

1        I declare under penalty of perjury under the laws of the State of California that the above

2 is true and correct.

3        Executed on August 31, 2007, at San Diego, California.

4

5                               Connie Garner

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
CIVIL BUSINESS OFFICE 12
COPY
2007 SEP -5 P 4: 11

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1    JEFFREY M. SHOHET (Bar No. 067529)
     JULIE L. HUSSEY (Bar No. 237711)
2    CARRIE S. DOLTON (Bar No. 234298)
     **DLA PIPER US LLP**
3    401 B Street, Suite 1700
     San Diego, CA 92101-4297
4    Tel: 619.699.2700
     Fax: 619.699.2701

5

6    Attorneys for Defendant
     TIME WARNER ENTERTAINMENT-ADVANCE/
7    NEWHOUSE PARTNERSHIP, A NEW YORK
     GENERAL PARTNERSHIP, THROUGH ITS SAN
8    DIEGO DIVISION, DBA TIME WARNER CABLE

9

10                 SUPERIOR COURT OF CALIFORNIA

                     COUNTY OF SAN DIEGO

11

12

| | |
|---|---|
| 13   LEON ALPERT, an individual, on behalf of himself, on behalf of all those similarly situated, and on behalf of the general public, | CASE NO. GIC881621 |
| 14 | **DEFENDANT TIME WARNER ENTERTAINMENT-ADVANCE/ NEWHOUSE PARTNERSHIP, THROUGH ITS SAN DIEGO DIVISION, DBA TIME WARNER CABLE'S ANSWER TO PLAINTIFF LEON ALPERT'S FIRST AMENDED COMPLAINT** |
| 15         Plaintiffs, | |
| 16         v. | |
| 17   TIME WARNER CABLE, INC., a Delaware corporation, and DOES 1 TO 100, | |
| 18 | Dept:       63 |
| 19         Defendants. | Judge:     Luis R. Vargas |
| 20 | Complaint: March 13, 2007 |
| | FAC:        May 16, 2007 |

21

22

23

24

25

26

27

28

1    Defendant Time Warner Entertainment-Advance/Newhouse Partnership, a New York

2 general partnership, through its San Diego Division, dba Time Warner Cable ("TWC"), sued

3 erroneously as Time Warner Cable, Inc., answers the unverified First Amended Complaint

4 ("FAC") of Leon Alpert ("Plaintiff"), individually and on behalf of all those similarly situated,

5 and on behalf of the general public as follows:

6                                **GENERAL DENIAL**

7    Pursuant to California Code of Civil Procedure section 431.30, TWC denies generally

8 and specifically each and every allegation contained in Plaintiff's unverified FAC. TWC further

9 denies that Plaintiff, individually and on behalf of all others similarly situated, sustained any

10 injuries or damages or is entitled to any of the relief sought in the FAC. TWC specifically denies

11 that Plaintiff, or any class member has been damaged in the manner alleged, or in the sum or

12 sums alleged or to be alleged, or in any many or sum, by any act of TWC.

13                              **AFFIRMATIVE DEFENSES**

14    As a further and separate answer to Plaintiff's FAC, and by way of affirmative defenses,

15 TWC alleges as follows:

16                           **FIRST AFFIRMATIVE DEFENSE**

17                    **(Failure to State a Claim for Section 17200)**

18    Plaintiff's claim for unlawful, unfair, and/or deceptive business practices fails to state

19 facts sufficient to constitute a cause of action against TWC under California Business and

20 Professions Code section 17200.

21                          **SECOND AFFIRMATIVE DEFENSE**

22                              **(Compliance with Law)**

23    Plaintiff's FAC fails to state a claim for unlawful conduct under Business & Professions

24 Code section 17200 because TWC completely complied with applicable law.

25                           **THIRD AFFIRMATIVE DEFENSE**

26                            **(Justification of Practices)**

27    TWC's business practices alleged in the FAC are not unfair, unlawful, or deceptive, or

28 otherwise within the meaning of Business & Professions Code section 17200 in that the practices,

1  if any, were justified because they were made in a good faith effort to protect TWC's legitimate

2  business interests.

### FOURTH AFFIRMATIVE DEFENSE

#### (Good Faith)

5     To the extent that any misstatements or omissions occurred as alleged by Plaintiff, and

6  TWC denies that any such misstatements or omissions occurred, TWC at all times acted in good

7  faith and did not directly or indirectly induce the making of any alleged misstatement or

8  omission.

### FIFTH AFFIRMATIVE DEFENSE

#### (Statutes Insufficiently Definite)

11     Plaintiff's claims are barred in whole or in part because the applicable statutes are

12  insufficiently definite to provide adequate or fair notice of the conduct proscribed in violation of

13  the Due Process Clause of the Fifth Amendment to the United States Constitution and Article 1,

14  Section 7 of the California Constitution.

### SIXTH AFFIRMATIVE DEFENSE

#### (Unconstitutionality / Due Process)

17     The California Unfair Business Practices Act (California Business & Professions Code

18  sections 17200 *et seq.*) is unconstitutional in that it violates the due process rights of TWC and/or

19  members of the general public.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Preemption)

22     Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the

23  Supremacy Clause of the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Mootness)

26     Plaintiff's claims for injunctive or other equitable relief are barred as moot in whole or in

27  part.

28  /////

1

## NINTH AFFIRMATIVE DEFENSE

2

### (Lack of Standing)

3

Plaintiff, or some of them, is not a real party-in-interest in this action.

4

## TENTH AFFIRMATIVE DEFENSE

5

### (Inability to Meet Requirements to Maintain Class Action)

6      Plaintiff cannot meet the requirements of Code of Civil Procedure section 382, Civil Code

7   section 1781 and corresponding case law to maintain a class action in that the purported class

8   does not have sufficient numerosity, common issues of law and fact do not sufficiently

9   predominate, the plaintiff class does not have sufficient commonality of injuries and damages, the

10  named Plaintiff does not adequately represent the Plaintiff's class, there is no benefit to litigants

11  and the Court in bringing this action as a class action, and class action status is not superior to

12  bringing this action in the normal course of the judicial system

13

## ELEVENTH AFFIRMATIVE DEFENSE

14

### (Statute of Limitations)

15

Plaintiff's claims, or some of them, are barred by applicable statutes of limitations.

16

## TWELFTH AFFIRMATIVE DEFENSE

17

### (Estoppel)

18      TWC alleges on information and belief that Plaintiff, or some of them, have engaged in

19  conduct and activities with respect to the matters alleged in the FAC by reason of which Plaintiff,

20  or some of them, are estopped to obtain the requested relief.

21

## THIRTEENTH AFFIRMATIVE DEFENSE

22

### (Waiver)

23      TWC alleges on information and belief that Plaintiff, or some of them, waived their right

24  to obtain the requested relief with respect to the matters alleged in the FAC.

25

## FOURTEENTH AFFIRMATIVE DEFENSE

26

### (Laches)

27      TWC alleges on information and belief that Plaintiff, or some of them, unreasonably and

28  inexcusably delayed in bringing this action and as a result of such delay, TWC is substantially

1    prejudiced, and by reason thereof Plaintiff, or some of them, are barred by the doctrine of laches

2    from obtaining the requested relief.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

5    Plaintiff, or some of them, failed to exercise reasonable care and diligence to avoid loss

6    and minimize damages and therefore they may not recover for losses which could have been

7    prevented by reasonable efforts on their part, or by expenditures which might reasonably have

8    been made; therefore their recovery, if any, should be reduced by the failure of them to mitigate

9    their damages, if any.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Knowledge of Plaintiff)

12    At the time Plaintiff, or some of them, purchased TWC's services as alleged in the FAC,

13    he had actual or constructive knowledge of facts alleged in the FAC and of facts concerning the

14    subject matter of the alleged untruths and omissions upon which liability is asserted in this action,

15    and made the purchases of services despite this knowledge.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (No Claim for Fees, Costs and Interest)

18    Plaintiff's FAC fails to state a claim against TWC upon which relief may be granted as to

19    costs, attorneys' fees, expenses, pre-judgment interest, post-judgment interest, disgorgement and

20    restitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Consent)

23    The facts alleged in Plaintiff's FAC if true (which TWC denies), were consented to,

24    ratified, accepted and confirmed by Plaintiff, any class members and/or the general public.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Voluntary Payment Doctrine)

27    Plaintiff's claims are barred by the voluntary payment doctrine because Plaintiff, or some

28    of them, voluntarily made payment to TWC, with knowledge of the necessary facts.

1    **TWENTIETH AFFIRMATIVE DEFENSE**

2    **(Right to Assert Additional Defenses)**

3       TWC presently has insufficient knowledge or information on which to form a belief as to

4    whether it may have additional, as yet unstated, defenses available.  TWC reserves the right to

5    assert additional affirmative defenses in the event that discovery and/or investigation indicates

6    that additional affirmative defenses would be appropriate.

7       WHEREFORE, TWC prays for judgment against Plaintiffs as follows:

8       1.    That Plaintiff takes nothing by way of their FAC;

9       2.    That TWC be awarded judgment in their favor and against Plaintiffs;

10      3.    That TWC be awarded costs of suit herein incurred;

11      4.    That TWC be awarded reasonable attorneys' fees to the maximum extent allowed

12   by law; and

13      5.    For such other and further relief as the Court deems just and proper.

14   Dated: September 4, 2007

15                                  DLA PIPER US LLP

16

17                                  By
18                                      JEFFREY M. SHOHET
                                        JULIE L. HUSSEY
19                                      CARRIE S. DOLTON
                                        Attorneys for Defendant
20                                      TIME WARNER ENTERTAINMENT-
                                        ADVANCE/NEWHOUSE PARTNERSHIP, A
21                                      NEW YORK GENERAL PARTNERSHIP,
                                        THROUGH ITS SAN DIEGO DIVISION,
22                                      DBA TIME WARNER CABLE

23

24

25

26

27

28

DLA PIPER US LLP
San Diego

GT\6543415.2

5

DEFENDANT TIME WARNER CABLE, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FAC

FILED
COPY
BUSINESS OFFICE 12
DIVISION
2007 SEP -5 P 4: 11
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  JEFFREY M. SHOHET (Bar No. 067529)
   JULIE L. HUSSEY (Bar No. 237711)
2  CARRIE S. DOLTON (Bar No. 234298)
   **DLA PIPER US LLP**
3  401 B Street, Suite 1700
   San Diego, CA  92101-4297
4  Tel:  619.699.2700
   Fax:  619.699.2701
5

6  Attorneys for Defendant
   TIME WARNER CABLE, INC.
7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SAN DIEGO

10

11 LEON ALPERT, an individual, on behalf     CASE NO.  GIC881621
   of himself, on behalf of all those similarly
12 situated, and on behalf of the general      **PROOF OF SERVICE**
   public,
13                                             Dept:      63
              Plaintiffs,                      Judge:     Luis R. Vargas
14
                                              First Amended Complaint: May 16, 2007
15     v.

16 TIME WARNER CABLE, INC., a
   Delaware corporation, and DOES 1 TO
17 100,

18            Defendants.

19

20

21

22

23

24

25

26

27

28
   SD\1735197.1
   325566-11

────────────────────────────────────

                    PROOF OF SERVICE

DLA PIPER US LLP
SAN DIEGO

1      I am a resident of the State of California, over the age of eighteen years, and not a party to

2    the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700,

3    San Diego, California 92101. On September 5, 2007, I served the within document(s):

4    **DEFENDANT TIME WARNER ENTERTAINMENT-ADVANCE/ NEWHOUSE
     PARTNERSHIP, THROUGH ITS SAN DIEGO DIVISION, DBA TIME WARNER
5    CABLE'S ANSWER TO PLAINTIFF LEON ALPERT'S FIRST AMENDED
     COMPLAINT**

6
     ☐      by transmitting via facsimile the document(s) listed above to the fax number(s) set
7           forth below on this date before 5:00 p.m.

8    ☐      by placing a sealed envelope or package designated by UPS, with delivery fees
            paid or provided for, a true copy of each documents(s) above, in DLA Piper US
9           LLP's mail room for collection, processing and delivery this same day to a deposit
            box or other facility regularly maintained by the express service carrier, or
10          delivered to an authorized courier or driver authorized by the express service
            carrier to receive documents. I further declare that I am readily familiar with the
11          business' practice for collection and processing of correspondence for delivery
            with express service carriers (i.e., FedEx, DHL, etc.); and that the correspondence
12          shall be deposited with an express service carrier this same day in the ordinary
            course of business, to each addressee as set forth below.
13

14   ☒      by placing the document(s) listed above in a sealed envelope with postage thereon
            fully prepaid, in the United States mail at San Diego, California addressed as set
15          forth below.

16
     ☐      by personally delivering the document(s) listed above to the person(s) at the
17          address(es) set forth below.

18       Barron E. Ramos, Esq.
         Kristen E. Caverly
19       Henderson & Caverly LLP
         P.O. Box 9144
20       16236 San Dieguito Road, Suite 4-13
         Rancho Santa Fe, CA 92067
21       Phone: (858) 756-6342
         Fax: (858) 756-4732
22

23      I am readily familiar with the firm's practice of collection and processing correspondence

24   for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

25   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

26   motion of the party served, service is presumed invalid if postal cancellation date or postage

27   meter date is more than one day after date of deposit for mailing affidavit.

28

DLA PIPER US LLP    SD\1735197.1                    -2-
   SAN DIEGO         325566-11
                            PROOF OF SERVICE

1       I declare under penalty of perjury under the laws of the State of California that the above

2   is true and correct.

