1  JEFFREY M. SHOHET (Bar No. 067529)
   JULIE L. HUSSEY (Bar No. 237711)
2  CARRIE S. DOLTON (Bar No. 234298)
   RYAN T. HANSEN (Bar No. 234329)
3  **DLA PIPER US LLP**
   401 B Street, Suite 1700
4  San Diego, CA  92101-4297
   Tel:  619.699.2700
5  Fax:  619.699.2701

6

7  Attorneys for Defendant
   TIME WARNER ENTERTAINMENT-ADVANCE/
   NEWHOUSE PARTNERSHIP, A NEW YORK GENERAL
8  PARTNERSHIP

9                    UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11

12

13 LEON ALPERT, an individual, on behalf of      CV No. 08CV582 BTM
   himself, on behalf of all those similarly
   situated, and on behalf of the general public,  **NOTICE OF MOTION AND MOTION OF**
14                                                  **DEFENDANT TIME WARNER CABLE**
                    Plaintiffs,                     **FOR SUMMARY JUDGMENT OR, IN**
15                                                  **THE ALTERNATIVE, PARTIAL**
           v.                                       **SUMMARY JUDGMENT**
16
   TIME WARNER CABLE, INC., a Delaware          Date      May 23, 2008
17 corporation, and DOES 1 TO 100,              Time      11:00 a.m.
                                                Ctrm:     15
18                  Defendants.                 Judge:    Hon. Barry Ted Moskowitz

19                                              **[NO ORAL ARGUMENT UNLESS**
                                                **REQUESTED BY THE COURT]**
20
                                                Complaint:   March 13, 2007
21                                              FAC:         May 16, 2007
                                                Removal:     March 28, 2008
22

23

24

25

26

27

28

DLA PIPER US LLP
SAN DIEGO

SD\1789916.1
325566-11

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT [CV NO. 08CV582]

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that on May 23, 2008 at 11:00 a.m., or as soon thereafter as can

3    be heard, in Courtroom 15 of the above-entitled Court, located at 880 Front Street, San Diego,

4    California 92101, Defendant Time Warner Entertainment-Advance/Newhouse Partnership,

5    through its San Diego Division, dba Time Warner Cable ("TWC") will and hereby does move

6    this Court for summary judgment or, in the alternative, partial summary judgment in favor of

7    TWC against Plaintiff Leon Alpert ("Plaintiff").

8         This motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure because

9    Plaintiff's claims lack merit as a matter of law.  Specifically, TWC respectfully requests that the

10   Court grant summary judgment in its favor and against Plaintiff on the following grounds:

11        **Issue #1:**  Plaintiff's cause of action for violation of Business & Professions Code section

12   17200 *et seq.*, based on TWC engaging in unlawful conduct in violation of the Consumer Legal

13   Remedies Act ("CLRA"), lacks merit as a matter of law because Plaintiff cannot prove a violation

14   of the CLRA.

15        **Issue #2:**  Plaintiff's Cause of Action for Violation of Business & Professions Code

16   section 17200 *et seq.*, based on TWC engaging in unlawful conduct by breaching its agreement

17   with Sea Point Townhomes' Home Owners' Association (the "HOA"), lacks merit as a matter of

18   law because TWC did not breach its agreement with the HOA.

19        **Issue #3:**  Plaintiff's Cause of Action for Violation of Business & Professions Code

20   section 17200 *et seq.*, based on TWC engaging in unfair conduct by overcharging Plaintiff, lacks

21   merit as a matter of law because TWC did not overcharge Plaintiff.

22        **Issue #4:**  Plaintiff's Cause of Action for Violation of Business & Professions Code

23   section 17200 *et seq.*, based on TWC engaging in unfair conduct by requiring thirty-day

24   notification of billing errors while failing to disclose HOA pricing that accounted for HOA

25   payments, lacks merit as a matter of law because such notification terms are reasonable.

26        **Issue #5:**  Plaintiff's Cause of Action for Violation of Business & Professions Code

27   section 17200 *et seq.*, based on TWC engaging in unfair conduct by requiring thirty-day

28   notification of billing errors while failing to disclose HOA pricing that accounted for HOA

1  payments, lacks merit as a matter of law because the notification term had no effect on Plaintiff,

2  yet has a legitimate business benefit to TWC.

