1   JEFFREY M. SHOHET (Bar No. 067529)
    JULIE L. HUSSEY (Bar No. 237711)
2   CARRIE S. DOLTON (Bar No. 234298)
    RYAN T. HANSEN (Bar No. 234329)
3   **DLA PIPER US LLP**
    401 B Street, Suite 1700
4   San Diego, CA  92101-4297
    Tel:  619.699.2700
5   Fax:  619.699.2701

6

7   Attorneys for Defendant
    TIME WARNER ENTERTAINMENT-ADVANCE/
    NEWHOUSE PARTNERSHIP, A NEW YORK GENERAL
8   PARTNERSHIP

9                       UNITED STATES DISTRICT COURT

10                     SOUTHERN DISTRICT OF CALIFORNIA

11

12
    LEON ALPERT, an individual, on behalf of        CV No. 08CV582 BTM
13  himself, on behalf of all those similarly
    situated, and on behalf of the general public,  **SEPARATE STATEMENT OF**
14                                                   **UNDISPUTED FACTS IN SUPPORT OF**
                    Plaintiffs,                      **DEFENDANT TIME WARNER CABLE'S**
15                                                   **MOTION FOR SUMMARY JUDGMENT**
            v.                                       **OR, IN THE ALTERNATIVE, PARTIAL**
16                                                   **SUMMARY JUDGMENT**
    TIME WARNER CABLE, INC., a Delaware
17  corporation, and DOES 1 TO 100,                  Date      May 23, 2008
                                                     Time      11:00 a.m.
18                  Defendants.                      Ctrm:     15
                                                     Judge:    Hon. Barry Ted Moskowitz
19
                                                     **[NO ORAL ARGUMENT UNLESS**
20                                                   **REQUESTED BY THE COURT]**

21                                                   Complaint:   March 13, 2007
                                                     FAC:         May 16, 2007
22                                                   Removal:     March 28, 2008

23

24

25

26

27

28

DLA PIPER US LLP          SD\1789918.1
  SAN DIEGO
                _____

Defendant Time Warner Entertainment-Advance/Newhouse Partnership, a New York general partnership, through its San Diego Division, dba Time Warner Cable ("TWC"), sued erroneously as Time Warner Cable, Inc., respectfully submits the following statement of undisputed material facts in support of its motion for summary judgment or, in the alternative, partial summary judgment.

**Issue #1:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unlawful conduct in violation of the Consumer Legal Remedies Act ("CLRA"), lacks merit as a matter of law because Plaintiff cannot prove a violation of the CLRA.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1.  Plaintiff Leon Alpert ("Plaintiff") is a resident of Sea Point Townhomes in Del Mar, California.<br><br>Deposition of Leon Alpert ("Alpert Deposition"), p. 123, lines 12-15; Deposition Transcript, Notice of Lodgment of Exhibits and Non-California Authorities in Support of Defendant Time Warner Cable's Motion for Summary Judgment ("NOL"), Ex. A [Declaration of Julie L. Hussey in Support of Defendant Time Warner Cable's Motion for Summary Judgment ("Hussey Decl."), ¶ 2]. | |
| 2.  Sea Point Townhomes is a Home Owners' Association ("HOA" or the "HOA") that has contracted with TWC, under an agreement referred to as a Residential Bulk Services Agreement, for certain cable services to be provided to the residents of Sea Point Townhomes (the "Agreement").<br><br>Declaration of Terri Rhodes in Support of Defendant Time Warner Cable's Motion for Summary Judgment ("Rhodes Decl."), ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 3. The Agreement provides that TWC will provide 76 cable channels, sometimes referred to as "basic cable," to each home/unit of Sea Point Townhomes, and that Sea Point Townhomes will pay TWC a monthly fee per home/unit for such services.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | |
| 4. Section 1 of the Agreement, entitled "Operator's Service Obligations," provides that TWC "will offer Bulk Multi-Channel Video Services to Residents."<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 1. | |
| 5. Section 2 of the Agreement, entitled "Rates and Services," states that the "HOA shall pay to [TWC] a monthly Bulk Multi-Channel Video Services fee" which is set forth in Exhibit B to the Agreement.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 2. | |
| 6. The fee for basic cable services is to be billed for and paid by the Sea Point Community HOA.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 2; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 7. Although basic cable is provided to HOA residents through the HOA, individual residents are free to order additional services from TWC and/or otherwise do business with TWC.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Alpert Deposition, p. 124, lines 17-23; p. 126, lines 2-25; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 8. TWC may, but is not obligated to, offer the residents of Sea Point Townhomes services *other than* the 76 cable channels provided for in the Agreement (hereafter "Additional Service" or "Additional Services"). <br><br> Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 1. | |
| 9. Section 1 of the Agreement provides that TWC "may offer and provide Additional Service to Residents on a non-exclusive basis." <br><br> Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 1. | |
| 10. Additional Services are defined as "any services other than the Bulk Multi-Channel Video Services, including, but not limited to, premium channels, pay-per-view, music, digital tier, video-on-demand, and other video and music services not included in the Bulk Multi-Channel Video Services package, high speed data and Internet access services, voice services, etc." <br><br> Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 1-2. | |
| 11. HOA residents who chose to order Additional Services from TWC are responsible for paying TWC for such services. <br><br> Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 2; Alpert Deposition, p. 124, lines 17-23; p. 126, lines 2-25; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

