1  JEFFREY M. SHOHET (Bar No. 067529)
   JULIE L. HUSSEY (Bar No. 237711)
2  CARRIE S. DOLTON (Bar No. 234298)
   RYAN T. HANSEN (Bar No. 234329)
3  **DLA PIPER US LLP**
   401 B Street, Suite 1700
4  San Diego, CA  92101-4297
   Tel:  619.699.2700
5  Fax:  619.699.2701

6

7  Attorneys for Defendant
   TIME WARNER ENTERTAINMENT-ADVANCE/
   NEWHOUSE PARTNERSHIP, A NEW YORK GENERAL
8  PARTNERSHIP

9
                    UNITED STATES DISTRICT COURT
10
                    SOUTHERN DISTRICT OF CALIFORNIA
11

12

| | |
|---|---|
| LEON ALPERT, an individual, on behalf of himself, on behalf of all those similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>TIME WARNER CABLE, INC., a Delaware corporation, and DOES 1 TO 100,<br><br>Defendants. | CV No. 08CV582 BTM<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TIME WARNER CABLE'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date        May 23, 2008<br>Time        11:00 a.m.<br>Ctrm:       15<br>Judge:      Hon. Barry Ted Moskowitz<br><br>**[NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT]**<br><br>Complaint:  March 13, 2007<br>FAC:        May 16, 2007<br>Removal:    March 28, 2008 |

DLA PIPER US LLP
SAN DIEGO

SD\1789917.1

REQUEST FOR JUDICIAL NOTICE ISO MOTION FOR SUMMARY JUDGMENT [CV NO. 08CV582]

Pursuant to Federal Rule of Evidence 201, Defendant Time Warner Entertainment-Advance/Newhouse Partnership, through its San Diego Division, dba Time Warner Cable ("TWC") hereby respectfully requests that the Court take judicial notice of the following facts:

1. Plaintiff Leon Alpert ("Plaintiff") had other means of obtaining the entertainment provided by his ordering additional cable services, other than basic cable, from Time Warner Cable, such as renting movies, reading books, using a satellite service, using another telephone provider, and using another Internet provider.

2. Plaintiff could have simply foregone ordering additional cable services, other than basic cable, from Time Warner Cable.

Under Federal Rule of Evidence 201, judicial notice is proper for facts "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, facts that are of common knowledge and understanding are the proper subject of judicial notice. *See S.E.C. v. Musella*, 578 F.Supp. 425, 439 (D.C.N.Y. 1984) (court took judicial notice of the fact that law firms that routinely handle sensitive matters impress upon their incoming employees the firm's expectation that the employees will not publicly discuss matters pertaining to clients); *see also In re Nat'l Airlines, Inc.*, 434 F.Supp. 269 (D.C.Fla. 1977) (court took judicial notice that flight attendants enjoyed a reputation for competence and good looks); *Cochran v. NYP Holdings, Inc.*, 58 F.Supp.2d 1113, 1123 (C.D.Cal. 1998) (court took judicial notice of the overwhelming public attention and discussion given to the O.J. Simpson trial). When a party has requested judicial notice and supplied the court with the necessary information, judicial notice is mandatory. Fed. R. Evid. 201(d).

/////
/////
/////
/////
/////

1  TWC respectfully requests the Court take judicial notice of the aforementioned facts and
2  propositions because they are of such common or generalized knowledge that they cannot
3  reasonably be the subject of dispute, or, at the very least, are capable of immediate and accurate
4  determination by resort to resources of reasonably indisputable accuracy.

Dated:  April 2, 2008

DLA PIPER US LLP

By:  s/Jeffrey M. Shohet
    JEFFREY M. SHOHET
    JULIE L. HUSSEY
    CARRIE S. DOLTON
    RYAN T. HANSEN
    Attorneys for Defendant Time Warner
    Entertainment-Advance/Newhouse Partnership,
    a New York General Partnership, through its
    San Diego Division, dba Time Warner Cable