1  JEFFREY M. SHOHET (Bar No. 067529)
   JULIE L. HUSSEY (Bar No. 237711)
2  CARRIE S. DOLTON (Bar No. 234298)
   RYAN T. HANSEN (Bar No. 234329)
3  **DLA PIPER US LLP**
   401 B Street, Suite 1700
4  San Diego, CA 92101-4297
   Tel: 619.699.2700
5  Fax: 619.699.2701

6

7  Attorneys for Defendant
   TIME WARNER ENTERTAINMENT-ADVANCE/
   NEWHOUSE PARTNERSHIP, A NEW YORK GENERAL
8  PARTNERSHIP

9
                    UNITED STATES DISTRICT COURT
10
                   SOUTHERN DISTRICT OF CALIFORNIA
11

12

| | |
|---|---|
| LEON ALPERT, an individual, on behalf of himself, on behalf of all those similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>TIME WARNER CABLE, INC., a Delaware corporation, and DOES 1 TO 100,<br><br>Defendants. | CV No. 08CV582 BTM<br><br>**DECLARATION OF TERRI RHODES IN SUPPORT OF DEFENDANT TIME WARNER CABLE'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date        May 23, 2008<br>Time       11:00 a.m.<br>Ctrm:       15<br>Judge:     Hon. Barry Ted Moskowitz<br><br>**[NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT]**<br><br>Complaint:   March 13, 2007<br>FAC:            May 16, 2007<br>Removal:    March 28, 2008 |

SD\1789912.1
325566-11

DECLARATION OF TERRI RHODES ISO MOTION FOR SUMMARY JUDGMENT [CV NO. 08CV582]

I, Terri Rhodes, declare:

1. I am Director of Marketing at Time Warner Entertainment-Advance/Newhouse Partnership, a New York general partnership, through its San Diego Division, dba Time Warner Cable ("TWC"). I have personal knowledge of the facts set forth herein and, if called to testify, I could and would testify competently thereto.

2. Attached to the Notice of Lodgment of Exhibits in Support of Defendant Time Warner Cable's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Notice of Lodgment") as Exhibit B is a true and correct copy of the Residential Bulk Services Agreement (the "Agreement") between Sea Point Townhomes (the "HOA") and TWC.

3. Since March 2003, TWC has provided the Bulk Multi-Channel Services ("Basic Cable") to Plaintiff Leon Alpert's ("Plaintiff") residence as set forth in the Agreement between TWC and the HOA.

4. TWC has not billed or collected money from Plaintiff or any other member of the HOA for Basic Cable. TWC has charged the HOA for providing Basic Cable to Plaintiff and other members of the HOA. The HOA has paid TWC for providing such services.

5. Attached to the Notice of Lodgment as Exhibit C is a true and correct copy of the "Time Warner Cable Residential Services Subscriber Agreement" ("Consumer Agreement") between TWC and Plaintiff.

6. TWC has billed Plaintiff each month for the services he has ordered under the Consumer Agreement (hereafter referred to as "Additional Services").

7. Attached to the Notice of Lodgment as Exhibit D is a true and correct copy of the Plaintiff's August 2006 bill from TWC for the Additional Services he ordered under the Consumer Agreement. The prices in Plaintiff's August 2006 bill from TWC reflect TWC's published and/or established rates for the a la carte services Plaintiff ordered.

8. In or about 2005, TWC began to offer Additional Services in various bundled packages designed for its bulk customers (including apartment and homeowners' association customers such as Plaintiff whose landlord or homeowners' association contracts for basic cable at a discounted "bulk rate"). Prior to 2005, TWC permitted bulk customers like

Plaintiff to purchase Additional Services at the bundled rates generally available to retail customers but did not offer bundled packages designed for bulk customers.

9. Attached to the Notice of Lodgment as Exhibit E is a true and correct copy of the Plaintiff's October 2006 bill from TWC for the Additional Services he ordered under the Consumer Agreement.

10. The reduction in price between Plaintiff's August 2006 bill from TWC and his October 2006 bill from TWC is due to the fact that he changed his Additional Services and ordered a bundled package rather than a host of individual services.

11. The "HOA Pricing" referred to by Plaintiff in his allegations and claims against TWC is merely the pricing of one bundle of Additional Services that was available to bulk customers, including HOA residents, who were willing to purchase all of the bundled services. As of October 15, 2007, TWC withdrew such pricing, except for customers who ordered it prior to October 15, 2007.

12. TWC's customers may contact TWC through its toll-free telephone number, website, or by visiting one of its many retail centers and request a list of available products, including bundled options that are available for Additional Services.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on April 2, 2008, in San Diego, California.

_____
Terri Rhodes