1  JEFFREY M. SHOHET (Bar No. 067529)
   JULIE L. HUSSEY (Bar No. 237711)
2  CARRIE S. DOLTON (Bar No. 234298)
   RYAN T. HANSEN (Bar No. 234329)
3  **DLA PIPER US LLP**
   401 B Street, Suite 1700
4  San Diego, CA  92101-4297
   Tel:  619.699.2700
5  Fax:  619.699.2701

6  Attorneys for Defendant
   TIME WARNER ENTERTAINMENT-ADVANCE/
7  NEWHOUSE PARTNERSHIP, A NEW YORK GENERAL
   PARTNERSHIP
8

9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| LEON ALPERT, an individual, on behalf of himself, on behalf of all those similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>TIME WARNER CABLE, INC., a Delaware corporation, and DOES 1 TO 100,<br><br>Defendants. | CV No. 08CV582 W WMc<br><br>**AMENDED NOTICE OF MOTION AND MOTION OF DEFENDANT TIME WARNER CABLE FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date        June 2, 2008<br>Time        10:00 a.m.<br>Ctrm:       7<br>Judge:      Hon. Thomas J. Whelan<br><br>**[No Oral Argument Pursuant to CivLR 7.1(d)(1)]**<br><br>*Oral Argument Requested*<br><br>Complaint:  March 13, 2007<br>FAC:        May 16, 2007<br>Removal:    March 27, 2008 |

GT\6567221.1
325566-11

DLA PIPER US LLP
SAN DIEGO

08cv582 W WMc

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 2, 2008 at 10:00 a.m., or as soon thereafter as can be heard, in Courtroom 7 of the above-entitled Court, located at 880 Front Street, San Diego, California 92101, Defendant Time Warner Entertainment-Advance/Newhouse Partnership ("TWC") will and hereby does move this Court for summary judgment or, in the alternative, partial summary judgment in favor of TWC against Plaintiff Leon Alpert ("Plaintiff").

This motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure because Plaintiff's claims lack merit as a matter of law. Specifically, TWC respectfully requests that the Court grant summary judgment in its favor and against Plaintiff on the following grounds:

**Issue #1:** Plaintiff's cause of action for violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unlawful conduct in violation of the Consumer Legal Remedies Act ("CLRA"), lacks merit as a matter of law because Plaintiff cannot prove a violation of the CLRA.

**Issue #2:** Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unlawful conduct by breaching its agreement with Sea Point Townhomes' Home Owners' Association (the "HOA"), lacks merit as a matter of law because TWC did not breach its agreement with the HOA.

**Issue #3:** Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unfair conduct by overcharging Plaintiff, lacks merit as a matter of law because TWC did not overcharge Plaintiff.

**Issue #4:** Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unfair conduct by requiring thirty-day notification of billing errors while failing to disclose HOA pricing that accounted for HOA payments, lacks merit as a matter of law because such notification terms are reasonable.

**Issue #5:** Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unfair conduct by requiring thirty-day notification of billing errors while failing to disclose HOA pricing that accounted for HOA

/////

1  payments, lacks merit as a matter of law because the notification term had no effect on Plaintiff,
2  yet has a legitimate business benefit to TWC.

3  **Issue #6:**  Plaintiff's Cause of Action for Violation of Business & Professions Code
4  section 17200 *et seq.*, based on TWC engaging in unfair conduct by requiring thirty-day
5  notification of billing errors while failing to disclose HOA pricing that accounted for HOA
6  payments, lacks merit as a matter of law because TWC did not fail to disclose such pricing.

7  **Issue #7:**  Plaintiff's Cause of Action for Violation of Business & Professions Code
8  section 17200 *et seq.*, based on TWC engaging in unfair conduct by breaching its agreement with
9  the HOA, lacks merit as a matter of law because TWC did not breach its agreement with the
10 HOA.

11 **Issue #8:**  Plaintiff's Cause of Action for Violation of Business & Professions Code
12 section 17200 *et seq.*, based on TWC engaging in misleading conduct by overcharging Plaintiff,
13 lacks merit as a matter of law because TWC did not overcharge Plaintiff.

14 **Issue #9:**  Plaintiff's Cause of Action for Violation of Business & Professions Code
15 section 17200 *et seq.*, based on TWC misleading Plaintiff regarding when he was required to
16 notify TWC of billing errors by hiding notification requirements and failing to disclose HOA
17 pricing that accounted for HOA payments, lacks merit as a matter of law because the notification
18 term was included in Plaintiff's contract and on every invoice sent to Plaintiff.

19 **Issue #10:**  Plaintiff's Cause of Action for Violation of Business & Professions Code
20 section 17200 *et seq.*, based on TWC concealing HOA pricing that accounted for HOA payments,
21 lacks merit as a matter of law because TWC did not fail to disclose such pricing.

22 **Issue #11:**  Plaintiff's Cause of Action for Violation of Business & Professions Code
23 section 17200 *et seq.*, based on TWC misrepresenting its affiliation, connection, or association
24 with the HOA, lacks merit as a matter of law because TWC made no such misrepresentations.

25 **Issue #12:**  Plaintiff's Cause of Action for Violation of Business & Professions Code
26 section 17200 *et seq.*, based on TWC misrepresenting the reason for the decrease in Plaintiff's bill
27 for Additional Services after he changed his services to a bundled package, lacks merit as a matter
28 of law because TWC made no such misrepresentations.

1     **Issue #13:** Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in misleading or deceptive conduct, lacks merit as a matter of law because Plaintiff cannot prove the general public would likely be misled or deceived by TWC's conduct.

    **Issue #14:** Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.* lacks merit as a matter of law because Plaintiff lacks standing since he has not been injured and lost money or property as a result of TWC's purported conduct.

    This motion is based upon this Notice of Motion, as well as the supporting Memorandum of Points and Authorities, Declaration of Terri Rhodes, Declaration of Julie L. Hussey, Separate Statement of Undisputed Facts, Request for Judicial Notice, and Notice of Lodgment of Exhibits, all of which were served and filed on April 2, 2008, and the complete records and files of this action, and any argument or additional evidence that is permitted by this Court.

    The Court has indicated the motion will be decided on the filed papers pursuant to Local Rule 7.1(d)(1). TWC hereby requests an opportunity to present oral argument.

                                    Respectfully submitted,

Dated: April 15, 2008

                                DLA PIPER US LLP


                                By: s/Jeffrey M. Shohet
                                    JEFFREY M. SHOHET
                                    Attorneys for Defendant Time Warner
                                    Entertainment-Advance/Newhouse Partnership,
                                    a New York General Partnership, through its
                                    San Diego Division, dba Time Warner Cable
                                    E-mail: jeffrey.shohet@dlapiper.com