3       Executed on September 5, 2007, at San Diego, California.

4   _____

5       Sarah Van

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **HENDERSON & CAVERLY LLP**
   Kristen B. Caverly (State Bar No. 175070)
2  P.O. Box 9144 (All U.S. Mail)
   16236 San Dieguito Road, Suite 4-13
3  Rancho Santa Fe, California 92067-9144
   Tel.: (858) 756-6342
4  Fax: (858) 756-4732

5  Attorneys for Plaintiffs

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                          **COUNTY OF SAN DIEGO**

10

11  LEON ALPERT, an individual,              ) Case No. GIC 881621
    on behalf of himself, on behalf of all those)
12  similarly situated, and on behalf of the general) **CLASS ACTION**
    public,                                  )
13                                           )
           Plaintiffs,                       ) NOTICE OF ASSOCIATION OF COUNSEL
14  v.                                       )
                                             )
15  TIME WARNER CABLE, INC., a Delaware) Case Filed: March 13, 2007
    corporation, and DOES 1 TO 100,          ) Dept: 63
16                                           ) Judge: Hon. Luis R. Vargas
           Defendants.                       ) Trial Date: None Set
17                                           )
                                             )
18                                           )
                                             )
19                                           )
                                             )
20                                           )
                                             )
21

22

23

24

25

26

27

28  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

                                    1

1     The law firm of HENDERSON & CAVERLY LLP, attorneys of record for the plaintiffs,

2 hereby associates the law firm of BARRON E. RAMOS, Attorney at Law, A Professional

3 Corporation, 132 N. El Camino Real, # 303, Encinitas, California 92024, Phone (858) 349-6019,

4 Fax (760) 994-1354, as co-counsel.

5

6 Dated: September _6_, 2007          HENDERSON & CAVERLY LLP

7

8                      By: _____

9                          Kristen E. Caverly

10

11     Above Association Accepted.

12 Dated: September _6_, 2007         BARRON E. RAMOS, ATTORNEY AT LAW

13

14

15                      By: _____

16                        Barron E. Ramos

                          Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. GIC 881621
NOTICE OF ASSOCIATION OF COUNSEL

1                                 **PROOF OF SERVICE**

2          I am employed in the County of San Diego, California. I am over the age of 18 years and

3   not a party to the within action. My business address is 132 N. El Camino Real, # 303, Encinitas,

4   California 92024.

5          On September 6, 2007, I served the following documents:

6

7                         **NOTICE OF ASSOCIATION OF COUNSEL**

8                         **CASE MANAGEMENT STATEMENT**

9   on the parties in this action by placing a true copy thereof in a sealed envelope, addressed as

10  follows:

11  Jeffrey M. Shohet                         *Attorneys for Time Warner Entertainment-*
Julie L. Hussey                           *Advance NewHouse Partnership, A New York*

12  Carrie S. Dolton                         *General Partnership, Through its San Diego*
**DLA PIPER US LLP**                   *Division d.b.a. Time Warner Cable*

13  401 B Street, Suite 1700
San Diego, CA 92101-4297

14  Facsimile: (619) 699-2701

15

16        (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-
class mail, for collection and mailing at Henderson & Caverly LLP, Rancho Santa Fe,

17  California, following ordinary business practices. I am familiar with the practice of
Henderson & Caverly LLP for collection and processing of correspondence, said practice

18  being that in the ordinary course of business, correspondence is deposited in the United States
Postal service the same day as it is placed for collection.

19

20  ☑    (BY FACSIMILE) I transmitted the above-listed document to the party listed above via
facsimile. The transmission was reported complete and without error. The telephone number

21       of the facsimile machine I used was (858) 720-0752.

22

23         I declare under penalty of perjury under the laws of the State of California that the

24  foregoing is true and correct.

25         Executed at Del Mar, California on September 6, 2007.

26

27                                Barron E. Ramos

28

                                      1                         CASE NO. GIC 881621
PROOF OF SERVICE

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Barron E. Ramos (179620)<br>Attorney at Law, A Professional Corporation<br>132 N. El Camino Real, # 303, Encinitas, CA 92024<br><br>TELEPHONE NO.: **(858) 349-6019**   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*   plaintiff Leon Alpert | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE:  San Diego, CA 92101
BRANCH NAME:  Hall of Justice

PLAINTIFF/PETITIONER:  Leon Alpert, et al.

DEFENDANT/RESPONDENT:  Time Warner

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☑ **UNLIMITED CASE**     ☐ **LIMITED CASE**<br>(Amount demanded     (Amount demanded is $25,000<br>exceeds $25,000)     or less) | GIC 881621 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:  September 21, 2007     Time:  10:00 a.m.     Dept.:  63     Div.:     Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑  This statement is submitted by party *(name):*  Leon Alpert
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date):*  March 13, 2007
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*
      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐  have had a default entered against them *(specify names):*
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a.  Type of case in  ☑  complaint     ☐  cross-complaint     *(describe, including causes of action):*
      Alleged violation of B&P Code section 17200 for overcharging of members of HOAs where the HOA has an existing contract with Time Warner.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4
Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: Leon Alpert, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Time Warner | GIC 881621 |

4. b.   Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

This is a class action for alleged overcharging where the class member's (subscriber's) HOA had contracted with Time Warner for basic cable services (also sometimes called "bulk multi-channel video services") and where the subscriber purchased additional cable and cable related services directly from Time Warner but was not provided a credit for already paying the for basic cable services ("HOA Standard Service") through the subscriber's HOA. Plaintiff seeks restitution and injunctive relief.

☐   (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5.   **Jury or nonjury trial**
The party or parties request  ☑ a jury trial   ☐ a nonjury trial      (if more than one party, provide the name of each party requesting a jury trial):

6.   **Trial date**
a.   ☐ The trial has been set for (date):
b.   ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):
Complex litigation may require more than one year to be ready for trial.
c.   Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7.   **Estimated length of trial**
The party or parties estimate that the trial will take (check one):
a.   ☑ days (specify number):  5
b.   ☐ hours (short causes) (specify):

8.   **Trial representation** (to be answered for each party)
The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference (specify code section):

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel  ☑ has   ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐ All parties have agreed to a form of ADR. ADR will be completed by (date):
c.   ☐ The case has gone to an ADR process (indicate status):

CM-110

| PLAINTIFF/PETITIONER: Leon Alpert, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Time Warner | GIC 881621 |

10. d.  The party or parties are willing to participate in *(check all that apply)*:

(1) ☑ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation .

(7) ☐ Other *(specify)*:

e.  ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f.  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g.  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a.  ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b.  Reservation of rights:  ☐ Yes  ☐ No

c.  ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy  ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

a.  ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b.  ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

Class certification

CM-110

| PLAINTIFF/PETITIONER: Leon Alpert, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Time Warner | GIC 881621 |

**17. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| plaintiff | written discovery and depositions (cert) | Feb 2008 |
| plaintiff | written discovery and depositions (merits) | Aug 2008 |

   c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
   a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
   Previous case management orders in this case are *(check one)*: ☑ none    ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

Barron E. Ramos
_____
    (TYPE OR PRINT NAME)
                                     (SIGNATURE OF PARTY OR ATTORNEY)

_____
    (TYPE OR PRINT NAME)
                                       (SIGNATURE OF PARTY OR ATTORNEY)
                      ☐ Additional signatures are attached

**CASE MANAGEMENT STATEMENT**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Jeffrey M. Shohet (Bar No. 067529)/Julie L. Hussey (Bar No. 237711)
Carrie S. Dolton (Bar No. 234298)
DLA Piper US LLP
401 B Street, Suite 1700    San Diego, CA 92101-4297
TELEPHONE NO.: 619 699-2700    FAX NO. *(Optional):* 619 699-2701
ATTORNEY FOR *(Name):*    Time Warner Entertainment-Advance/Newhouse Partn. through its San Diego division dba Time Warner Cable

**COPY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS:    330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE:    San Diego, CA 92101
BRANCH NAME:

F I L E D

SEP 6 2007

By R. PORTILLO, Deputy

PLAINTIFF/PETITIONER: LEON ALPERT

DEFENDANT/RESPONDENT: TIME WARNER CABLE, INC.

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| (Check one):  ☒  **UNLIMITED CASE** (Amount demanded exceeds $25,000) | ☐  **LIMITED CASE** (Amount demanded is $25,000 or less) | GIC 881621 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: September 21, 2007    Time: 10:00 a.m.    Dept.: C-63    Div.:    Room:
Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one):*
    a.  ☒  This statement is submitted by party *(name):* Time Warner Entertainment-Advance/Newhouse Partnership,
    b.  ☐  This statement is submitted **jointly** by parties *(names):* through its San Diego division, dba Time Warner Cable, sued erroneously as Time Warner Cable, Inc.

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):*
    b.  ☐  The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  ☐  All parties *named* in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b.  ☐  The following *parties* named in the complaint or cross-complaint
        (1)  ☐  have not been served *(specify names and explain why not):*

        (2)  ☐  have been served but have not appeared and have not been dismissed *(specify names):*

        (3)  ☐  have had a default entered against them *(specify names):*

    c.  ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4.  **Description of case**
    a.  Type of case in  ☒  complaint  ☐  cross-complaint  *(describe, including causes of action):*
        California Business & Professions Code section 17200 cause of action for unlawful, unfair, and/or deceptive business practices.

**Page 1 of 4**

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720-3.730 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: LEON ALPERT | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TIME WARNER CABLE, INC. | GIC 881621 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff, individually and on behalf of a purported class, claims that Defendant Time Warner Cable violated Business & Professions Code section 17200 by unlawfully, unfairly, and/or deceptively 1) overcharging customers who are members of homeowners' associations for cable and cable related services by not providing such customers pricing that properly accounts for the cable services already provided under Time Warner Cable's contract with the customer's homeowners' association; 2) attempting to limit customers' rights to seek refunds for overcharges to 30 days after receipt of a bill.  Plaintiff also claims that Time Warner Cable violated Business & Professions Code section 17200 by violating Civil Code sections 1770(a)(3), (13), and (19).  Plaintiff demands restitution for alleged overcharges and an injunction prohibiting Time Warner Cable from engaging in such alleged unlawful, unfair, and deceptive business practices.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☐   a jury trial   ☒   a nonjury trial        *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐   The trial has been set for *(date):*
b.  ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* Although Plaintiff has designated the case as complex, Defendant believes, at this time, that the case will be ready for trial within 12 months.
c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒   days *(specify number):*  3 (if class is not certified)
b.  ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒   by the attorney or party listed in the caption   ☐   by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐   Additional representation is described in Attachment 8.

9.  **Preference**
☐   This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel   ☐   has   ☒   has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐   The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]                **CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: LEON ALPERT | CASE NUMBER: |
| DEFENDANT/RESPONDENT: TIME WARNER CABLE, INC. | GIC 881621 |

10. d.   The party or parties are willing to participate in *(check all that apply)*:

    (1) ☒ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

  e.   ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f.   ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g.   ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☒ The party or parties are willing to participate in an early settlement conference *(specify when):*
After initial exchange of discovery.

**12. Insurance**

  a.   ☒ Insurance carrier, if any, for party filing this statement *(name):* ESIS

  b.   Reservation of rights:   ☒ Yes   ☐ No

  c.   ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy   ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**

  a.   ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 14a

  b.   ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Defendant will file a motion for summary judgment.

CM-110 [Rev. January 1, 2007]    **CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: LEON ALPERT | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TIME WARNER CABLE, INC. | GIC 881621 |

**17. Discovery**

  a. ☐ The party or parties have completed all discovery.

  b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

Defendant is exploring opportunities to resolve the case without a trial. In the event the case proceeds, the following is the discovery Defendant proposes:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | October 2007 |
| Plaintiff | Depositions | November 2007 |
| Selected Class Members | Document Discovery | January 2008 |
| Third Party | Depositions | March 2008 |

  c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

  a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

  b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**

  ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

  a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

  b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

  Previous case management orders in this case are *(check one)*: ☒ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 9/6/07

JEFFREY M. SHOHET
_____
      (TYPE OR PRINT NAME)

▶ _____
      (SIGNATURE OF PARTY OR ATTORNEY)

_____
      (TYPE OR PRINT NAME)

▶ _____
      (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

Page 4 of 4

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkflow.com

1  JEFFREY M. SHOHET (Bar No. 067529)
   JULIE L. HUSSEY (Bar No. 237711)
2  CARRIE S. DOLTON (Bar No. 234298)
   **DLA PIPER US LLP**
3  401 B Street, Suite 1700
   San Diego, CA 92101-4297
4  Tel: 619.699.2700
   Fax: 619.699.2701

5

6  Attorneys for Defendant
   TIME WARNER CABLE, INC.

7

COPY

F I L E D

of the Superior Court

SEP  6 2007

By R. PORTILLO, Deputy

8           SUPERIOR COURT OF CALIFORNIA

9               COUNTY OF SAN DIEGO

10

11 LEON ALPERT, an individual, on behalf          CASE NO. GIC881621
   of himself, on behalf of all those similarly
12 situated, and on behalf of the general        **PROOF OF SERVICE**
   public,
13                                               Dept:     63
              Plaintiffs,                        Judge:    Luis R. Vargas
14
       v.                                        First Amended Complaint: May 16, 2007
15
   TIME WARNER CABLE, INC., a
16 Delaware corporation, and DOES 1 TO
   100,
17
              Defendants.
18

19

20

21

22

23

24

25

26

27

28

1    I am a resident of the State of California, over the age of eighteen years, and not a party to

2  the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700,

3  San Diego, California 92101. On September 6, 2007, I served the within document(s):

4  **CASE MANAGEMENT STATEMENT**

5  ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set
       forth below on this date before 5:00 p.m.

6

7  ☐    by placing a sealed envelope or package designated by UPS, with delivery fees
       paid or provided for, a true copy of each documents(s) above, in DLA Piper US

8      LLP's mail room for collection, processing and delivery this same day to a deposit
       box or other facility regularly maintained by the express service carrier, or

9      delivered to an authorized courier or driver authorized by the express service
       carrier to receive documents. I further declare that I am readily familiar with the

10     business' practice for collection and processing of correspondence for delivery
       with express service carriers (i.e., FedEx, DHL, etc.); and that the correspondence

11     shall be deposited with an express service carrier this same day in the ordinary
       course of business, to each addressee as set forth below.

12

13  ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
       fully prepaid, in the United States mail at San Diego, California addressed as set

14     forth below.

15  ☐    by personally delivering the document(s) listed above to the person(s) at the
       address(es) set forth below.

16

17     Barron E. Ramos, Esq.
       Kristen E. Caverly

18     Henderson & Caverly LLP
       P.O. Box 9144

19     16236 San Dieguito Road, Suite 4-13
       Rancho Santa Fe, CA 92067

20     Phone: (858) 756-6342
       Fax: (858) 756-4732

21

22     I am readily familiar with the firm's practice of collection and processing correspondence

23  for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

24  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

25  motion of the party served, service is presumed invalid if postal cancellation date or postage

26  meter date is more than one day after date of deposit for mailing affidavit.

27  /////

28  /////

1     I declare under penalty of perjury under the laws of the State of California that the above

2 is true and correct.

3     Executed on September 6, 2007, at San Diego, California.

4     _____

5     Sarah Van

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN DIEGO

SD\1735197.1
325566-11

-3-

PROOF OF SERVICE

1   JEFFREY M. SHOHET (Bar No. 067529)
     JULIE L. HUSSEY (Bar No. 237711)
2   CARRIE S. DOLTON (Bar No. 234298)
     **DLA PIPER US LLP**
3   401 B Street, Suite 1700
     San Diego, CA  92101-4297
4   Tel: 619.699.2700
     Fax: 619.699.2701
5

6   Attorneys for Defendant
     TIME WARNER CABLE, INC.
7

F  I  L  E  D
Clerk of the Superior Court

SEP 0 7 2007

By: P. ASHWORTH, Deputy

8            SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF SAN DIEGO

10

11  LEON ALPERT, an individual, on behalf
     of himself, on behalf of all those similarly
12  situated, and on behalf of the general
     public,
13
             Plaintiffs,
14
        v.
15
     TIME WARNER CABLE, INC., a
16  Delaware corporation, and DOES 1 TO
     100,
17
             Defendants.
18

CASE NO.  GIC881621

**[PROPOSED]** ORDER EXTENDING
**DEADLINE TO ANSWER COMPLAINT**

Dept:      63
Judge:   Luis R. Vargas

First Amended Complaint: May 16, 2007

19     **IT IS HEREBY ORDERED** that:

20          By stipulation of the parties, Defendant's Answer to Plaintiff's First Amended shall

21  be filed and served on or before September 5, 2007.