3      **Issue #6:**  Plaintiff's Cause of Action for Violation of Business & Professions Code

4  section 17200 *et seq.*, based on TWC engaging in unfair conduct by requiring thirty-day

5  notification of billing errors while failing to disclose HOA pricing that accounted for HOA

6  payments, lacks merit as a matter of law because TWC did not fail to disclose such pricing.

7      **Issue #7:**  Plaintiff's Cause of Action for Violation of Business & Professions Code

8  section 17200 *et seq.*, based on TWC engaging in unfair conduct by breaching its agreement with

9  the HOA, lacks merit as a matter of law because TWC did not breach its agreement with the

10  HOA.

11      **Issue #8:**  Plaintiff's Cause of Action for Violation of Business & Professions Code

12  section 17200 *et seq.*, based on TWC engaging in misleading conduct by overcharging Plaintiff,

13  lacks merit as a matter of law because TWC did not overcharge Plaintiff.

14      **Issue #9:**  Plaintiff's Cause of Action for Violation of Business & Professions Code

15  section 17200 *et seq.*, based on TWC misleading Plaintiff regarding when he was required to

16  notify TWC of billing errors by hiding notification requirements and failing to disclose HOA

17  pricing that accounted for HOA payments, lacks merit as a matter of law because the notification

18  term was included in Plaintiff's contract and on every invoice sent to Plaintiff.

19      **Issue #10:**  Plaintiff's Cause of Action for Violation of Business & Professions Code

20  section 17200 *et seq.*, based on TWC concealing HOA pricing that accounted for HOA payments,

21  lacks merit as a matter of law because TWC did not fail to disclose such pricing.

22      **Issue #11:**  Plaintiff's Cause of Action for Violation of Business & Professions Code

23  section 17200 *et seq.*, based on TWC misrepresenting its affiliation, connection, or association

24  with the HOA, lacks merit as a matter of law because TWC made no such misrepresentations.

25      **Issue #12:**  Plaintiff's Cause of Action for Violation of Business & Professions Code

26  section 17200 *et seq.*, based on TWC misrepresenting the reason for the decrease in Plaintiff's bill

27  for Additional Services after he changed his services to a bundled package, lacks merit as a matter

28  of law because TWC made no such misrepresentations.

1    **Issue #13:**  Plaintiff's Cause of Action for Violation of Business & Professions Code

2    section 17200 *et seq.*, based on TWC engaging in misleading or deceptive conduct, lacks merit as

3    a matter of law because Plaintiff cannot prove the general public would likely be misled or

4    deceived by TWC's conduct.

5    **Issue #14:**  Plaintiff's Cause of Action for Violation of Business & Professions Code

6    section 17200 *et seq.* lacks merit as a matter of law because Plaintiff lacks standing since he has

7    not been injured and lost money or property as a result of TWC's purported conduct.

8    This motion is based upon this Notice of Motion, as well as the supporting Memorandum

9    of Points and Authorities, Declaration of Terri Rhodes, Declaration of Julie L. Hussey, Separate

10   Statement of Undisputed Facts, Request for Judicial Notice, and Notice of Lodgment of Exhibits,

11   all of which are served and filed herewith, and the complete records and files of this action, and

12   any argument or additional evidence that is permitted by this Court.

13                                          Respectfully submitted,

14   Dated:  April 2, 2008

15                                          DLA PIPER US LLP

16

17                                          By:  s/Jeffrey M. Shohet
                                               _____
                                               JEFFREY M. SHOHET
18                                             JULIE L. HUSSEY
                                               CARRIE S. DOLTON
19                                             RYAN T. HANSEN
                                               Attorneys for Defendant Time Warner
20                                             Entertainment-Advance/Newhouse Partnership,
                                               a New York General Partnership, through its
21                                             San Diego Division, dba Time Warner Cable

22

23

24

25

26

27

28

SD\1789916.1                          -3-
325566-11

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT [CV NO. 08CV582]