SEPARATE STATEMENT OF FACTS ISO MOTION FOR SUMMARY JUDGMENT [CV NO. 08CV582]

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 12. Pursuant to Section 2 of the Agreement, "Residents will be billed directly for all service charges, taxes, franchise fees, and other fees assessed in conjunction with Additional Services."<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 2. | |
| 13. No rates or special pricing for Additional Services are provided for in the Agreement.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | |
| 14. Since March 2003, TWC has provided the Bulk Multi-Channel Services ("basic cable") to Plaintiff's residence as set forth in the Agreement between TWC and the HOA.<br><br>Rhodes Decl. ¶ 3. | |
| 15. TWC has not billed or collected money from Plaintiff for these services, nor has Plaintiff paid anything to TWC for the services.<br><br>Rhodes Decl. ¶ 4; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 16. TWC is paid by the HOA for providing basic cable services to Plaintiff's residence.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 17. Plaintiff knew and understood that the HOA paid TWC for the basic cable he received from TWC.<br><br>Alpert Deposition, p. 32, line 17—p. 33, line 6; p. 86, lines 18-22; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 18. Since March 2003, Plaintiff has ordered certain Additional Services from TWC under a contract titled "Time Warner Cable Residential Services Subscriber Agreement" ("Consumer Agreement").<br><br>Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C; Alpert Deposition, p. 88, lines 8-13; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 19. TWC has billed Plaintiff for the Additional Services he ordered, and Plaintiff has paid TWC directly for such services.<br><br>Rhodes Decl. ¶ 6; Alpert Deposition, p. 136, lines 1-18; p. 140, lines 8-12; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 20. TWC's bills to Plaintiff for his Additional Services contain a detailed itemization of each Additional Service and associated charge for each such service.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | |
| 21. The invoices show that Plaintiff was charged only for the Additional Services he ordered and was not charged for basic cable services.<br><br>Rhodes Decl. ¶¶ 7, 9, August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 22. As recently as August 2006, the Additional Services ordered by Plaintiff included the following features and pricing:<br><br>Digital Phone Package ($39.95); iControl Premium Service ($6.95); HDTV Converters ($7.00 x 2); Service Protection Plan ($2.95); Premier Digital ($11.00); Any 4 Premium Channels ($24.95); Wireless Road Runner ($54.90); special order items such as on-demand movies; as well as applicable taxes and fees.<br><br>These prices reflect TWC's published and/or established rates for such a la carte services.<br><br>Rhodes Decl. ¶ 7; August 2006 Bill, NOL Ex. D. | |
| 23. In 2005, TWC began to offer Additional Services in various bundled packages for bulk customers, such as HOA members, at a discount off the aggregate price of the individual services.<br><br>Rhodes Decl. ¶ 8. | |
| 24. Plaintiff was familiar with TWC advertising relating to bundled packages and knew that customers ordering bundled services received a discount off the a la carte price for the same services.<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 25. In or about September 2006, having become aware that TWC was offering a bundled package of Additional Services that included many of the services Plaintiff was purchasing a la carte, Plaintiff switched his Additional Services to order new services, including a bundled package.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E; Alpert Deposition, p. 26, lines 4-11; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 26. Plaintiff changed his Additional Services to a bundled package in order to get a better price.<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 27. Plaintiff's new Additional Services included a bundled package with the following features and pricing:<br><br>HDTV Converter ($8.00); Service Protection Plan ($2.95); Hoa DIGIPiC 4000 Plan ($121.90)—which includes Wireless Roadrunner, Digital Phone Package, Free On Demand, iControl Premium Service, Digital Access, Cinemax, HBO, Navigator Screen Guide, Showtime, STARZ, Digital Movie Pack, Digital Sports Pack, Digital Variety Pack, Basic Cable Paid by Hoa, and Road Runner High Speed; special order items such as on-demand movies; as well as applicable taxes and fees.<br><br>Rhodes Decl. ¶ 9; September 2006 Bill, NOL Ex. E. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 28. As a result of Plaintiff modifying the Additional Services ordered, and ordering them in a bundled package vis-à-vis a la carte, Plaintiff's charges for Additional Services decreased.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | |
| 29. As part of the Consumer Agreement under which Additional Services were provided by TWC to Plaintiff, Plaintiff agreed that it was his responsibility to report TWC billing errors within thirty days from the receipt of any bill containing such errors, so that service levels and payments can be verified.<br><br>Rhodes Decl. ¶ 5; Consumer Agreement; NOL Ex. C, p. 3. | |
| 30. Plaintiff further agreed to waive any errors that were not reported within thirty days of receipt.<br><br>Rhodes Decl. ¶ 5; Consumer Agreement; NOL Ex. C, p. 3. | |
| 31. Plaintiff's monthly invoices from TWC for his Additional Services included the following language under a heading titled "<u>ABOUT YOUR TIME WARNER CABLE AGREEMENT</u>:"<br><br>"Note:  If you believe this statement contains a billing error, we must hear from you within 30 days of receipt of the statement in question.  If we are not notified of the discrepancy the statement will be considered correct."<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 32. At deposition, Plaintiff responded to questions regarding the reasonableness of asking customers to identify billing errors within thirty days by stating that "I don't think it's unreasonable to make the complaint within 30 days. . . you know – that seems reasonable."<br><br>Alpert Deposition, p. 165, lines 4-17; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 33. Plaintiff testified in his deposition that the bills he received for Additional Services were correct both before and after he altered his services and ordered a bundled package.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