22     **IT IS SO ORDERED.**

23

24  Dated:  SEP 0 7 2007        _____

25                        HON. LUIS R. VARGAS
                        Judge of the Superior Court

26

27

28

SEP 12 2007 9:40AM    LASERJET 3200    P.2

SEP-12-2007 08:07 AM    P.02

SEP 10 2007 3:22PM    HP LASERJET 3200    P.3

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | MC-050 |
|---|---|
| — Barron E. Ramos (179620)<br>Attorney at Law, A Professional Corporation<br>132 N. El Camino Real, # 303, Encinitas, CA 92024 | FOR COURT USE ONLY |

TELEPHONE NO: 858-349-6019    FAX NO. (Optional):
E-MAIL ADDRESS (Optional): barron@yourclasscounsel.com
ATTORNEY FOR (Name): plaintiff Leon Alpert

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Alpert v. Time Warner

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>GIC 881621 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): _____ makes the following substitution:

1. Former legal representative  ☐ Party represented self  ☑ Attorney (name):Kristen E. Caverly

2. New legal representative  ☐ Party is representing self*  ☑ Attorney
   a. Name: Barron E. Ramos    b. State Bar No. (if applicable): 179620
   c. Address (number, street, city, ZIP, and law firm name, if applicable):
      132 N. El Camino Real, # 303, Encinitas, CA 92024

   d. Telephone No. (include area code): 858-349-6019

3. The party making this substitution is a  ☑ plaintiff  ☐ defendant  ☐ petitioner  ☐ respondent  ☐ other (specify):

---

*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES*

• Guardian     • Personal Representative     • Guardian ad litem
• Conservator  • Probate Fiduciary           • Unincorporated
• Trustee      • Corporation                   association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

NOTICE TO PARTIES WITHOUT ATTORNEYS
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: September 10, 2007
   Leon Alpert
   (TYPE OR PRINT NAME)    ▶ _____ (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
   Date: September 12, 2007
   Kristen E. Caverly, Henderson & Caverly LLP
   (TYPE OR PRINT NAME)    ▶ _____ (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
   Date: September 11, 2007
   Barron E. Ramos, Attorney at Law, APC
   (TYPE OR PRINT NAME)    ▶ _____ (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)    Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2007]

SUBSTITUTION OF ATTORNEY—CIVIL
(Without Court Order)

Code of Civil Procedure, §§ 284(1), 285
Cal. Rules of Court, rule 3.1362
American LegalNet, Inc.
www.FormsWorkflow.com    www.courtinfo.ca.gov

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| KRISTEN E. CAVERLY, ESQ., SBN 175070<br>HENDERSON & CAVERLY LLP<br>PO BOX 9144 (All U.S. Mail)<br>16236 San Dieguito Rd., Ste. 4-13<br>Rancho Santa Fe, CA 92067-9144<br>TELEPHONE NO.: 858.756.6342    FAX NO. *(Optional)*:   858.756.4732<br>E-MAIL ADDRESS *(Optional)*: kcaverly@hcesq.com<br>ATTORNEY FOR *(Name)*: Plaintiff LEON ALPERT | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN DIEGO |
|---|
| STREET ADDRESS: 330 W BROADWAY |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: SAN DIEGO CA 92101 |
| BRANCH NAME: CENTRAL DIVISION |

| PETITIONER/PLAINTIFF: LEON ALPERT |
|---|
| RESPONDENT/DEFENDANT: TIME WARNER CABLE, INC. |

| PROOF OF SERVICE BY FIRST–CLASS MAIL—CIVIL | CASE NUMBER:<br>GIC 881621 |
|---|---|

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:   16236 San Dieguito Rd., Ste. 4-13, Rancho Santa Fe, CA  92067-9144

3. On *(date):* 09/12/2007          I mailed from *(city and state):*Rancho Santa Fe, CA
   the following documents *(specify):*

   SUBSTITUTION OF ATTORNEY - CIVIL (without Court Order)

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
   (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served:
   b. **Address** of person served:

   ☒ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September __, 2007.

Michelle J. Dunn
_____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)          ▶          _____
(SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Legal<br>Solutions<br>& Plus | Code of Civil Procedure, §§ 1013, 1013a |
|---|---|---|---|

**POS-030(P)**

| SHORT TITLE: Leon Alpert<br>v. Time Warner Cable, Inc. | CASE NUMBER:<br>GIC 881621 |
|---|---|

### ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)

*(This Attachment is for use with form POS-030)*

**NAME AND ADDRESS OF EACH PESON SERVED BY MAIL:**

| Name of Person Served | Address *(number, street, city, and zip code)* |
|---|---|
| JEFFREY M SHOHET ESQ<br>JULIE L HUSSEY ESQ<br>CARRIE S DOLTON ESQ | DLA PIPER US LLP<br>401 B ST  STE 1700<br>SAN DIEGO CA  92101-4297 |
| BARRON E RAMOS ESQ<br>LAW OFFICES | 132 N EL CAMINO REAL #303<br>ENCINITAS CA  92024 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

1 | **BARRON E. RAMOS** (State Bar No. 179620)
Attorney at Law, A Professional Corporation
2 | 132 N. El Camino Real, # 303
Encinitas, California 92024
3 | Tel.: (858) 349-6019/Fax: (760) 994-1354

4 | **CLARK & MARKHAM**
David R. Markham (State Bar No. 071814)
5 | R. Craig Clark (State Bar No. 129219)
James M. Treglio (State Bar No. 228077)
6 | 401 West "A" Street, Suite 2200
San Diego, CA 92101
7 | Telephone: (619) 239-1321
Facsimile: (619) 239-5888

8 |
Attorneys for plaintiff and the Class
9 |

10 |

11 |

12 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13 | **COUNTY OF SAN DIEGO**

14 |

15 | LEON ALPERT, an individual,                  ) Case No. GIC 881621
on behalf of himself, on behalf of all those)
16 | similarly situated, and on behalf of the general) **CLASS ACTION**
public,                                        )
17 |                                              )
Plaintiffs,                          ) NOTICE OF ASSOCIATION OF COUNSEL
18 | v.                                            )
                                               )
19 | TIME WARNER CABLE, INC., a Delaware) Case Filed: March 13, 2007
corporation, and DOES 1 TO 100,               ) Dept: 63
20 |                                              ) Judge: Hon. Luis R. Vargas
Defendants.                          ) Trial Date: None Set
21 |                                              )
                                               )
22 |                                              )
                                               )
23 |                                              )
                                               )
24 |                                              )
                                               )
25 |

26 |

27 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

28 |

1

1         The law firm of BARRON E. RAMOS, Attorney at Law, APC, attorneys of record for the

2    plaintiffs, hereby associates the law firm of CLARK & MARKHAM, David R. Markham (State

3    Bar No. 071814), 401 West "A" Street, Suite 2200, San Diego, CA 92101, as co-counsel.

4

Dated: September _12_, 2007                BARRON E. RAMOS

5                                        Attorney at Law, APC

6

7

8                               By: _____

9                                   Barron E. Ramos

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is 132 N. El Camino Real, # 303, Encinitas, California 92024.

On September 12, 2007, I served the following documents:

**NOTICE OF ASSOCIATION OF COUNSEL**

on the parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Jeffrey M. Shohet | *Attorneys for Time Warner Entertainment-* |
| Julie L. Hussey | *Advance NewHouse Partnership, A New York* |
| Carrie S. Dolton | *General Partnership, Through its San Diego* |
| **DLA PIPER US LLP** | *Division d.b.a. Time Warner Cable* |
| 401 B Street, Suite 1700 | |
| San Diego, CA 92101-4297 | |
| Facsimile: (619) 699-2701 | |

X    (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at 132 N. El Camino Real, # 303, Encinitas, California 92024, following ordinary business practices. I am familiar with the practice of collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

(BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile. The transmission was reported complete and without error. The telephone number of the facsimile machine I used was (858) 720-0752.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Del Mar, California on September 12, 2007.

Barron E. Ramos

1

CASE NO. GIC 881621
PROOF OF SERVICE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:  330 West Broadway
MAILING ADDRESS:  330 West Broadway
CITY AND ZIP CODE:  San Diego, CA 92101
BRANCH NAME:    Central
TELEPHONE NUMBER: (619) 685-6064

PLAINTIFF(S) / PETITIONER(S):  LEON ALPERT

DEFENDANT(S) / RESPONDENT(S):  Time Warner Entertainment-Advance Newhouse Partnership

ALPERT VS TIME WARNER CABLE INC

| **NOTICE OF RESCHEDULED HEARING** | CASE NUMBER:<br>GIC881621 |
| --- | --- |

Notice is given that the hearing in the above-entitled case has been rescheduled from 09/21/2007  10:00 AM   to date and time shown below.  All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
| --- | --- | --- | --- | --- |
| Civil Case Management Conference | 12/21/2007 | 10:00 am | C-63 | Luis R. Vargas |

Counsel: Check service list.  If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference.  (San Diego Local Rules, Division II, CRC Rule 212).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

SUPCT CIV-700  (Rev. 12-06)            **NOH - NOTICE OF RESCHEDULED HEARING**            Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** ALPERT vs TIME WARNER CABLE INC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: **GIC881621** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF RESCHEDULED HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at <u>San Diego</u>, California, on <u>09/25/2007</u>.

Clerk of the Court, by: _____ R. Portillo _____ , Deputy

DAVID R. MARKHAM
401 W A Street 2200
CLARK & MARKHAM
San Diego, CA 92101

BARRON E RAMOS
132 N. El Camino Real  303
Encinitas, CA 92024

Julie L. Hussey
401 B Street suite 1700
DLA PIPER US LLP
San Diego, CA 92101

KRISTEN E CAVERLY
P. O. Box 9144
Rancho Santa Fe, CA 92067-9144

SUPERIOR COURT OF CALIFORNIA
SAN DIEGO COUNTY
330 West Broadway
San Diego, CA 92101

ADDRESS SERVICE REQUESTED

338.CRT37-20070925.S11



Julie L. Hussey
401 B Street suite 1700
DLA PIPER US LLP
San Diego, CA 92101

1  **BARRON E. RAMOS**
   Attorney at Law, A Professional Corporation
2  Barron E. Ramos (State Bar No. 179620)
   132 N. El Camino Real, # 303
3  Encinitas, California 92024
   Telephone: (760) 274-6438
4  Facsimile:  (760) 994-1354

5  **CLARK & MARKHAM**
   David R. Markham (State Bar No. 071814)
6  R. Craig Clark (State Bar No. 129219)
   James M. Treglio (State Bar No. 228077)
7  401 West "A" Street, Suite 2200
   San Diego, CA 92101
8  Telephone: (619) 239-1321
   Facsimile: (619) 239-5888

9
   Attorneys for plaintiff and the Class
10
                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11
                          **COUNTY OF SAN DIEGO**
12

| | |
|---|---|
| 13 LEON ALPERT, an individual, on behalf of himself, on behalf of all those similarly situated, and on behalf of the general public,<br><br>15     Plaintiffs,<br>16 v.<br><br>17 TIME WARNER CABLE, INC., a Delaware corporation, and DOES 1 TO 100,<br><br>18     Defendants. | ) Case No. GIC 881621<br>)<br>) **CLASS ACTION**<br>)<br>) **NOTICE OF CHANGE IN CASE**<br>) **MANAGEMENT CONFERENCE**<br>)<br>) Dept: 63<br>) Judge: Hon. Luis R. Vargas<br>)<br>) Trial Date: None Set<br>) Case Filed: March 13, 2007<br>) |

27  TO THE COURT AND ALL INTERESTED PARTIES:

                                            1

28  _____

1      PLEASE TAKE NOTICE THAT, on the Court's own motion, the Case Management

2   Conference set for December 21, 2007, at 10:00 a.m., has been changed to January 11, 2008, at

3   10:00 a.m.

4      Clerk of the Court requested that plaintiff's counsel provide notice of the change.

5

6

7

8   Dated: November 29, 2007

                                                    _____
9                                                   Barron E. Ramos
                                                    Attorneys for plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                         2

**PROOF OF SERVICE**

I am employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is 132 N. El Camino Real, # 303, Encinitas, California 92024.

On November 29, 2007, I served the following documents:

**NOTICE OF CHANGE IN CASE MANAGEMENT CONFERENCE**

on the parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Jeffrey M. Shohet<br>Julie L. Hussey<br>Carrie S. Dolton<br>**DLA PIPER US LLP**<br>401 B Street, Suite 1700<br>San Diego, CA 92101-4297<br>Facsimile: (619) 764-6644 | *Attorneys for Time Warner Entertainment-Advance NewHouse Partnership, A New York General Partnership, Through its San Diego Division d.b.a. Time Warner Cable* |

X    (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at 132 N. El Camino Real, # 303, Encinitas, California 92024, following ordinary business practices. I am familiar with the practice of collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

X    (BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile. The transmission was reported complete and without error. The telephone number of the facsimile machine I used was (760) 274-6438.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Encinitas, California on November 29, 2007.

Barron E. Ramos

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 685-6064 | |

| |
|---|
| PLAINTIFF(S) / PETITIONER(S): LEON ALPERT |
| DEFENDANT(S) / RESPONDENT(S): Time Warner Entertainment-Advance Newhouse Partnership |
| ALPERT VS TIME WARNER CABLE INC |

| | |
|---|---|
| **NOTICE OF RESCHEDULED HEARING** | CASE NUMBER:<br>GIC881621 |

Notice is given that the hearing in the above-entitled case has been rescheduled from 12/21/2007  10:00 AM   to date and time shown below.  All inquiries regarding this notice should be referred to the court listed above.

| **TYPE OF HEARING** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 01/11/2008 | 10:00 am | C-63 | Luis R. Vargas |

Counsel: Check service list.  If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference.  (San Diego Local Rules, Division II, CRC Rule 212).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

---

SUPCT CIV-700  (Rev. 12-06)                          **NOH - NOTICE OF RESCHEDULED HEARING**                          Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** ALPERT vs TIME WARNER CABLE INC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**GIC881621** |
|---|---|



I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF RESCHEDULED HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at <u>San Diego</u>, California, on <u>11/29/2007</u>.