**TWC Has Not Violated section 1770(a)(3) of the CLRA**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 34. Plaintiff Leon Alpert claims that TWC has violated section 1770(a)(3) of the CLRA by (1) not informing him of the rates for Additional Services that he was allegedly entitled to as member of Sea Point Townhomes' Home Owners' Association (the "HOA"), and (2) not disclosing to Plaintiff that TWC was collecting fees for his basic cable service from the HOA.<br><br>First Amended Complaint ¶ 14. | |

SD\1789918.1

-9-

SEPARATE STATEMENT OF FACTS ISO MOTION FOR SUMMARY JUDGMENT [CV NO. 08CV582]

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 35. Plaintiff was not entitled to any particular rates for Additional Services.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | |
| 36. TWC had no duty to inform Plaintiff of all its rates, packages, and promotions for Additional Services.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | |
| 37. Plaintiff knew and understood that the HOA paid TWC for the basic cable he received from TWC.<br><br>Alpert Deposition, p. 32, line 17—p. 33, line 6; p. 86, lines 18-22; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 38. TWC had no duty to inform Plaintiff that the HOA was paying TWC for his basic cable.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | |
| 39. TWC did not charge or collect money from Plaintiff for basic cable.<br><br>Rhodes Decl. ¶ 4; August 2006 Bill, NOL. Ex. D; September 2006 Bill, NOL Ex. E.. | |
| 40. TWC correctly charged Plaintiff for the Additional Services he ordered.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

/////

**TWC Has Not Violated section 1770(a)(13) of the CLRA**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 41. Plaintiff claims that TWC has violated section 1770(a)(13) of the CLRA by misinforming him that his cable bill was reduced because he ordered a bundle of services vis-à-vis individual services, when the real reason for the price reduction was due to TWC already collecting basic cable fees on behalf of Plaintiff.<br><br>First Amended Complaint ¶¶ 15, 42. | |
| 42. Plaintiff was charged the correct price by TWC both when he ordered Additional Services a la carte, and when he later ordered a bundled package for a lower price.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 43. Plaintiff's bill for Additional Services was reduced because he changed his services and ordered a bundled package rather than a host of individual services.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | |
| 44. Plaintiff testified at deposition that he was familiar with TWC advertising relating to bundled packages and knew that customers ordering bundled services received a discount vis-à-vis ordering the same services a la carte.<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 45. Plaintiff testified at deposition that he changed his Additional Services to a bundled package in order to get a better price.<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