Clerk of the Court, by: _C. Cheely_ _____, Deputy
                                              C. Cheely

DAVID R. MARKHAM
401 W A Street 2200
CLARK & MARKHAM
San Diego, CA 92101

BARRON E RAMOS
132 N. El Camino Real 303
Encinitas, CA 92024

Julie L. Hussey
401 B Street suite 1700
DLA PIPER US LLP
San Diego, CA 92101

SUPERIOR COURT OF CALIFORNIA
SAN DIEGO COUNTY
330 West Broadway
San Diego, CA 92101

ADDRESS SERVICE REQUESTED

320.CRT37-20071129.S11



Julie L. Hussey
401 B Street suite 1700
DLA PIPER US LLP
San Diego, CA 92101

1    **BARRON E. RAMOS**
     Attorney at Law, A Professional Corporation
2    Barron E. Ramos (State Bar No. 179620)
     132 N. El Camino Real, # 303
3    Encinitas, California 92024
     Telephone: (760) 274-6438
4    Facsimile: (760) 994-1354

5    **CLARK & MARKHAM**
     David R. Markham (State Bar No. 071814)
6    R. Craig Clark (State Bar No. 129219)
     James M. Treglio (State Bar No. 228077)
7    401 West "A" Street, Suite 2200
     San Diego, CA 92101
8    Telephone: (619) 239-1321
     Facsimile: (619) 239-5888
9
     Attorneys for plaintiff and the Class
10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                        **COUNTY OF SAN DIEGO**

13   LEON ALPERT, an individual,              ) Case No. GIC 881621
     on behalf of himself, on behalf of all those)
14   similarly situated, and on behalf of the general) **CLASS ACTION**
     public,                                  )
15                                            ) **PLAINTIFF'S NOTICE OF MOTION AND**
               Plaintiffs,                    ) **MOTION TO COMPEL COMPLIANCE;**
16                                            ) **SEPARATE STATEMENT OF ITEMS IN**
     v.                                       ) **DISPUTE; DECLARATION OF BARRON**
17                                            ) **E. RAMOS IN SUPPORT OF MOTION; and**
     TIME WARNER CABLE, INC., a Delaware) **REQUEST FOR SANCTIONS IN THE SUM**
18   corporation, and DOES 1 TO 100,         ) **OF $ 9,687.50**
                                              )
19             Defendants.                    )
                                              ) Date: March 14, 2008
20                                            ) Time: 10:00 a.m.
                                              )
21                                            ) Dept: 63
                                              ) Judge: Hon. Luis R. Vargas
22                                            )
                                              ) Trial Date: None Set
23                                            ) Case Filed: March 13, 2007

24

25

26

27   TO THE COURT AND ALL INTERESTED PARTIES:

28                                    1
     ─────────────────────────────────────────────────────────
     PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE; SEPARATE STATEMENT OF ITEMS IN DISPUTE;
         DECLARATION OF BARRON E. RAMOS IN SUPPORT OF MOTION; and REQUEST FOR SANCTIONS

PLEASE TAKE NOTICE THAT on March 14, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Department 63 of the California Superior Court for the County of Diego, located at 330 West Broadway, San Diego, California 92101, the Honorable Luis R. Vargas presiding, plaintiff will move the Court for an Order compelling compliance with Time Warner's Response to Request for Production of Documents and seeking sanctions in the sum of $ 9,687.50.

Good cause exists to bring this Motion as the documents sought are necessary to bring plaintiff's motion to certify this as a class action, there is no justifiable reason for withholding the documents, Time Warner had previously agreed to produce the documents in its Response to plaintiff's Request for Production, and plaintiff's counsel has exhausted the meet and confer process attempting to avoid this motion.

This Motion is based upon this Notice of Motion, the Brief Memorandum of Points and Authorities submitted herewith, the separate statement of items in dispute, the accompanying declaration of Barron E. Ramos, the other papers on file in this action, and such other materials or arguments of counsel that the Court may receive at or before the hearing on this Motion.

Dated: December 7, 2007

Barron E. Ramos
Attorneys for plaintiff

# I. BRIEF POINTS AND AUTHORITIES IN SUPPORT OF MOTION AND
# AWARD OF MONETARY SANCTION

CCP 2031.320(a) provides that if a party filing a response to a demand for inspection thereafter fails to permit the inspection in accordance with that party's statement of compliance, the party demanding the inspection may move for an order compelling compliance. The documents at issue in this Motion, which Time Warner agreed to produce in its Response to plaintiff's Request for Production, are those that reflect the pricing for Time Warner's services to California HOA customers (outside of the San Diego/Desert Cities area) during the class period.[1]

To date, Time Warner has refused to produce any HOA rates other than the HOA rates applicable to the Desert Cities and San Diego. However, Mr. Alpert's class is statewide, not merely limited to San Diego or the Desert Cities. Paragraph 4 of plaintiff's FAC defines the class:

> 4.      The class in this case is comprised of all TIME WARNER subscribers in the State of California during the four (4) years prior to the filing of this complaint who were members of homeowners associations (HOAs) and/or tenants of such members, where the subscriber's HOA had contracted with TIME WARNER for basic cable services (also sometimes called "bulk multi-channel video services") and where the subscriber purchased additional cable and cable related services directly from TIME WARNER but was not provided a credit for already paying the for basic cable services ("HOA Standard Service") through the subscriber's HOA.

---

[1] To the extent Time Warner takes the position that it has not agreed to produce said documents, notwithstanding its Response that it would produce the documents, this Motion can and should be considered a Motion to Compel Further Responses under CCP section 2031.310.

3

1    Time Warner's attempt to narrow the class to San Diego and the Desert Cities is improper

2    and is frustrating plaintiff's discovery. The documents sought are plainly relevant and necessary to

3    establish the essential element of commonality among class members that HOA pricing and so-

4    called "retail" pricing differed during the class period.

5       As part of its Response agreeing to produce the documents requested, Time Warner

6    asserted various (mostly nuisance) objections, but did not refuse to produce the documents

7    notwithstanding asserting those objections. For example, Time Warner claimed that the documents

8    sought may be "confidential" in nature, but has since made plain that it is not withholding the

9    documents based upon the purported confidential nature of those documents or because Time

10   Warner is awaiting agreement on a potential protective order.

11      Not wanting to bother the Court with this matter, plaintiff's counsel repeatedly attempted to

12   work with Time Warner's unwillingness to provide the requested documents by asking if Time

13   Warner would, alternatively, agree to stipulate that what is true in San Diego and the Desert Cities

14   is true throughout the State: that Time Warner had different pricing schemes available for HOA

15   customers (i.e., lower priced packages and services) than for so-called "retail" customers. Time

16   Warner refused to agree to the stipulation.

17      In sum, Time Warner has already agreed to produce the documents at issue in this Motion,

18   but has since refused to do so. Time Warner has not conditioned the production on a protective

19   order.[2] Rather, Time Warner has taken the position that it need not, and indeed will not, produce

---

[2] Although Time Warner is not conditioning production of documents on entry of a protective order and has not moved to obtain one, plaintiff's counsel is nonetheless willing to enter into such an order provided it is not unduly burdensome. The parties are in discussion at the time of this writing to determine if such an order is truly necessary and can be agreed upon, but Time Warner has made clear it is not withholding any documents based upon the need for a protective order. In any event, pricing documents, which are the subject of this Motion, could never be

4

1  what it has already agreed to produce.  Moreover, Time Warner will not stipulate that it charged

2  two different pricing schemes in California during the class period – thereby necessitating

3  production of these documents so that plaintiff can move to certify the class.

## II. SANCTIONS

Mr. Alpert and his counsel have been more than patient attempting to avoid this Motion.  In

fact, initially unaware that there is no time restriction on a motion to compel compliance and

believing a 45 day time limit to notice this motion was required, Alpert's counsel repeatedly asked

Time Warner's counsel for an extension of time to bring a motion in an effort to work this out

informally.  Notwithstanding repeated requests, Time Warner would agree to only a one week

extension a few days before this motion was believed to be due, choosing instead to jam Mr. Alpert

and his counsel into bringing this motion (even Time Warner apparently believed it was subject to

the 45 day rule as well).  Time Warner is clearly not interested in taking the time necessary to

resolve discovery disputes informally.

Although Alpert's counsel prefers not to burden the Court with discovery disputes, this

Motion was unavoidable as the documents sought are essential to plaintiff's upcoming Motion to

Certify.  But just as this motion is a burden on the Court, so too it is a burden on Mr. Alpert and his

counsel for incurring the time and expense associated with bringing the motion, particularly since

Time Warner agreed to produce the documents.    Accordingly, sanctions in this case are,

unfortunately, warranted, and will hopefully send a message to Time Warner that it cannot

continue to refuse to cooperate in the discovery process.  It is one thing for Time Warner to hide its

HOA pricing from its own customers – a central allegation in this case – it is quite another to hide

it from plaintiff and this Court.

---

27  considered "confidential" – unless, of course, it is Time Warner's position that it wants to continue

to conceal its HOA pricing from those HOA customers, just as it did from Alpert.

5

1    Alpert's counsel bills at a rate of $ 425 per hour and has expended 22.7 hours preparing this

2    motion, including the anticipated time necessary to file a reply and attend the hearing.  Alpert also

3    incurred a filing fee of $ 40.  Alpert therefore seeks sanctions against Time Warner in the sum of

4    $ 9,687.50.

5

6

7    Dated: December 9, 2007

         Barron E. Ramos
8        Attorneys for plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## SEPARATE STATEMENT OF ITEMS IN DISPUTE

2       The following are certain of the Inspection Demands verbatim, the responses received

3   verbatim and the reasons why compliance (i.e., production) should be compelled.

4   **REQUEST NO. ONE**:

5
        Please produce all DOCUMENTS which depict pricing for all of YOUR products and
6
7   services, including any bundled packages, to RESIDENTS.    (RESIDENTS is defined as

8   "occupants of properties during the time period from March 13, 2003 to March 13, 2007 that were

9   part of a homeowners' association (HOA) in California with whom YOU had entered into a

10  "Residential Bulk Services Agreement" to provide basic cable services to the HOA members.").

11  **RESPONSE TO REQUEST NO. ONE**:

12
        TWC objects to this Request as vague, ambiguous, overbroad, unduly burdensome and
13
14  oppressive, and is not reasonably calculated to lead to the discovery of admissible information.

15  The phrase "depict pricing" vaguely requests every document that refers to pricing.  TWC objects

16  to the extent that this request seeks confidential trade secret information regarding negotiated

17  prices for bulk rate customers.  Subject to, and without waiving the General and Specific objections

18  herein[3], and based on discovery and TWC's investigation to date, TWC further responds as

19  follows: TWC has performed a good faith effort to supply documents that identify a price for TWC

20  products and services, and TWC will produce rate cards and rate change letters.
21
    ***Why the Documents Should Be Produced***:
22
23      Time Warner has agreed to produce all responsive documents.  When a Request is as clear

24

25      [3] Objections not raised in the Response itself are not cognizable, including "General and
26  Specific" objections referenced, but not specifically stated, in the Response. CCP section
    2031.210(a) requires that the party respond "separately to each item" and section 2031.210(c)
27  provides that "[e]ach statement of compliance … and each objection … shall bear the same number
    and be in the same sequence as the corresponding item or category in the demand …"
28
                                                7

1   as this, objections based upon purported "vagueness" are nothing more than "nuisance objections."

2   *Standon Co. Inc. v. Superior Court* (Kim) (1990) 225 Cal.App.3d 898, 903.    Indeed, such

3   boilerplate objections are typically sanctionable.  *Korea Data Systems Co., Ltd., v. Superior Court*

4   (Aamazing Tech. Corp.) (1997) 51 Cal.App.4th 1513, 1516.

5

6   Moreover, Time Warner has not refused to produce the documents because of the necessity

7   of the protective order.  Rather, Time Warner has just refused to produce them, period.

8

9   Dated: December 7, 2007

10                                                          Barron E. Ramos
                                                            Attorneys for plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

## DECLARATION OF BARRON E. RAMOS IN SUPPORT OF

## MOTION TO COMPEL COMPLIANCE

I, Barron E. Ramos, declare as follows:

1.      I am one of the attorneys for plaintiff Leon Alpert and have personal knowledge of each of the facts set forth herein, and if called upon as a witness could and would testify competently thereto.

2.      This declaration is submitted in support of Mr. Alpert's Motion to Compel Compliance.

3.      On September 17, 2007 I caused to be served on Time Warner plaintiff's first Request for Production of Documents.  (See Exhibit "A")

4.      On or about October 23, 2007, Time Warner responded to the demand and, in particular, those items at issue in this Motion, by agreeing to produce the documents.  (See Exhibit "B").

5.      Time Warner produced the so-called "retail" rates for areas outside of San Diego and the Desert Cities, but refused to produce the rates charged to HOA customers in those same areas. Plaintiff's counsel attempted to meet and confer on multiple occasions which resulted in multiple correspondence to and from Time Warner's counsel.  (See Exhibit "C")  Despite these efforts, Time Warner continued to refuse to produce HOA pricing for those areas outside of San Diego and the Desert Cities.

6.      Throughout the meet and confer process, Time Warner made clear that it was not refusing to produce the requested documents because of the necessity of the protective order.  Rather, Time Warner has just refused to produce the documents, period.

7.      To prepare and revise these moving papers, I expended 12.7 hours of time.  It is estimated that to review and research the opposition, prepare and file a reply, and then attend the hearing in this matter will require an additional 10 hours of time, minimum.  My billing rate is $ 425 per hour as I have been practicing law for 12 years.  At $ 425 per hour, the total billing for preparing this

1  motion, including the anticipated time necessary to file a reply and attend the hearing, is:

2  $ 9,647.50.  In addition, Mr. Alpert paid a filing fee of $ 40 for total of $ 9,687.50.

3      I declare under penalty of perjury under the laws of the State of California that the

4  foregoing is true and correct.  Executed this ___ day of December, 2007 at Encinitas, California.

5

6                                                    Barron E. Ramos

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    10

## PROOF OF SERVICE

I am employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is 132 N. El Camino Real, # 303, Encinitas, California 92024.

On December 7, 2007, I served the following documents:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE; SEPARATE STATEMENT OF ITEMS IN DISPUTE; DECLARATION OF BARRON E. RAMOS IN SUPPORT OF MOTION; and REQUEST FOR SANCTIONS IN THE SUM OF $ 9,687.50**

on the parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

Jeffrey M. Shohet
Julie L. Hussey
Carrie S. Dolton
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Facsimile: (619) 764-6644

*Attorneys for Time Warner Entertainment-Advance NewHouse Partnership, A New York General Partnership, Through its San Diego Division d.b.a. Time Warner Cable*

X    (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at 132 N. El Camino Real, # 303, Encinitas, California 92024, following ordinary business practices. I am familiar with the practice of collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

(BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile. The transmission was reported complete and without error. The telephone number of the facsimile machine I used was (760) 274-6438.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Encinitas, California on December 7, 2007.