**TWC Has Not Violated section 1770(a)(19) of the CLRA**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 46. Plaintiff claims that TWC has violated section 1770(a)(19) of the CLRA, which precludes inserting an unconscionable provision into a contract, by requiring customers to report billing errors within thirty days.<br><br>First Amended Complaint ¶¶ 21-23, 40. | |
| 47. The billing provision at issue provides:<br><br>"I agree that it is my responsibility to report TWC billing errors within 30 days from receipt of the bill so that service levels and all payments can be verified.  If not reported within 30 days, the errors are waived."<br><br>Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C, p. 3. | |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 48. Each TWC invoice also states the following text directly below a capitalized and underlined title "ABOUT YOUR TIME WARNER CABLE AGREEMENT":<br><br>"Note: If you believe this statement contains a billing error, we must hear from you within 30 days of receipt of the statement in question. If we are not notified of the discrepancy the statement will be considered correct."<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | |
| 49. TWC's invoices use the same font size for the reminder regarding reporting billing errors within thirty days as is used in the same area on the billing statement.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | |
| 50. Plaintiff testified in his deposition that the bills he received for Additional Services were correct both before and after he altered his services and ordered a bundled package.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 51. At deposition, Plaintiff responded to questions regarding the reasonableness of asking customers to identify billing errors within thirty days by stating that "I don't think it's unreasonable to make the complaint within 30 days. . . you know – that seems reasonable."<br><br>Alpert Deposition, p. 165, lines 4-17; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. |  |
| 52. Plaintiff had other means of obtaining the entertainment provided by his ordering Additional Services from TWC, such as renting movies, using a satellite service, using another telephone provider, and using another internet provider.<br><br>Request for Judicial Notice in Support of Defendant Time Warner Cable's Motion for Summary Judgment ("RJN"), ¶ 1. |  |
| 53. Plaintiff could have simply foregone ordering Additional Services from TWC.<br><br>RJN ¶ 2. |  |

**Issue #2:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unlawful conduct by breaching its agreement with Sea Point Townhomes' Home Owners' Association (the "HOA"), lacks merit as a matter of law because TWC did not breach its agreement with the HOA.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 54. Plaintiff claims that TWC breached its agreement with the HOA by charging him directly for services already provided and paid for under the HOA agreement.<br><br>First Amended Complaint ¶¶ 29(g), 43. |  |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| 55. The contract between TWC and the HOA provided that TWC would provide basic cable to HOA residents.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | |
| 56. TWC provided basic cable services to HOA residents.<br><br>Rhodes Decl. ¶ 3. | |
| 57. TWC charged the HOA for providing basic cable services to HOA residents.<br><br>Rhodes Decl. ¶ 4. | |
| 58. The HOA paid TWC for providing basic cable services to HOA residents.<br><br>Rhodes Decl. ¶ 4. | |
| 59. TWC has not billed or collected money from Plaintiff or other HOA residents for their basic cable services.<br><br>Rhodes Decl. ¶¶ 4, 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2] | |
| 60. TWC was not contractually bound to offer Additional Services to Plaintiff at any particular prices.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | |

/////

/////

/////

/////

1

2

3

**Issue #3:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unfair conduct by overcharging Plaintiff, lacks merit as a matter of law because TWC did not overcharge Plaintiff.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 61. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by overcharging HOA customers for cable services and not providing pricing that reflected services already provided for under TWC's contract with the HOA.<br><br>First Amended Complaint ¶ 38. | |
| 62. TWC correctly billed Plaintiff for the Additional Services he ordered from TWC both before and after he changed such services to a bundled package.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E; Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 63. TWC's contract with the HOA provides only for basic cable services to be provided to HOA residents and does not contain, suggest, or require pricing for any Additional Services that may be ordered by residents.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 64. TWC's pricing of Additional Services to Plaintiff, both before and after he switched his programming to a bundled package, properly reflected the services already provided under the Agreement between TWC and the HOA because it did not charge Plaintiff for basic cable—the services provided per the Agreement.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | |

**Issue #4:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unfair conduct by requiring thirty-day notification of billing errors while failing to disclose HOA pricing that accounted for HOA payments, lacks merit as a matter of law because such notification terms are reasonable.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 65. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by requiring notification of billing errors within thirty days while failing to disclose pricing that accounted for HOA payments.<br><br>First Amended Complaint ¶ 39. | |
| 66. As part of the Consumer Agreement under which Additional Services were provided by TWC to Plaintiff, Plaintiff agreed that it was his responsibility to report TWC billing errors within thirty days from the receipt of any bill containing such errors, so that service levels and payments can be verified.<br><br>Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C, p. 3. | |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 67. Plaintiff further agreed to waive any errors that were not reported within thirty days of receipt.<br><br>Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C, p. 3. | |
| 68. Plaintiff's monthly invoices from TWC for his Additional Services included the following language under a heading titled "ABOUT YOUR TIME WARNER CABLE AGREEMENT:"<br><br>"Note: If you believe this statement contains a billing error, we must hear from you within 30 days of receipt of the statement in question. If we are not notified of the discrepancy the statement will be considered correct."<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | |
| 69. At deposition, Plaintiff responded to questions regarding the reasonableness of asking customers to identify billing errors within thirty days by stating that "I don't think it's unreasonable to make the complaint within 30 days. . . you know – that seems reasonable."<br><br>Alpert Deposition, p. 165, lines 4-17; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

/////

/////

/////

/////

/////

/////

/////

**Issue #5:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unfair conduct by requiring thirty-day notification of billing errors while failing to disclose HOA pricing that accounted for HOA payments, lacks merit as a matter of law because the notification term had no effect on Plaintiff, yet has a legitimate business benefit to TWC.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 70. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by requiring notification of billing errors within thirty days while failing to disclose pricing that accounted for HOA payments.<br><br>First Amended Complaint ¶ 39. | |
| 71. TWC requires customers to notify it of billing errors within thirty days so that service levels and payments can be verified.<br><br>Rhodes Decl. ¶ 5; Consumer Agreement; NOL Ex. C, p. 3. | |
| 72. TWC correctly charged Plaintiff for the Additional Services he ordered both before and after he changed his services to a bundled package.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

/////

/////

/////

/////

/////

1
2
3
4

**Issue #6:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unfair conduct by requiring thirty-day notification of billing errors while failing to disclose HOA pricing that accounted for HOA payments, lacks merit as a matter of law because TWC did not fail to disclose such pricing.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 73. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by requiring notification of billing errors within thirty days while failing to disclose pricing that accounted for HOA payments.<br><br>First Amended Complaint ¶ 39. | |
| 74. TWC correctly billed Plaintiff for the Additional Services he ordered from TWC both before and after he changed such services to a bundled package.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 75. TWC's contract with the HOA provides only for basic cable services to be provided to HOA residents and does not contain, suggest, or require pricing for any Additional Services that may be ordered by residents.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| 76. TWC's pricing of Additional Services to Plaintiff, both before and after he switched his programming to a bundled package, properly reflected the services already provided under the Agreement between TWC and the HOA because it did not charge Plaintiff for basic cable—the services provided per the Agreement.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | |
| 77. TWC was under no obligation to provide special pricing for Additional Services.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | |
| 78. TWC was not obligated to notify Plaintiff of all potential packages and prices for its Additional Services.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | |

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

**Issue #7:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unfair conduct by breaching its agreement with the HOA, lacks merit as a matter of law because TWC did not breach its agreement with the HOA.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 79. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by breaching its Agreement with the HOA via charging Plaintiff for services already provided for under TWC's Agreement with the HOA.<br><br>First Amended Complaint ¶ 43. | |
| 80. The contract between TWC and the HOA provided that TWC would provide basic cable to HOA residents.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | |
| 81. TWC provided basic cable services to HOA residents.<br><br>Rhodes Decl. ¶ 3. | |
| 82. TWC charged the HOA for providing basic cable services to HOA residents.<br><br>Rhodes Decl. ¶ 4. | |
| 83. The HOA paid TWC for providing basic cable services to HOA residents.<br><br>Rhodes Decl. ¶ 4. | |
| 84. TWC has not billed or collected money from Plaintiff or other HOA residents for their basic cable services.<br><br>Rhodes Decl. ¶¶ 4, 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 85. TWC was not contractually bound to offer Additional Services to Plaintiff at any particular prices.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | |

**Issue #8: Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in misleading conduct by overcharging Plaintiff, lacks merit as a matter of law because TWC did not overcharge Plaintiff.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 86. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by overcharging Plaintiff for Additional Services.<br><br>First Amended Complaint ¶ 38. | |
| 87. TWC correctly billed Plaintiff for the Additional Services he ordered from TWC both before and after he changed such services to a bundled package.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E; Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 88. TWC's contract with the HOA provides only for basic cable services to be provided to HOA residents and does not contain, suggest, or require pricing for any Additional Services that may be ordered by residents.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 89. TWC's pricing of Additional Services to Plaintiff, both before and after he switched his programming to a bundled package, properly reflected the services already provided under the Agreement between TWC and the HOA because it did not charge Plaintiff for basic cable—the services provided per the Agreement.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | |

**Issue #9:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC misleading Plaintiff regarding when he was required to notify TWC of billing errors by hiding notification requirements and failing to disclose HOA pricing that accounted for HOA payments, lacks merit as a matter of law because the notification term was included in Plaintiff's contract and on every invoice sent to Plaintiff.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 90. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by requiring notification of billing errors within thirty days while failing to disclose pricing that accounted for HOA payments.<br><br>First Amended Complaint ¶ 39. | |
| 91. As part of the Consumer Agreement under which Additional Services were provided by TWC to Plaintiff, Plaintiff agreed that it was his responsibility to report TWC billing errors within thirty days from the receipt of any bill containing such errors, so that service levels and payments can be verified.<br><br>Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C, p. 3. | |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 92. Plaintiff further agreed to waive any errors that were not reported within thirty days of receipt.<br><br>Rhodes Decl. ¶ 5; Consumer Agreement; NOL Ex. C, p. 3. | |
| 93. Plaintiff's monthly invoices from TWC for his Additional Services included the following language under a heading titled "<u>ABOUT YOUR TIME WARNER CABLE AGREEMENT</u>:"<br><br>"Note:  If you believe this statement contains a billing error, we must hear from you within 30 days of receipt of the statement in question.  If we are not notified of the discrepancy the statement will be considered correct."<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | |
| 94. At deposition, Plaintiff responded to questions regarding the reasonableness of asking customers to identify billing errors within thirty days by stating that "I don't think it's unreasonable to make the complaint within 30 days. . . you know – that seems reasonable."<br><br>Alpert Deposition, p. 165, lines 4-17; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

1    **Issue #10:  Plaintiff's Cause of Action for Violation of Business & Professions Code**

2    **section 17200 *et seq.*, based on TWC concealing HOA pricing that accounted for HOA**

3    **payments, lacks merit as a matter of law because TWC did not fail to disclose such pricing.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 95. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by concealing HOA pricing that accounted for HOA payments.<br><br>First Amended Complaint ¶ 29(b). | |
| 96. TWC correctly billed Plaintiff for the Additional Services he ordered from TWC both before and after he changed such services to a bundled package.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 97. TWC's contract with the HOA provides only for basic cable services to be provided to HOA residents and does not contain, suggest, or require pricing for any Additional Services that may be ordered by residents.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | |
| 98. TWC's pricing of Additional Services to Plaintiff, both before and after he switched his programming to a bundled package, properly reflected the services already provided under the Agreement between TWC and the HOA because it did not charge Plaintiff for basic cable—the services provided per the Agreement.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | |

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 99. | Plaintiff knew and understood that the HOA paid TWC for the basic cable he received from TWC.<br><br>Alpert Deposition, p. 32, line 17—p. 33, line 6; p. 86, lines 18-22; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 100. | The "HOA Pricing" referred to by Plaintiff is merely the pricing of one bundle of Additional Services that, until recently, was available to HOA residents who were willing to purchase all of the bundled services.<br><br>Rhodes Decl. ¶ 11. | |
| 101. | Plaintiff could have asked TWC at any point if any bundled options were available for his Additional Services.<br><br>Rhodes Decl. ¶ 12. | |
| 102. | TWC was not contractually bound to offer Additional Services to Plaintiff at any particular prices.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | |
| 103. | TWC was not obligated to notify Plaintiff of all potential packages and prices for its Additional Services.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | |

\\\\\

\\\\\

\\\\\

\\\\\

1      **Issue #11:  Plaintiff's Cause of Action for Violation of Business & Professions Code**

2 **section 17200 *et seq.*, based on TWC misrepresenting its affiliation, connection, or**

3 **association with the HOA, lacks merit as a matter of law because TWC made no such**

4 **misrepresentations.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 104.    Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by misrepresenting its affiliation, connection, or association with the HOA.  Plaintiff claims that TWC (1) failed to inform him of the rates for Additional Services that he was allegedly entitled to as member of Sea Point Townhomes' Home Owners' Association (the "HOA"), and (2) failed to disclose to Plaintiff that TWC was collecting fees for his basic cable service from the HOA.<br><br>First Amended Complaint ¶ 14, 41. | |
| 105.    Plaintiff was not entitled to any particular rates for Additional Services.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | |
| 106.    TWC had no duty to inform Plaintiff of all its rates, packages, and promotions for Additional Services.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | |
| 107.    Plaintiff knew and understood that the HOA paid TWC for the basic cable he received from TWC.<br><br>Alpert Deposition, p. 32, line 17—p. 33, line 6; p. 86, lines 18-22; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 108.    TWC had no duty to inform Plaintiff that the HOA was paying TWC for his basic cable.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | |
| 109.    TWC did not charge Plaintiff for basic cable.<br><br>Rhodes Decl. ¶¶ 4, 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | |
| 110.    TWC correctly charged Plaintiff for the Additional Services he ordered.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

**Issue #12:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC misrepresenting the reason for the decrease in Plaintiff's bill for Additional Services after he changed his services to a bundled package, lacks merit as a matter of law because TWC made no such misrepresentations.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 111.    Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by misrepresenting that the reason for the decrease in his bill for Additional Services was due to ordering a bundled package, when the real reason for the price reduction was due to TWC already collecting basic cable fees on behalf of Plaintiff.<br><br>First Amended Complaint ¶ 42. | |
| 112.    Plaintiff was charged the correct price by TWC both when he ordered Additional Services a la carte, and when he later ordered a bundled package for a lower price.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 113.    Plaintiff's bill for Additional Services was reduced was because he changed his services and ordered a bundled package rather than a host of individual services.<br><br>Rhodes Decl. ¶¶ 7, 9, 10; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 114.    Plaintiff testified at deposition that he was familiar with TWC advertising relating to bundled packages and knew that customers ordering bundled services received a discount vis-à-vis ordering the same services a la carte.<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 115.    Plaintiff testified at deposition that he changed his Additional Services to a bundled package in order to get a better price.<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

**Issue #13:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in misleading or deceptive conduct, lacks merit as a matter of law because Plaintiff cannot prove the general public would likely be misled or deceived by TWC's conduct.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 116.    Plaintiff lacks evidence to show that the general public would likely be misled or deceived by TWC's purported conduct. | |

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

**Issue #14:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.* lacks merit as a matter of law because Plaintiff lacks standing since he has not been injured and lost money or property as a result of TWC's purported conduct.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 117.    Since March 2003, Plaintiff has ordered certain Additional Services from TWC under a contract titled "Time Warner Cable Residential Services Subscriber Agreement" ("Consumer Agreement").<br><br>Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C; Alpert Deposition, p. 88, lines 8-13; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 118.    Plaintiff has received the Additional Services that he ordered from TWC.<br><br>Alpert Deposition, p. 151, l21—p. 152, line 4; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |
| 119.    TWC has billed Plaintiff for the Additional Services he ordered, and Plaintiff has paid TWC directly for such services.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E; Alpert Deposition, p. 136, lines 1-18; p. 151, l21—p. 152, line 4; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| 120.    Plaintiff testified in his deposition that the bills he received for Additional Services were correct.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A [Hussey Decl. ¶ 2]. | |

Dated:  April 2, 2008

DLA PIPER US LLP


By:  s/Jeffrey M. Shohet
　　　JEFFREY M. SHOHET
　　　JULIE L. HUSSEY
　　　CARRIE S. DOLTON
　　　RYAN T. HANSEN
　　　Attorneys for Defendant Time Warner
　　　Entertainment-Advance/Newhouse Partnership,
　　　a New York General Partnership, through its
　　　San Diego Division, dba Time Warner Cable