Barron E. Ramos

CASE NO. GIC 881621
PROOF OF SERVICE

# EXHIBIT A

1  **BARRON E. RAMOS**
   Attorney at Law, A Professional Corporation
2  Barron E. Ramos (State Bar No. 179620)
   132 N. El Camino Real, # 303
3  Encinitas, California 92024
   Phone (858) 349-6019
4  Fax (760) 994-1354

5  **CLARK & MARKHAM**
   David R. Markham (State Bar No. 071814)
6  R. Craig Clark (State Bar No. 129219)
   James M. Treglio (State Bar No. 228077)
7  401 West "A" Street, Suite 2200
   San Diego, CA 92101
8  Telephone: (619) 239-1321
   Facsimile: (619) 239-5888
9
   Attorneys for plaintiff and the Class
10
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11
                       **COUNTY OF SAN DIEGO**
12
   LEON ALPERT, an individual,              ) Case No. GIC 881621
13 on behalf of himself, on behalf of all those )
   similarly situated, and on behalf of the general ) **CLASS ACTION**
14 public,                                   )
                                             ) **PLAINTIFF'S REQUEST FOR**
15        Plaintiffs,                        ) **PRODUCTION OF DOCUMENTS,**
                                             ) **SET NO. ONE (1)**
16 v.                                        )
                                             )
17 TIME WARNER CABLE, INC., a Delaware)
   corporation, and DOES 1 TO 100,           ) Dept: 63
18                                           ) Judge: Hon. Luis R. Vargas
          Defendants.                        )
19                                           ) Trial Date: None Set
                                             ) Case Filed: March 13, 2007
20                                           )
                                             )
21                                           )
                                             )
22 _____)

23

24

25 PROPOUNDING PARTY:                        PLAINTIFF LEON ALPERT

26 RESPONDING PARTY:                         TIME WARNER CABLE, INC.

27 NO:                                       ONE

28                                   1

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS,

1   **PLEASE TAKE NOTICE** that on or before October 25, at 10:00 a.m. in the Law Offices

2   of BARRON E. RAMOS, Attorney at Law, A Professional Corporation, 132 N. El Camino Real,

3   # 303, Encinitas, California 92024, plaintiff Chadwick Bowen will require defendant TIME

4   WARNER CABLE, INC., to produce for inspection and copying the following pursuant to

5   California Code of Civil Procedure Section 2031.010 to wit:

6       Definitions:

7       A.    The term "DOCUMENT" or "DOCUMENTS" shall include any "writing" as

8   defined in California Evidence Code section 250, whether printed, recorded, filmed or reproduced

9   by any other mechanical or electrical process, or written or produced by hand, and whether or not

10  claimed to be privileged against discovery on any ground, and including all originals, masters, and

11  non-identical copies.

12      B.    The term "YOU" or "YOUR" shall refer to TIME WARNER CABLE, INC., all

13  affiliated entities of TIME WARNER CABLE, INC., including its parent company, if any, and all

14  subsidiaries of such parent, the employees, agents, officers, directors and representatives of all of

15  these entities, and all other persons or entities acting on behalf or under the control of these entities.

16      C.    The term RESIDENT shall refer to occupants of properties during the time period

17  from March 13, 2003 to March 13, 2007 that were part of a homeowners' association (HOA) in

18  California with whom YOU had entered into a "Residential Bulk Services Agreement" to provide

19  basic cable services to the HOA members.

20      D.    The term RETAIL CUSTOMER shall refer to California consumers to whom YOU

21  provided products and services during the time period from March 13, 2003 to March 13, 2007,

22  other than RESIDENTS.

23  **REQUEST NUMBER ONE:**

24      Please produce all DOCUMENTS which depict pricing for all of YOUR products and

25  services, including any bundled service packages, to RESIDENTS.

26  **REQUEST NUMBER TWO:**

27      Please produce all DOCUMENTS which depict pricing for all of YOUR products and

28                                      2

1 services, including any bundled service packages, to RETAIL CUSTOMERS.

2 **REQUEST NUMBER THREE:**

3 Please produce all DOCUMENTS which depict all communications with plaintiff Leon

4 Alpert at any time, including, but not limited to, transcripts of telephone conversations,

5 correspondence to and from Mr. Alpert, e-mail communications to and from Mr. Alpert, and any

6 other form in which YOU maintain such communications (e.g., audio recordings).

7 **REQUEST NUMBER FOUR:**

8 Please produce a copy of any scripts used by YOUR employees when dealing with

9 RESIDENTS that call to complain about their bill.

10 **REQUEST NUMBER FIVE:**

11 Please produce a copy of any scripts used by YOUR employees when dealing with

12 RETAIL CUSTOMERS that call to complaint about their bill.

13 **REQUEST NUMBER SIX:**

14 Please produce a copy of all web pages YOU posted during the time period from March 13,

15 2003 to March 13, 2007 which depict pricing for all of YOUR products and services, including any

16 bundled service packages, to RESIDENTS.

17 **REQUEST NUMBER SEVEN:**

18 Please produce a copy of all web pages YOU posted during the time period from March 13,

19 2003 to March 13, 2007 which depict pricing for all of YOUR products and services, including any

20 bundled service packages, to RETAIL CUSTOMERS.

21 **REQUEST NUMBER EIGHT:**

22 Please produce a copy of all DOCUMENTS which explain why RESIDENTS and RETAIL

23 CUSTOMERS are charged differing rates for YOUR products and services.

24 **REQUEST NUMBER NINE:**

25 Please produce a copy of all DOCUMENTS which demonstrate how YOUR employees that

26 handle incoming customer calls determine whether the customer that is calling is a RESIDENT or

27 a RETAIL CUSTOMER.

28

3

**PROOF OF SERVICE**

I am employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is 132 N. El Camino Real, # 303, Encinitas, California 92024.

On September 17, 2007, I served the following documents:

**REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

on the parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Jeffrey M. Shohet | *Attorneys for Time Warner Entertainment-* |
| Julie L. Hussey | *Advance NewHouse Partnership, A New York* |
| Carrie S. Dolton | *General Partnership, Through its San Diego* |
| **DLA PIPER US LLP** | *Division d.b.a. Time Warner Cable* |
| 401 B Street, Suite 1700 | |
| San Diego, CA 92101-4297 | |
| Facsimile: (619) 699-2701 | |

X    (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at 132 N. El Camino Real, # 303, Encinitas, California 92024, following ordinary business practices. I am familiar with the practice of collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

(BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile. The transmission was reported complete and without error. The telephone number of the facsimile machine I used was (858) 720-0752.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Encinitas, California on September 17, 2007.

Barron E. Ramos

1

CASE NO. GIC 881621
PROOF OF SERVICE

# EXHIBIT B

1  JEFFREY M. SHOHET (Bar No. 067529)
   JULIE L. HUSSEY (Bar No. 237711)
2  CARRIE S. DOLTON (Bar No. 234298)
   **DLA PIPER US LLP**
3  401 B Street, Suite 1700
   San Diego, CA 92101-4297
4  Tel: 619.699.2700
   Fax: 619.699.2701
5

6  Attorneys for Defendant
   TIME WARNER ENTERTAINMENT-ADVANCE/
7  NEWHOUSE PARTNERSHIP, A NEW YORK
   GENERAL PARTNERSHIP, THROUGH ITS SAN
8  DIEGO DIVISION, DBA TIME WARNER CABLE

9                  SUPERIOR COURT OF CALIFORNIA

10                   COUNTY OF SAN DIEGO

11

12  LEON ALPERT, an individual, on behalf         CASE NO. GIC881621
    of himself, on behalf of all those similarly
13  situated, and on behalf of the general        **DEFENDANT TIME WARNER**
    public,                                        **ENTERTAINMENT-ADVANCE/**
14                                                 **NEWHOUSE PARTNERSHIP, THROUGH**
                Plaintiffs,                        **ITS SAN DIEGO DIVISION, DBA TIME**
15                                                 **WARNER CABLE'S RESPONSES TO**
         v.                                        **PLAINTIFF'S REQUEST FOR**
16                                                 **PRODUCTION OF DOCUMENTS, SET**
    TIME WARNER CABLE, INC., a                     **NO. ONE (1)**
17  Delaware corporation, and DOES 1 TO
    100,                                           Dept:       63
18                                                 Judge:      Luis R. Vargas
                Defendants.
19                                                 Complaint: March 13, 2007
                                                   FAC:        May 16, 2007
20

21

22

23  **PROPOUNDING PARTY:**        **Plaintiff LEON ALPERT**

24  **RESPONDING PARTY:**         **Defendant TIME WARNER CABLE**

25  **SET NO:**                   **ONE**

26       Pursuant to Code of Civil Procedure section 2031.010, *et seq.*, Defendant Time Warner

27  Entertainment-Advance/Newhouse Partnership, a New York general partnership, through its San

28  Diego Division, dba Time Warner Cable ("TWC"), sued erroneously as Time Warner Cable, Inc.,

                                         -1-

1  responds to plaintiff Leon Alpert's ("Plaintiff") first set of request for production of documents

2  ("Requests") as follows:

3  ## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

4  TWC has not completed investigation of this case, has not completed discovery, and has

5  not completed preparation for trial. All of the responses contained herein are based only on such

6  information that is presently available to and specifically known to TWC. It is anticipated that

7  further discovery, independent investigation, legal research and analysis will supply additional

8  facts, add additional meaning to the known facts, as well as establish entirely new factual

9  conclusions and legal contentions, all of which may lead to substantial additions to, changes in,

10  and variations from the responses herein set forth.

11  The following written responses are given without prejudice to TWC's right to produce

12  evidence of any subsequently discovered fact or facts that TWC may later develop. The

13  responses contained herein are made in a good faith effort to supply as much factual information

14  as is presently known, but should in no way lead to the prejudice of TWC in relation to further

15  discovery, research or analysis. TWC will produce responsive documents reflective of the time

16  period identified in Plaintiff's Requests, including March 13, 2003 until March 13, 2007.

17  In providing responses to the demands, TWC does not in any manner waive or intend to

18  waive, but rather intends to preserve and is preserving:

19  (1) All objections as to competency, relevancy, materiality and admissibility of the

20  requested documents or the subject matter thereof;

21  (2) All rights to object to the use of any documents produced, or the subject matter

22  thereof, in any subsequent proceedings; and

23  (3) All rights to object on any ground to any request for further responses to these or any

24  other demands for documents or other discovery demands involving or related to the subject

25  matter of the demands.

26  /////

27  /////

28  /////

-2-

DLA PIPER US LLP
SAN DIEGO

GT\6546327.1
325566-11

DEFENDANT TWC'S RESPONSES TO PLAINTIFF'S REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE

A.    **General Objections.**

TWC objects to the demands to the extent they seek discovery of matters that constitute or reflect work product of attorneys, material prepared in anticipation of litigation, attorney-client communications or are protected by privileges provided for under applicable state or federal law.

TWC also objects to this request to the extent that it seeks TWC's trade secret or confidential and/or commercially sensitive business information without a protective order in place.

TWC further objects to the location of the production and will produce documents in a mutually agreeable manner, time and place.

TWC incorporates by reference each and every general objection set forth above into each and every specific response. By responding that documents will be produced, TWC does not represent that such documents exist; rather, only that a reasonable good faith search for such documents will be made and, to the extent that such documents do exist, those documents will be produced subject to the objections stated.

B.    **Objections to Plaintiff's Defined Terms.**

TWC objects to Plaintiff's purported definition of the terms "YOU," and "YOUR" to the extent that it renders each request including these terms to be vague and ambiguous, as well as overly broad. The definition is so overbroad that it appears to call for information from literally hundreds of different corporate entities and their privileged communications with their counsel. TWC shall construe the terms "YOU," and "YOUR," when used in the Requests, to mean Time Warner Entertainment-Advance/Newhouse Partnership, a New York general partnership, through its San Diego Division, dba Time Warner Cable and no other person or entity.

TWC objects to Plaintiff's definition of the term "RESIDENT" to the extent that it renders each request including this term to be vague and ambiguous, as well as overly broad.

TWC objects to Plaintiff's definition of the term "RETAIL CUSTOMER" to the extent that it renders each request including this term to be vague and ambiguous, as well as overly broad. Among other things, Plaintiff's definition is further flawed by the inclusion of the term "consumers." TWC provides products and services to millions of individuals, residential

-3-

DLA PIPER US LLP
SAN DIEGO

GT\6546327.1
325566-11

DEFENDANT TWC'S RESPONSES TO PLAINTIFF'S REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE

1  properties, and business entities across the United States. Plaintiff has only brought a claim

2  purportedly on behalf of himself and on behalf of all California TWC subscribers: (1) who were

3  members of HOAs and/or tenants of such members; (2) where the subscriber's HOA had

4  contracted with TWC for basic cable services; and (3) where the subscriber purchased additional

5  cable and cable related services directly from TWC but allegedly was not provided a credit for the

6  basic cable services provided through the subscriber's HOA. Therefore, the inclusion of

7  "consumers" in the definition renders each request which includes the defined term "RETAIL

8  CUSTOMER" overbroad, beyond the scope of permissible discovery, unduly burdensome and

9  harassing. TWC shall construe the term "RETAIL CUSTOMER" when used in the Requests, to

10  mean TWC San Diego division subscribers of TWC products and services, other than bulk

11  subscribers or business subscribers.

12      These preliminary objections are hereby incorporated into each and every objection to the

13  Requests set forth below. Subject to the limitations and objections set forth above, TWC

14  responds to the Requests as follows:

15  **REQUESTS FOR PRODUCTION**

16  REQUEST FOR PRODUCTION NO. 1:

17      Please produce all DOCUMENTS which depict pricing for all of YOUR products and

18  services, including any bundled service packages, to RESIDENTS.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

20      TWC objects to this Request as vague, ambiguous, overbroad, unduly burdensome and

21  oppressive, and is not reasonably calculated to lead to the discovery of admissible information.

22  The phrase "depict pricing" vaguely requests *every* document that refers to pricing. TWC objects

23  to the extent that this request seeks confidential trade secret information regarding negotiated

24  prices for bulk rate customers. Subject to, and without waiving the General and Specific

25  Objections herein, and based on discovery and TWC's investigation to date, TWC further

26  responds as follows: TWC has performed a good faith effort to supply documents that identify a

27  price for TWC products and services, and TWC will produce rate cards and rate change letters.

28  /////

-4-

DLA PIPER US LLP
SAN DIEGO

GT\6546327.1
325566-11

DEFENDANT TWC'S RESPONSES TO PLAINTIFF'S REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE

1   REQUEST FOR PRODUCTION No. 2:

2       Please produce all DOCUMENTS which depict pricing for all of YOUR products and

3   services, including any bundled service packages, to RETAIL CUSTOMERS.

4   RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

5       TWC objects to this Request as vague, ambiguous, overbroad, unduly burdensome and

6   oppressive, and is not reasonably calculated to lead to the discovery of admissible information.

7   The phrase "depict pricing" vaguely requests *every* document that refer to pricing.  TWC objects

8   to the extent that this request seeks confidential trade secret information regarding negotiated

9   prices for bulk rate customers.  Subject to, and without waiving the General and Specific

10  Objections herein, and based on discovery and TWC's investigation to date, TWC further

11  responds as follows:  TWC has performed a good faith effort to supply documents that identify a

12  price for TWC products and services, and TWC will produce rate cards, rate estimates, rate letters

13  and bill notification messages.

14  REQUEST FOR PRODUCTION NO. 3:

15      Please produce all DOCUMENTS which depict all communications with plaintiff Leon

16  Alpert at any time, including, but not limited to, transcripts of telephone conversations,

17  correspondence to and from Mr. Alpert, e-mail communications to and from Mr. Alpert, and any

18  other form in which YOU maintain such communications (e.g., audio recordings).

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

20      Subject to, and without waiving the General and Specific Objections herein, and based on

21  discovery and TWC's investigation to date, TWC further responds as follows:  TWC will produce

22  all non-privileged documents in its possession, custody or control which it can located and

23  identify as responsive to this request.

24  REQUEST FOR PRODUCTION NO. 4:

25      Please produce a copy of any scripts used by YOUR employees when dealing with

26  RESIDENTS that call to complain about their bill.

27  /////

28  /////

-5-

DLA PIPER US LLP
SAN DIEGO

GT\6546327.1
325566-11

DEFENDANT TWC'S RESPONSES TO PLAINTIFF'S REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

2      Subject to, and without waiving the General and Specific Objections herein, and based on

3  discovery and TWC's investigation to date, TWC further responds as follows:  TWC has

4  performed a good faith effort to supply responsive documents to Plaintiff's requests for

5  production of documents and has not yet identified any documents in its possession, custody or

6  control which it can identify as being responsive to this request.

7  REQUEST FOR PRODUCTION NO. 5:

8      Please produce a copy of any scripts used by YOUR employees when dealing with

9  RETAIL CUSTOMERS that call to complaint about their bill.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

11      Subject to, and without waiving the General and Specific Objections herein, and based on

12  discovery and TWC's investigation to date, TWC further responds as follows:  TWC has

13  performed a good faith effort to supply responsive documents to Plaintiff's requests for

14  production of documents and has not yet identified any documents in its possession, custody or

15  control which it can identify as being responsive to this request.

16  REQUEST FOR PRODUCTION NO. 6:

17      Please produce a copy of all web pages YOU posted during the time period from

18  March 13, 2003 to March 13, 2007 which depict pricing for all of YOUR products and services,

19  including any bundled service packages, to RESIDENTS.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

21      TWC objects to this request as overbroad, unduly burdensome , and not reasonably

22  calculated to lead to the discovery of admissible evidence.  TWC does not archive its web pages

23  and overwrites them with updated web pages at the time of update.  Subject to, and without

24  waiving the General and Specific Objections herein, and based on discovery and TWC's

25  investigation to date, TWC further responds as follows:  TWC has performed a good faith effort

26  to supply responsive documents to Plaintiff's requests for production of documents and has not

27  yet identified any documents in its possession, custody or control which it can identify as being

28  responsive to this request.

-6-

DLA PIPER US LLP
SAN DIEGO

GT\6546327.1
325566-11

DEFENDANT TWC'S RESPONSES TO PLAINTIFF'S REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE

1 REQUEST FOR PRODUCTION NO. 7:

2      Please produce a copy of all web pages YOU posted during the time period from

3 March 13, 2003 to March 13, 2007 which depict pricing for all of YOUR products and services,

4 including any bundled service packages, to RETAIL CUSTOMERS.

5 RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

6      TWC objects to this request as overbroad, unduly burdensome , and not reasonably

7 calculated to lead to the discovery of admissible evidence.  TWC does not archive its web pages

8 and overwrites them with updated web pages at the time of update.  Subject to, and without

9 waiving the General and Specific Objections herein, and based on discovery and TWC's

10 investigation to date, TWC further responds as follows:  TWC has performed a good faith effort

11 to supply responsive documents to Plaintiff's requests for production of documents and has not

12 yet identified any documents in its possession, custody or control which it can identify as being

13 responsive to this request.

14 REQUEST FOR PRODUCTION NO. 8:

15      Please produce a copy of all DOCUMENTS which explain why RESIDENTS and

16 RETAIL CUSTOMERS are charged differing rates for YOUR products and services.

17 RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

18      TWC objects to this request as vague, ambiguous, seeking confidential trade secret

19 information and argumentative.  TWC also objects to this request as overly burdensome to

20 produce each HOA agreement.  Some RESIDENTS are also charged less than other RESIDENTS

21 *and* RETAIL CUSTOMERS for basic and additional cable services as specifically negotiated by

22 their HOAs.  Subject to, and without waiving the General and Specific Objections herein, and

23 based on discovery and TWC's investigation to date, TWC further responds as follows:  TWC

24 has performed a good faith effort to supply responsive documents to Plaintiff's requests for

25 production of documents and has not yet identified any documents in its possession, custody or

26 control which it can identify as being responsive to this request.

27 /////

28 /////

-7-

)LA PIPER US LLP
SAN DIEGO

GT\6546327.1
325566-11

DEFENDANT TWC'S RESPONSES TO PLAINTIFF'S REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE

1  REQUEST FOR PRODUCTION NO. 9:

2      Please produce a copy of all DOCUMENTS which demonstrate how YOUR employees

3  that handle incoming customer calls determine whether the customer that is calling is a

4  RESIDENT or a RETAIL CUSTOMER.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

6      TWC objects to this request as overbroad, unduly burdensome , seeking confidential

7  information, and not reasonably calculated to lead to the discovery of admissible evidence.

8  Subject to, and without waiving the General and Specific Objections herein, and based on

9  discovery and TWC's investigation to date, TWC further responds as follows:  TWC will produce

10  all non-privileged documents in its possession, custody or control which it can identify as being

11  responsive to this request, including documents that indicate the screen viewed by TWC

12  employees that is used to determine whether the customer is a RESIDENT or a RETAIL

13  customer.  Because of consumer confidentiality, only Plaintiff's record indicating such will be

14  produced.

15  REQUEST FOR PRODUCTION NO. 10:

16      Please produce a copy of all DOCUMENTS which demonstrate how YOUR employees

17  determine whether to charge a customer purchasing products or services as a RESIDENT

18  customer or a RETAIL CUSTOMER.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

20      TWC objects to this request as overbroad, unduly burdensome, seeking confidential

21  information, and not reasonably calculated to lead to the discovery of admissible evidence.

22  Subject to, and without waiving the General and Specific Objections herein, and based on

23  discovery and TWC's investigation to date, TWC further responds as follows:  TWC will produce

24  all non-privileged documents in its possession, custody or control which it can identify as being

25  responsive to this request, including documents that indicate the screen viewed by TWC

26  employees that is used to determine whether the customer is a RESIDENT or a RETAIL

27  customer.  Because of consumer confidentiality, only Plaintiff's record indicating such will be

28  produced.

-8-

DLA PIPER US LLP
SAN DIEGO

GT\6546327.1
325566-11

DEFENDANT TWC'S RESPONSES TO PLAINTIFF'S REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE

1    REQUEST FOR PRODUCTION NO. 11:

2         Please produce a copy of YOUR policies and procedures when dealing with RESIDENTS

3    that request a refund for being overcharged for products and services provided by YOU.

4    RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

5         Subject to, and without waiving the General and Specific Objections herein, and based on

6    discovery and TWC's investigation to date, TWC further responds as follows:  TWC will produce

7    all non-privileged documents in its possession, custody or control which it can identify as being

8    responsive to this request.

9    REQUEST FOR PRODUCTION NO. 12:

10        Please produce a copy of YOUR policies and procedures when dealing with RETAIL

11   CUSTOMERS that request a refund for being overcharged for products and services provided by

12   YOU.

13   RESPONSE TO REQUEST FOR PRODUCTION No. 12:

14        Subject to, and without waiving the General and Specific Objections herein, and based on

15   discovery and TWC's investigation to date, TWC further responds as follows:  TWC will produce

16   all non-privileged documents in its possession, custody or control which it can identify as being

17   responsive to this request, at a mutually convenient date and time.

18   Dated: October 23 , 2007

19                                DLA PIPER US LLP

20

21                         By

22                              JEFFREY M. SHOHET
                                JULIE L. HUSSEY
23                              CARRIE S. DOLTON
                                Attorneys for Defendant
24                              TIME WARNER ENTERTAINMENT-
                                ADVANCE/NEWHOUSE PARTNERSHIP, A
25                              NEW YORK GENERAL PARTNERSHIP,
                                THROUGH ITS SAN DIEGO DIVISION,
26                              DBA TIME WARNER CABLE

27

28

GT\6546327.1                    DEFENDANT TWC'S RESPONSES TO PLAINTIFF'S REQUEST
325566-11                       FOR PRODUCTION OF DOCUMENTS, SET ONE

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101. On October 23, 2007, I served the within document(s):

**TIME WARNER ENTERTAINMENT-ADVANCE/ NEWHOUSE PARTNERSHIP, A NEW YORK GENERAL PARTNERSHIP, THROUGH ITS SAN DIEGO DIVISION, DBA TIME WARNER CABLE'S NOTICE OF DEPOSITION OF PLAINTIFF LEON ALPERT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing a sealed envelope or package designated by UPS, with delivery fees paid or provided for, a true copy of each documents(s) above, in DLA Piper US LLP's mail room for collection, processing and delivery this same day to a deposit box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents. I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for delivery with express service carriers (i.e., FedEx, DHL, etc.); and that the correspondence shall be deposited with an express service carrier this same day in the ordinary course of business, to each addressee as set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**Attorneys for Plaintiff**

Barron E. Ramos, Esq.
132 N El Camino Real, Ste 303
Encinitas CA  92024
(858) 349-6019
(760) 994-1354 (fax)

David R. Markham, Esq.
Clark & Markham
401 West A St, Ste 2200
San Diego CA  92101
(619) 239-1321
(619) 239-5888 (fax)

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 23, 2007, at San Diego, California.

_____
Eloy Rodriguez

-10-

GT\6546327.1
325566-11

DEFENDANT TWC'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

# EXHIBIT C



**BARRON E. RAMOS**
Attorney at Law, A Professional Corporation
132 N. El Camino Real, # 303
Encinitas, California 92024
Phone (760) 274-6438
Mobile (858) 349-6019
Fax (760) 994-1354

<u>*VIA FAX (619) 699-2701*</u>

November 5, 2007

Julie L. Hussey
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297

     Re:   *Alpert v. Time Warner*

Dear Julie:

     Just a quick follow up and cc to my co-counsel re our conversation today. As I understand it, you will see if Time Warner (TW) is willing to provide documents reflecting pricing throughout Calif, not just in SD county and the "Desert Cities." At this point it is TW's position that the case is somehow limited to SD, and it is our position that it is statewide, as pleaded in the complaint. We look forward to your client's reply on this issue to determine if a motion is necessary. As I suggested, an alternative might be to have TW stipulate that what is true of SD is true of Calif, agree not oppose cert on that issue, and avoid production of the documents for other counties for the time being. Let us know.

     You were also going to put together some proposed language for a limited Protective Order since TW is concerned competitors might obtain sensitive information that may be reviewed by our consultant(s), if any. We look forward to seeing your proposed language in that regard.

     Also, you were going to confirm that the remaining documents requested that TW indicated do not exist, in fact, do not exist.

     Lastly, with regard to the CD not having the relevant conversation between TW and Mr. Alpert on it, you indicated that TW believes that specific recording was destroyed by someone not connected to this litigation.

     We look forward to your reply on all and do appreciate your continuing courtesy and cooperation.

                  Very truly yours,

                  Barron E. Ramos

cc     David R. Markham
       CLARK & MARKHAM *via fax* 619-239-5888

**BARRON E. RAMOS**
Attorney at Law, A Professional Corporation
132 N. El Camino Real, # 303
Encinitas, California 92024
Phone (760) 274-6438
Mobile (858) 349-6019
Fax (760) 994-1354

_**VIA FAX (619) 699-2701**_

November 16, 2007

Julie L. Hussey
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297

     Re:    _Alpert v. Time Warner_

Dear Julie:

     My date to start working on a motion to compel has arrived. As I said, I don't wait until the 11th hour. Since I am still awaiting several items from you and your client (e.g., a draft PO, the letter re which documents produced reflect actual pricing for HOA vs. non-HOA in SD, the additional rate cards for all of Calif, etc.), can we agree to extend my motion to compel time to no earlier than the end of December or some otherwise agreeable date? We have Thanksgiving and Christmas just around the corner, so figure everything starts to move in slow-motion for everyone concerned until year's end anyway.

     Let me know as soon as possible.

     Very truly yours,

     Barron E. Ramos

cc    David R. Markham
      CLARK & MARKHAM _via fax_ 619-239-5888
BER:sq

**BARRON E. RAMOS**
Attorney at Law, A Professional Corporation
132 N. El Camino Real, # 303
Encinitas, California 92024
Phone (760) 274-6438
Mobile (858) 349-6019
Fax (760) 994-1354

<u>*VIA FAX (619) 699-2701*</u>

November 21, 2007

Julie L. Hussey
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297

     Re:   *Alpert v. Time Warner*

Dear Julie:

     Further to my previous letters and e-mails, I am still awaiting several items from you and your client (e.g., a draft PO, the letter re which documents produced reflect actual pricing for HOA vs. non-HOA in SD, the additional rate cards for all of Calif, etc.). I had asked back on November 16 if can we agree to extend my motion to compel time to no earlier than the end of December or some otherwise agreeable date, but I have not heard back.

     If I hear nothing by Monday morning, November 26, after this weekend holiday, I will assume such an extension is not forthcoming and will have no choice but to file a Motion to Compel accordingly.

          Very truly yours,

          Barron E. Ramos

cc   David R. Markham
     CLARK & MARKHAM *via fax* 619-239-5888
BER:sq

**BARRON E. RAMOS**
Attorney at Law, A Professional Corporation
132 N. El Camino Real, # 303
Encinitas, California 92024
Phone (760) 274-6438
Mobile (858) 349-6019
Fax (760) 994-1354

_**VIA FAX (619) 699-2701**_

November 26, 2007

Julie L. Hussey
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297

     Re:   _Alpert v. Time Warner_

Dear Julie:

     I was reviewing the new docs you produced and did not find any "rate cards" or other pricing for HOAs, except for in San Diego and the Desert Cities. All I see is what appears to the "retail pricing" for the other (non-San Diego) communities. Am I missing something? It appears the HOA pricing was not produced. Please advise.

     Also, you were going to determine whether Time Warner (TW) utilized a back-up system of some kind so that it can finally produce Mr. Alpert's conversation with TW regarding the overcharge issue. As you may recall, that particular conversation somehow disappeared, though others were retained. If back-ups of data exist, which they must, then we can get a copy of that conversion, even if later deleted from the system. Please advise.

     Lastly, in the spirit of cooperation, I presume Time Warner will agree that any motion to compel runs from the date of the latest production. If that is not the case, please advise so that I can calendar a motion accordingly.

          Very truly yours,

          Barron E. Ramos

cc    David R. Markham
      CLARK & MARKHAM _via fax_ 619-239-5888
BER:sq





DLA Piper US LLP
401 B Street, Suite 1700
San Diego, California  92101-4297
www.dlapiper.com

Julie L. Hussey
julie.hussey@dlapiper.com
T  619.699.2844
F  619.764.6644

OUR FILE NO. 3255566-11

November 28, 2007
*VIA FACSIMILE (760-994-1354)*

Barron E. Ramos, Esq.
Attorney at Law
132 N El Camino Real  Ste 303
Encinitas CA  92024

**Re:    Alpert v. Time Warner Cable**

Dear Mr. Ramos:

Thank you for your November 26, 2008 letter.

There are no HOA pricing rate cards outside of the San Diego division.  The only HOA specific pricing outside of the San Diego Division is the result of individually negotiated prices between a particular HOA and Time Warner.

There is no recording of the September 21, 2006 call.

Time Warner will not agree to a 30 day extension for Plaintiff to file a Motion to Compel.  As previously explained, Time Warner will agree to limited extension of time as a professional courtesy should Plaintiff need additional time to file such motion once the meet and confer process has concluded.

Sincerely,

**DLA Piper US LLP**

Julie L. Hussey
Associate

JLH:epr
Enclosures

cc:    David R. Markham, Esq. (via fax 619-239-5888)

SD\1775367.1
325566-11

Julie L. Hussey
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297

      Re:   *Alpert v. Time Warner*

Dear Julie:

    I write in reply to your letter of yesterday. I still don't have the HOA pricing for the rest of California, which is what is requested and is what I thought you were going to produce. If you are refusing to produce it, let me know so I can act accordingly.

    With regard to the missing recording, you were going to determine whether Time Warner (TW) utilized a back-up system of some kind. Did they? If back-ups of data exist, then we can get a copy of that conversation, even if later deleted from the system. Again, please advise if back-ups are available. Your statement that "there is no recording" does not answer that question. If you can represent there are no back-ups, I will drop the issue. If you can't, then I'll act accordingly and assume that back-ups exist and that the recording, which is obtainable, is being concealed.

    As for an extension on a motion to compel, what time frame will TW agree to? Let me know today so I can time my motion, if it becomes necessary. Frankly, I'm surprised TW won't agree to such a minimal professional courtesy which, from my experience, is always extended when parties are trying to sort out differences. Jamming me into a motion to compel tells me, and the Court, that TW has something to hide.

               Very truly yours,

               Barron E. Ramos

cc    David R. Markham
       CLARK & MARKHAM *via fax* 619-239-5888
BER:sq

**BARRON E. RAMOS**
Attorney at Law, A Professional Corporation
132 N. El Camino Real, # 303
Encinitas, California 92024
Phone (760) 274-6438
Mobile (858) 349-6019
Fax (760) 994-1354

*VIA FAX (619) 764-6644*

December 3, 2007

Julie L. Hussey
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297

Re:    *Alpert v. Time Warner*

Dear Julie:

I am working on the motion to compel this morning but am still hopeful we can avoid it, if possible. Kindly advise by the close of business today whether Time Warner (TW) will (i) agree to produce the rates TW charged to HOAs in the state of California, other than San Diego and the Desert Cities, (ii) whether TW will agree to produce a copy of the relevant recording of Mr. Alpert's call to TW that went missing (or, alternatively, TW can represent that there is definitively no back-up available from which to make a copy), and (iii) whether TW will agree to continue my motion cutoff date to work this out or is forcing me to bring the motion now. As I suggested some time ago, an alternative to production of all of the HOA pricing in California might be to have TW simply stipulate that what is true of San Diego is true of California in general, meaning that HOA pricing was lower than "retail" pricing during the class period, and agree not oppose cert on that issue. So far, I have received no reply to that suggestion.

As to the proposed protective order (PO), I am reviewing it, but you have not indicated that TW is withholding any documents pending execution of an agreeable PO. If TW is withholding documents pending entry of a PO, please advise what documents are being withheld and advise why TW will not continue the motion to compel until the language of the PO is, or cannot be, resolved.

Depending on the reply, or if I hear nothing, I will calendar and file the motion tomorrow morning. I hate bringing discovery motions as much as judges hate hearing them, so hopefully we can avoid burdening the Court with our discovery dispute.

Very truly yours,

Barron E. Ramos

cc    David R. Markham
       CLARK & MARKHAM *via fax* 619-239-5888

BER:sq

From:       "Hussey, Julie" <Julie.Hussey@dlapiper.com>
Subject:    RE: Time Warner
Date:       Mon, December 3, 2007 2:36 pm
To:         barron@yourclasscounsel.com
Cc:         "Shohet, Jeffrey" <Jeffrey.Shohet@dlapiper.com>

Barron:

Thanks for today's letter and email, Barron.

Time Warner has produced a voluminous set of rate cards for the state of
California (outside San Diego and Desert Cities) for 2007   We
understand these to reflect all of the current retail rates in effect
throughout the other Divisions of Time Warner.  We are not aware of the
existence of any HOA rate cards for California outside San Diego and
Desert Cities.  The rates charged to HOA customers outside San Diego and
Desert Cities (but within California) are individually negotiated
contract rates and are, therefore, not reflected in any "rate cards".
Apart from what they may be called, Time Warner will not produce
hundreds of individually negotiated, private contracts because rates
negotiated with other bulk customers is a highly confidential trade
secret the disclosure of which is not likely to lead to the discovery of
admissible evidence.  It would therefore be both unduly burdensome and
irrelevant to require the production of these additional materials.   We
have produced all rate card  we could locate for San Diego and Desert
Cities for the requested time period, including the HOA rate cards.
With this explanation, what is it that Plaintiff seeks to compel
regarding pricing?

As a reminder of the discussion at Plaintiff's deposition, Time Warner
will not agree to the stipulation referenced in your December 3, 2007
letter.

As discussed, there is no recording of the conversation that you
continue to request.  To be clear, there is no recording, backup or
otherwise.

Finally, it is my understanding that Plaintiff's Motion to Compel is not
due until December 12, 2007, and we frankly do not understand why an
extension on such Motion to Compel is necessary.  Plaintiff has had a
copy of the Protective Order since November 21, 2001 and we have not yet
received any comment or requested changes.  Time Warner has not withheld
documents pending execution of a protective order, but Plaintiff has
withheld information on this basis.  Please provide an executed
protective order so such information can be exchanged or provide comment
or suggested changes to the protective order so that we may meet and
confer on this issue, if necessary.  Certainly Plaintiff can file the
motion tomorrow if he chooses, but since Plaintiff's motion deadline is
not until December 12, 2007 and the only outstanding issue is a
protective  order (which is in your court) it would be unfortunate to
waste the Court's time with such a motion.  However, should Plaintiff
need an extension of time in which to file the motion to compel,  as a
professional courtesy, Time Warner will agree to extend the deadline
until December 19, 2007.

Please let me know if you would like to discuss any of these issues.

Regards,

Julie

-----Original Message-----
From: barron@yourclasscounsel.com [mailto:barron@yourclasscounsel.com]
Sent: Monday, December 03, 2007 9:12 AM
To: Hussey, Julie

**BARRON E. RAMOS**
Attorney at Law, A Professional Corporation
132 N. El Camino Real, # 303
Encinitas, California 92024
Phone (760) 274-6438
Mobile (858) 349-6019
Fax (760) 994-1354

_**VIA FAX (619) 764-6644**_

December 3, 2007

Julie L. Hussey
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297

Re:    _Alpert v. Time Warner_

Dear Julie:

I just read over your e-mail in reply to my letter of earlier today. Thanks for the prompt reply today.

You ask what it is we would be seeking to compel. The answer was, and is, the HOA pricing for the rest of California. Having only the "retail" pricing is only having half of the picture and is meaningless without the other half – i.e., the HOA pricing. We need the full pricing (HOA and retail) for all of California and I understand your position that Time Warner is refusing to provide it. Since Time Warner will not stip that HOA and retail pricing differ throughout the state the way it does in San Diego (i.e., HOA is lower), and since it will not produce the actual pricing, then we have no choice but to move to compel. If you have another suggestion, I may be open to it, but frankly I don't see it. We need to move to certify a statewide class and therefore need statewide discovery.

In your letter you also state that Time Warner is not withholding anything based upon the need for a protective order, which I appreciate. It is for that reason there is no hurry to enter into such an agreement. As you say, Time Warner is not withholding the HOA pricing in other areas until we enter into a potential protective order. Rather, they are withholding it because they claim it would be unduly burdensome and the requested production would be, according to Time Warner, "irrelevant."

Finally, I thank you for the one week extension in filing the motion, but if Time Warner is simply going to refuse to produce the requested documents, I will be filing before December 12 in any event. If something changes or you want to discuss this further, let me know.

Very truly yours,

Barron E. Ramos

cc    David R. Markham
      CLARK & MARKHAM _via fax_ 619-239-5888
BER:sq

COPY

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jeffrey M. Shohet (Bar No. 067529)/Julie L. Hussey (Bar No. 237711) Carrie S. Dolton (Bar No. 234298) DLA Piper US LLP 401 B Street, Suite 1700   San Diego, CA 92101-4297 TELEPHONE NO.: 619 699-2700   FAX NO. *(Optional)*: 619 699-2701 E-MAIL ADDRESS *(Optional)*: Time Warner Entertainment-Advance/Newhouse Partn. ATTORNEY FOR *(Name)*: through its San Diego division dba Time Warner Cable | **F I L E D** Clerk ~~~~~~~~~~ **DEC 2 7 2007** By:_____ **Deputy** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**

STREET ADDRESS:  330 West Broadway

MAILING ADDRESS:

CITY AND ZIP CODE:  San Diego, CA 92101

BRANCH NAME:

PLAINTIFF/PETITIONER: LEON ALPERT

DEFENDANT/RESPONDENT: TIME WARNER CABLE, INC.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: GIC 881621 |
|---|---|
| (Check one):  ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: January 11, 2008        Time: 10:00 a.m.      Dept.: C-63       Div.:        Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☒   This statement is submitted by party *(name)*: Time Warner Entertainment-Advance/Newhouse Partnership,
   b. ☐   This statement is submitted jointly by parties *(names)*: through its San Diego division, dba Time Warner Cable, sued erroneously as Time Warner Cable, Inc.

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b. ☐   The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐   The following *parties* named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not)*:

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐   have had a default entered against them *(specify names)*:

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a.   Type of case in ☒ complaint   ☐ cross-complaint   *(describe, including causes of action)*:
      California Business & Professions Code section 17200 cause of action for unlawful, unfair, and/or deceptive business practices.

Page 1 of 4

Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, rules 3.720-3.730 www.courtinfo.ca.gov

American LegalNet, Inc. www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: LEON ALPERT | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TIME WARNER CABLE, INC. | GIC 881621 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff, individually and on behalf of a purported class, claims that Defendant Time Warner Cable violated Business & Professions Code section 17200 by unlawfully, unfairly, and/or deceptively 1) overcharging customers who are members of homeowners' associations for cable and cable related services by not providing such customers pricing that properly accounts for the cable services already provided under Time Warner Cable's contract with the customer's homeowners' association; 2) attempting to limit customers' rights to seek refunds for overcharges to 30 days after receipt of a bill. Plaintiff also claims that Time Warner Cable violated Business & Professions Code section 17200 by violating Civil Code sections 1770(a)(3), (13), and (19). Plaintiff demands restitution for alleged overcharges and an injunction prohibiting Time Warner Cable from engaging in such alleged unlawful, unfair, and deceptive business practices.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☒ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* Although Plaintiff has designated the case as complex, Defendant believes, at this time, that the case will be ready for trial within 12 months of the date of the filing of the complaint.
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☒ days *(specify number):* 3 (if class is not certified)
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
   a. Counsel ☐ has ☒ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
   b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
   c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]  **CASE MANAGEMENT STATEMENT**  American LegalNet, Inc. www.FormsWorkflow.com

**CM-110**

| PLAINTIFF/PETITIONER: LEON ALPERT | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TIME WARNER CABLE, INC. | GIC 881621 |

10. d.  The party or parties are willing to participate in *(check all that apply):*

    (1) ☒ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

    ☒ The party or parties are willing to participate in an early settlement conference *(specify when):*
    After initial exchange of discovery.

**12. Insurance**

    a. ☒ Insurance carrier, if any, for party filing this statement *(name):* ACE American Insurance Company

    b. Reservation of rights: ☒ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 14a

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

    ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
    Defendant will file a motion for summary judgment prior to the Case Management Conference prior to January 11, 2008.

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: LEON ALPERT | CASE NUMBER: GIC 881621 |
|---|---|
| DEFENDANT/RESPONDENT: TIME WARNER CABLE, INC. | |

**17. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

Defendant is exploring opportunities to resolve the case without a trial. In the event the case proceeds, the following is the discovery Defendant proposes:

| Selected Class Members | Document Discovery | January 2008 |
|---|---|---|
| Third Party | Depositions | March 2008 |
| Completion of Plaintiff's Deposition | Deposition | March 2008 |

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**
a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other Issues**
☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**
a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**
Previous case management orders in this case are *(check one):* ☒ none ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 27, 2007

JULIE L. HUSSEY
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY)
☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]          **CASE MANAGEMENT STATEMENT**          Page 4 of 4
American LegalNet, Inc.
www.FormsWorkflow.com

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JULIE L. HUSSEY                    237711<br>DLA PIPER US LLP<br>401 B ST, STE 1700<br>SAN DIEGO, CA 92101-4297<br>TELEPHONE NO.: 619-699-2700<br>E-MAIL ADDRESS *(Optional):* julie.hussey@dlapiper.com  FAX NO. *(Optional):* 619-699-2701<br>ATTORNEY FOR *(Name):* TIME WARNER CABLE | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
- ☐ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- ☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- ☐ FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3294
- ☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- ☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
- ☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
- ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- ☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

PETITIONER/PLAINTIFF: LEON ALPERT

RESPONDENT/DEFENDANT: TIME WARNER ENTERTAINMENT-ADVANCE/ NEWHOUSE PARTNERSHIP, A NEW YORK GENERAL PARTNERSHIP, THROUGH ITS SAN DIEGO DIVISION, DBA TIME WARNER CABLE

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>GIC881621 |
|---|---|

F I L E D

Clerk of the Superior Court

DEC 27 2007

By:_____,Deputy

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1.   I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2.   My residence or business address is :DLA PIPER US LLP, 401 B ST, STE 1700, SAN DIEGO, CA 92101-4297

3.   On *(date):*12/27/07        I mailed from *(city and state):* SAN DIEGO, CA
the following documents *(specify):* CASE MANAGEMENT STATEMENT

☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4.   I served the documents by enclosing them in an envelope and *(check one):*
a. ☐  depositing the sealed envelope with the United States Postal Service with the postage fully prepaid,
b. ☒  placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5.   The envelope was addressed and mailed as follows:
a. Name of person served: Barron E. Ramos, Esq. and David R. Markham, Esq.
b. Address of person served: 132 N. El Camino Real, Ste. 303, Encinitas, CA 92024; and Clark & Markham, 401 W. A St., Ste. 2200, San Diego, CA 92101, respectively.

☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2007

Eloy Rodriguez
_____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

▶ _____
(SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov |

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Barron E. Ramos, Attorney at Law, APC (179620)<br>132 N. El Camino Real, # 303<br>Encinitas, CA 92024<br><br>TELEPHONE NO.: 760-274-6438    FAX NO. *(Optional)*: 760-994-1354<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: plaintiff Leon Alpert | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: Leon Alpert
DEFENDANT/RESPONDENT: Time Warner

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): [✓] UNLIMITED CASE<br>(Amount demanded exceeds $25,000)    [ ] LIMITED CASE<br>(Amount demanded is $25,000 or less) | GIC 881621 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: Jan 11, 2008    Time: 10:00 a.m.    Dept: C-63    Div.:    Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [✓] This statement is submitted by party *(name)*: plaintiff Leon Alpert
   b. [ ] This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: March 13, 2007
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [✓] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in [✓] complaint    [ ] cross-complaint    *(describe, including causes of action)*:
   Unlawful, unfair and deceptive overcharging for cable television and related services in violation of Cal. B&P Code section 17200.

Page 1 of 4

**CM-110**

| PLAINTIFF/PETITIONER: Leon Alpert | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Time Warner | GIC 881621 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff, on behalf of himself and all others situated, brings this action to remedy Time Warner's systematic overcharging of its HOA customers in the State of California in that Time Warner does not account for the monies already paid by HOA members to Time Warner through the HOA members' HOA associations that have existing contracts with Time Warner when pricing services to those HOA customers. Plaintiff seeks class-wide restitution of all overcharges and injunctive relief.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request  ☑ a jury trial  ☐ a nonjury trial  *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
The case may not be ready within 12 months due to discovery disputes and case complexity.
c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☑ days *(specify number):* 5
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption  ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Leon Alpert | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Time Warner | GIC 881621 |

10. d.    The party or parties are willing to participate in *(check all that apply):*
    (1) ☑ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify):*

e.    ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f.    ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g.    ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
    ☑ The party or parties are willing to participate in an early settlement conference *(specify when):*
        After exchange of discovery sufficient to fully evaluate case.

**12. Insurance**
    a.    ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b.    Reservation of rights:    ☐ Yes    ☐ No
    c.    ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy    ☐ Other *(specify):*
    Status:

**14. Related cases, consolidation, and coordination**
    a.    ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 14a.
    b.    ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by *(name party):*

**15. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
    ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
        Class certification

CM-110

| PLAINTIFF/PETITIONER: Leon Alpert | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Time Warner | GIC 881621 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | written discovery and depositions (cert) | June 08 |
| Plaintiff | written discovery and depositions (merits) | Nov 08 |

c. ☑ The following discovery issues are anticipated *(specify):*

Motion to compel document production pending

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other Issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

An order shortening time to have plaintiff's motion to compel heard. The motion is currently scheduled for March 14, 2008.

**20. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**

Previous case management orders in this case are *(check one):* ☑ none ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: Jan 03, 2008

Barron E. Ramos
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

**CASE MANAGEMENT STATEMENT**

1                               **PROOF OF SERVICE**

2          I am employed in the County of San Diego, California. I am over the age of 18 years and

3 not a party to the within action. My business address is 132 N. El Camino Real, # 303, Encinitas,

4 California 92024.

5          On January 3, 2008, I served the following documents:

6                     **PLAINTIFF'S CASE MANAGMENT STATEMENT**

7

8 on the parties in this action by placing a true copy thereof in a sealed envelope, addressed as

9 follows:

10 Jeffrey M. Shohet               *Attorneys for Time Warner Entertainment-*
Julie L. Hussey                  *Advance NewHouse Partnership, A New York*

11 Carrie S. Dolton                *General Partnership, Through its San Diego*
**DLA PIPER US LLP**           *Division d.b.a. Time Warner Cable*

12 401 B Street, Suite 1700
San Diego, CA 92101-4297

13 Facsimile: (619) 764-6644

14

15 X     (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-
class mail, for collection and mailing at 132 N. El Camino Real, # 303, Encinitas, California

16        92024, following ordinary business practices. I am familiar with the practice of collection
and processing of correspondence, said practice being that in the ordinary course of business,

17        correspondence is deposited in the United States Postal service the same day as it is placed
for collection.

18

19        (BY FACSIMILE) I transmitted the above-listed document to the party listed above via
facsimile. The transmission was reported complete and without error. The telephone number

20        of the facsimile machine I used was (760) 274-6438.

21

22         I declare under penalty of perjury under the laws of the State of California that the

23 foregoing is true and correct.

24         Executed at Encinitas, California on January 3, 2008.

25

26                               Barron E. Ramos

27

28

                                    1                           CASE NO. GIC 881621

1  **BARRON E. RAMOS**
   Attorney at Law, A Professional Corporation
2  Barron E. Ramos (State Bar No. 179620)
   132 N. El Camino Real, # 303
3  Encinitas, California 92024
   Telephone: (760) 274-6438
4  Facsimile:  (760) 994-1354

5  **CLARK & MARKHAM**
   David R. Markham (State Bar No. 071814)
6  R. Craig Clark (State Bar No. 129219)
   James M. Treglio (State Bar No. 228077)
7  401 West "A" Street, Suite 2200
   San Diego, CA 92101
8  Telephone: (619) 239-1321
   Facsimile: (619) 239-5888
9
   Attorneys for plaintiff and the Class
10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                        **COUNTY OF SAN DIEGO**

13  LEON ALPERT, an individual,                ) Case No. GIC 881621
    on behalf of himself, on behalf of all those)
14  similarly situated, and on behalf of the general) **CLASS ACTION**
    public,                                     )
15                                              ) **UNOPPOSED EX-PARTE APPLICATION**
              Plaintiffs,                       ) **FOR AN ORDER SHORTENING TIME ON**
16                                              ) **PLAINTIFF'S MOTION TO COMPEL;**
    v.                                          ) **DECLARATION OF BARRON E. RAMOS**
17                                              ) **IN SUPPORT THEREOF; POINTS AND**
    TIME WARNER CABLE, INC., a Delaware) **AUTHORITIES; PROPOSED ORDER**
    corporation, and DOES 1 TO 100,            )
18                                              )
              Defendants.                       ) Date: January 11, 2008
19                                              ) Time: 10:00 a.m.
                                                )
20                                              ) Dept: 63
                                                ) Judge: Hon. Luis R. Vargas
21                                              )
                                                ) Trial Date: None Set
22                                              ) Case Filed: March 13, 2007
                                                )
23  _____

24

25

26

27
                                    1
28  _____
    UNOPPOSED EX-PARTE APPLICATION FOR AN ORDER SHORTENING TIME ON PLAINTIFF'S MOTION TO COMPEL;
    DECLARATION OF BARRON E. RAMOS IN SUPPORT THEREOF; POINTS AND AUTHORITIES; PROPOSED ORDER

## APPLICATION AND DECLARATION OF BARRON E. RAMOS

I, Barron E. Ramos, declare as follows:

1.      I am one of the attorneys for plaintiff Leon Alpert and have personal knowledge of each of the facts set forth herein, and if called upon as a witness could and would testify competently thereto.

2.      On December 7, 2007, I filed and served plaintiff's motion to compel compliance (and alternative motion to compel). The first available hearing date for the motion was March 14, 2008 due to the Court's congested calendar. The Court's calendar clerk advised me that if we wanted an earlier hearing date we would need to apply ex-parte for an Order shortening time and advised that for the convenience of the Court it would be best to have the ex-parte request heard at the time of the January 11, 2008 CMC in this matter.

3.      The delay in hearing plaintiff's motion to compel would cause substantial prejudice to plaintiff in that Time Warner has indicated it will be filing a Motion for Summary Judgment/Adjudication (which will likely have already been filed at the time of this ex-parte application), yet it is withholding relevant and critical discovery. Thus, plaintiff is not in a position to fully evaluate the merits of the defenses raised, has inadequate discovery to oppose any dispositive motion, nor is able to able to meaningfully depose any of Time Warner's PMKs until those documents are produced and analyzed.

4.      On January 4, 2008, after I contacted Time Warner's counsel, Time Warner agreed it would not oppose moving the hearing date up to mid-February to permit plaintiff sufficient time for discovery. On January 7, 2008 I provided Time Warner's counsel notice of the fact that this ex-parte hearing would occur at the time of the currently scheduled CMC, January 11, 2008 at 10:00 a.m.

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this ___7TH___ day of January, 2008 at Encinitas, California.

                                        Barron E. Ramos

2

## **BRIEF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION**

Ordinarily a motion to compel, like any other discovery motion, is heard upon 16 court days' notice (extended by 5 calendar days for service by mail). See, e.g., Code of Civil Proc. section 1005(b). With the original service and filing date of December 7, 2007, that would have resulted in a hearing date no later than early to mid-January, 2008, even with the intervening holidays. However, due to the Court's significant workload and calendar congestion, the earliest possible date for hearing the motion to compel was set more than three (3) months out from the date of filing/service of the motion and full two (2) months later than it would normally have been heard.

While such a delay may not ordinarily create a problem, here, plaintiff has been informed both orally, and through Time Warner's Case Management Statement submitted to this Court, that Time Warner intends to move for summary judgment and/or adjudication and yet has refused to produce relevant, critical and necessary discovery. The additional two (2) months that plaintiff must wait to be heard will clearly handicap his ability to oppose any potential motion brought by Time Warner, including any motion for summary adjudication. For example, once those documents are finally produced, they will still need to be fully analyzed which, depending on the volume produced, could take several weeks. Moreover, plaintiff cannot calendar the taking of Time Warner's PMK depositions until such documents are produced and plaintiff is in a position to ask informed questions of Time Warner's witnesses.

Thus, between the time necessary to have the motion to compel heard on the Court's current calendar, the time necessary to then analyze the withheld documents once they are produced, and the time necessary to then prepare for, take, and have the transcript returned on any potential PMK deposition(s), plaintiff is realistically looking at several months' time before he is able to adequately oppose any dispositive motion brought by Time Warner or otherwise move for certification.

Put plainly, waiting a full three (3) months to be heard on plaintiff's motion to compel will result in potentially significant prejudice to the plaintiff and the interests of the class he seeks to

3

1   represent. For these reasons, and given what plaintiff believes is the relative simplicity of the

2   pending motion to compel, plaintiff respectfully requests an Order shortening time to move up the

3   hearing date to early February. Time Warner does not oppose moving the hearing date to mid-

4   February.

5

6   Dated: January 7, 2008

7                                                                        Barron E. Ramos

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        4

**[PROPOSED] ORDER**

GOOD CAUSE HAVING BEEN SHOWN THEREFOR, it is Ordered that the hearing on plaintiff's motion to compel is shortened so that the new hearing date is set for _____. The parties will file opposing and reply papers in accordance with the code of civil procedure based upon the new hearing date.

Dated: January __, 2008

_____
Hon. Luis R. Vargas

5

**PROOF OF SERVICE**

I am employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is 132 N. El Camino Real, # 303, Encinitas, California 92024.

On January 7, 2008, I served the following documents:

**UNOPPOSED EX-PARTE APPLICATION FOR AN ORDER SHORTENING TIME ON PLAINTIFF'S MOTION TO COMPEL; DECLARATION OF BARRON E. RAMOS IN SUPPORT THEREOF; POINTS AND AUTHORITIES; PROPOSED ORDER**

on the parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Jeffrey M. Shohet<br>Julie L. Hussey<br>Carrie S. Dolton<br>**DLA PIPER US LLP**<br>401 B Street, Suite 1700<br>San Diego, CA 92101-4297<br>Facsimile: (619) 764-6644 | *Attorneys for Time Warner Entertainment-Advance NewHouse Partnership, A New York General Partnership, Through its San Diego Division d.b.a. Time Warner Cable* |

(BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at 132 N. El Camino Real, # 303, Encinitas, California 92024, following ordinary business practices. I am familiar with the practice of collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

X   (BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile. The transmission was reported complete and without error. The telephone number of the facsimile machine I used was (760) 274-6438.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Encinitas, California on January 7, 2008.

Barron E. Ramos

CASE NO. GIC 881621
PROOF OF SERVICE

1

## Fax Cover Sheet

| | | | |
|---|---|---|---|
| **Date:** | January 7, 2008 | **Time:** | 10:06 AM |
| **To:** | Jeffrey M. Shohet | **Phone:** | |
| | Julie L. Hussey | | |
| | **DLA PIPER US LLP** | | |
| | | **Fax:** | (619) 764-6644 |

| | | | |
|---|---|---|---|
| **From:** | **Barron Ramos** | **Phone:** | 858-349-6019 |
| | Attorney at Law, APC | **Fax:** | 760-994-1354 |
| | 132 N. El Camino Real, # 303 | **Email:** | barron@yourclasscounsel.com |
| | Encinitas, CA 92024 | | ramosesq@yahoo.com |

## Message                    Number of pages including Cover Sheet: 7

Dear Jeff and Julie,

FYI: I was able to get the Court to have the ex-parte at the same time as the CMC this Friday. Actually, it was the Clerk's suggestion.

Barron