Barron E. Ramos (Bar No. 179620)
**LAW OFFICES OF BARRON E. RAMOS**
132 N El Camino Real #303
Encinitas, CA 92024
Telephone: (760) 274-6438
Facsimile:  (760) 994-1354
ramos@yourclasscounsel.com

David R. Markham (Bar No. 071814)
R. Craig Clark (Bar No. 129219)
James M. Treglio (Bar No. 228077)
**CLARK & MARKHAM, LLP**
600 B Street, Suite 2130
San Diego, CA 92101
Telephone: (619) 239-1321
Facsimile:  (619) 239-5888
dmarkham@clarkmarkham.com
cclark@clarkmarkham.com
jtreglio@clarkmarkham.com

Attorneys for plaintiff and the Class

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON ALPERT, an individual, on behalf of himself, on behalf of all those similarly situated, and on behalf of the general public, | Case No. 08 CV 582 W WMc |
| | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND** |
| Plaintiffs, | |
| v. | |
| TIME WARNER CABLE, INC., a Delaware corporation, and DOES 1 TO 100, | Date: June 16, 2008 |
| | Time: 10:00 a.m. |
| | Place: Courtroom 7; 880 Front Street, San Diego, CA |
| Defendants. | Judge: Hon. Thomas J. Whelan |
| | [No Oral Argument Pursuant to LR 7.1(d)(1)] |
| | Complaint: March 13, 2007 |
| | Removal:  March 27, 2008 |

## I.    INTRODUCTION

TWC argues that this case meets the CAFA jurisdictional limit and that a federal question is presented so as to create federal jurisdiction. TWC is wrong on both counts.

First, TWC argues that plaintiff "failed" to prove the class's damages are "less than" the CAFA jurisdictional limit. Opp. at 3:20. TWC apparently does not understand which party has the burden of proof. It the party that removes that has the burden of establishing the jurisdictional limit. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006); *Lowdermilk v United States Bank Nat'l Assn.*, 479 F.3d 994 (9th Cir. 2007). The remanding party need only show that the removing party failed to meet its burden – and plaintiff Alpert has done so.

TWC has provided no evidence that this case actually meets the jurisdictional limit and, in fact, asks this Court to simply speculate that such a limit is met based on an analysis of the class representative's damages alone. Speculation can never be a basis for establishing jurisdiction.

For example, to reach the jurisdictional limit, TWC makes the assumption that each potential class member was damaged each and every month of the 48 month class period. However, plaintiff's expert's declaration makes no such assumption and TWC provides no evidence to support such an assumption. Indeed, plaintiff's expert computes damages for 15 months, the time during which TWC had its deceptive dual-pricing scheme in place, not 48 months. If, as TWC hypothesizes, each class member was damaged as little as $ 1 per month for each of those 15 months, the aggregate damages would not even reach $ 500,000. Even if so damaged for all 48 months, the damages are less than $ 2 million.

Second, TWC argues that there now exists a "federal question" in this Business & Professions Code section 17200 action. That too is wrong. Plaintiff is not seeking any form of relief under federal law. Moreover, TWC has failed to show how plaintiff's claims (i) would have a "direct impact" on any federal pricing scheme, since there is no federal pricing scheme for services beyond basic cable[1], (ii) are subject to "exclusive federal jurisdiction," or (iii) that

---

[1] The 1992 Cable Act, 47 U.S.C. 521 et seq., sets forth which cable services can be regulated by the FCC and which services are not. Specifically, 47 U.S.C. 543 (b) (1), states that the FCC can only regulate services for basic cable. Basic cable is defined further under the section

2

interpretation of rate statutes is "substantial" to the claims presented.

TWC's removal was improper and this case should be remanded to State Court where it belongs.

## II. FEDERAL QUESTION JURISDICTION

TWC cites first to *California Ex. Rel. Lockyer v. Dynegy, Inc.,* 375 F.3d 831 (9th Cir. 2004), for the proposition that California Business & Professions Code § 17200 claims predicated on a violation of federal law are removable.

By using 17200 to enforce rates at or part of federal regulatory schemes, the *Dynegy* Court concluded that:

> In denying California's motion to remand to state court, the district court reasoned simply that the complaint presented no independent state law claim. It was, in effect, an attempt to enforce federal tariffs. The claims were necessarily federal in character, and the conduct the state sought to condemn was expressly governed by the ISO tariffs.
> Id. at p.839.

Unlike, *Dynegy*, plaintiff here has stated numerous violations of Business & Professions Code section 17200, including unlawful, unfair and deceptive practices – each independently actionable. Moreover, there is no attempt in this case to "enforce federal tariffs," which obviously triggers exclusive federal jurisdiction. Id. at p.839-840. As the Court noted in *Mallenbaum v. Adelphia Communications Corp*., the only federal regulatory scheme is for those basic cable services (defined as the lowest cable tier that a consumer can subscribe to). 74 F.3d 465, 467 (3rd Cir. 1996). Moreover, Congress specifically prohibited the FCC from regulating the rates of any cable service beyond basic cable. 47 U.S.C. 463 (c) (4). Plaintiff has noted, and it is undisputed by all parties that Mr. Alpert's HOA paid for his basic cable. This action deals, however, deals with the higher tier services which are expressly not regulated by the FCC.

---

as including educational, governmental and broadcast channels, along with any other channels that the operator wishes to add to the general services. 47 U.S.C. 463 (b) (7) (A) and (B). The rates charged to subscribers beyond basic cable are not regulated at all, and whatever statutory authority the FCC had under the 1992 Cable Act ended as of March 31, 1999. 47 U.S.C. § 463 (c) (4) "This subsection shall not apply to cable programming services provided after March 31, 1999."

3

TWC has failed to show that the federal courts have "exclusive" jurisdiction over any aspect of *any* claim raised by plaintiff. Indeed, TWC has failed to show that there a federal private right of action is even available. *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 817 [federal jurisdiction does not lie under 28 U.S.C. § 1331 where there is no right of action conferred by federal statute]. In fact, the Third Circuit, in *Mallenbaum*, expressly held that there is no private right of action under federal law regarding the purchase of additional services above basic cable, as is alleged here. *Mallenbaum,* 74 F.3d at 469. Moreover, Congress, explicitly chose to allow state law causes of action in the 1992 Cable Act. 47 U.S.C. § 552 (d) (1), which reads, "Nothing in this subchapter shall be construed to prohibit any State or any franchising authority from enacting or enforcing any consumer protection law, to the extent not specifically preempted by this subchapter." Additionally, the Cable Act, 47 U.S.C. § 558 goes on to say:

> Nothing in this shall be deemed to affect the criminal or civil liability of cable programmers or cable operators pursuant to the Federal, State, or local law of libel, slander, obscenity, incitement, invasions of privacy, false or misleading advertising, or other similar laws, except that cable operators shall not incur any such liability for any program carried on any channel designated for public, educational, governmental use or on any other channel obtained under section 612 or under similar arrangements unless the program involves obscene material.

TWC also cites to *Brennan v. Southwest Airlines*, 134 F.3d 1405 (9th Cir. 1998), which was a federal tax refund action styled as a Business & Profession Code section 17200 claim. "Because Plaintiffs in this case have sued for a tax refund, the district court had jurisdiction." Id. at 1412. "It is well established that the IRC provides the exclusive remedy in tax refund suits and thus preempts state-law claims that seek tax refunds." Id. at 1409.

Here again, TWC has failed establish that the federal courts have "exclusive jurisdiction" over all or part of this Business & Professions Code § 17200 action which is predicated on numerous unlawful, unfair, and deceptive business practices in billing for cable services beyond basic cable.

Finally, TWC cites to *County of Santa Clara v. Astra USA, Inc.*, 401 F.Supp.2d 1022 (ND

4

Cal. 2005), where the County of Santa Clara sued various pharmaceutical companies "claiming [the defendants] had bled the county's finances with overcharges for these medicines" Id. at p.1024. Again, however, the prices for such medicines were set by federal law, as opposed to here, where there exists no regulation of rates for services above basic cable. Ibid. citing 42 U.S.C. 256(b). See also 47 U.S.C. 463 (c).

But federal law does not set the prices TWC charges for additional services beyond basic cable in any county of California or in California as a whole. Moreover, in distinguishing *Merrel Dow*, the *Astra USA* court concluded that "the federal statute at issue in *Merrell Dow* conferred no independent right of action and had not preempted state law." Id. at 1029-1030. Likewise, here, TWC cannot point to any independent right of action under federal law, or that federal law preempts state consumer protection laws. As noted above, the Cable Act of 1992 expressly does not preempt state consumer protection laws regarding the additional services beyond basic cable. 47 U.S.C. § 552 (d) (1).

Moreover, there is no private right of action under federal law to enforce rates for cable services beyond basic cable, even if cable services above basic cable were regulated by federal law, which they are not. 47 U.S.C. § 543 (c). Instead, this case is brought under the UCL, a state consumer protection law specifically not pre-empted by the Cable Act of 1992. 47 U.S.C. § 552 (d) (1); 47 U.S.C. § 558. There cannot be a negation of state consumer protection laws that Congress specifically sought to protect.

Finally, in *Grable & Sons Metal Prod. V. Darue Engineering, & Mfg.*, 545 U.S. 308 (2005), erroneously cited by TWC as 545 U.S. 208 (Opp. at p.2:13), the Supreme Court held that the "national interest" in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal-question jurisdiction over the disputed issue on removal. There is obviously no "national interest" in providing a federal forum for litigating systematic cable television overcharges to HOA customers where each HOA contracts under state law with the cable provider for basic cable service. In fact, Congress has declined to regulate any services beyond basic cable, and has expressly not preempted state consumer protection laws in cable

5

1  industry cases.  47 U.S.C. § 552.

2  It is well settled that Business & Professions Code § 17200 claims may be predicated on the violation of other law, including federal law. *Diaz v. Kay-Dix Ranch* (1970) 9 Cal.App.3d 588, 591.  In *Schwartz v. Visa International Corp.*, et al. (ND Cal.) 2001 U.S. Dist. LEXIS 105, defendants removed "based on their belief that plaintiff had raised federal claims in [a] brief opposing a motion for judgment on the pleadings in state court." Id. at *2.  That is exactly the circumstance presented here.  The *Schwartz* court remanded stating that "defendants' position would be viable only if section 17200 could not be predicated on the violation of federal law." Id. at *6.  Here, just as in *Schwartz*, "since plaintiff has not raised any independent federal claims, there can be no basis for federal jurisdiction in this case, and the Court's analysis is concluded." Ibid.

### III.    CAFA JURISDICTION

TWC cites to *Cohn v. Petsmart*, 281 F.3d 837 (9th Cir. 2002), for the proposition that the Court may consider additional evidence offered by a defendant to support removal.  Opp at p.3:14.  Although TWC argues it has the right to offer more evidence, TWC tellingly declines to do so, choosing instead to just argue this case meets the CAFA jurisdictional limit.

Upon filing a Motion to Remand, the burden of proof to establish jurisdiction falls upon the defendant to support the petition for removal (e.g, the existence of diversity, the amount of in controversy, or the federal nature of the claim). *Gaus v. Miles, Inc*. (9th Cir. 1992) 980 F.2d 564, 566.  If a notice of removal is devoid of facts necessary to support removal, courts will remand the action regardless of presentation of facts presented in opposition to the remand motion.  Id. at 567.

TWC's removal and its opposition are both devoid of facts to support removal.  Instead, TWC's removal is based upon the assumption that each class member was damaged for all 48 months of the class period to the exact same extent as the class representative was damaged for 15 months of that period.  To reach this conclusion, TWC submits no evidence whatsoever.  Rather, TWC asks this Court to just assume it must be true.

6

TWC also argues, again without any supporting evidence whatsoever, that if plaintiff's counsel's assumption is true that each class member may have been overcharged from one to twenty-five dollars (Opp at p.7:11), then it must follow the class necessarily meets the CAFA jurisdictional limit. However, since TWC concedes the class may only be 30,800 in number (Opp at p.7:8), TWC itself admits the aggregate damages could be only 30,800 times $ 1, which is only $ 30,800 for every month an overcharge occurred. Since plaintiff's expert opined in his declaration that an overcharge occurred for 15 months for the plaintiff, that would put the aggregate damages for the class at only $ 462,000 ($ 30,800 x 15 months). Even if the overcharge occurred for the entire 48 months of the class period, the aggregate damages for the class would only be $1,232,000.

TWC's speculation that each class member was necessarily damaged each month of the 48 month class period or that each class member was damaged to the same extent as the representative plaintiff is totally without evidentiary support. Perhaps that is why TWC calls its own analysis "slice and dice." Opp. at p.8:7. "Slice and dice" does not meet the Ninth Circuit's required showing for removal.

Finally, TWC cites to *Richmond v. Allstate Ins. Co*., 897 F.Supp. 447 (S.D. Cal. 1995) for the proposition that plaintiff has a duty to file a "stipulation" that the class's damages were less than the CAFA limit. No such duty exists. Rather, the plaintiffs in *Allstate* had filed a Notice of Claim for punitive damages which left open the door that plaintiffs may seek an amount substantially higher than $ 10,000 per class member. That Notice, coupled with the fact that Allstate was a $ 15 billion dollar company and that plaintiffs had tort claims for emotional distress, resulted in a finding that the class's claims met the jurisdictional limit.

In obvious contrast, this case seeks the restitution of cable television overcharges, not tort damages and not punitive damages. *Allstate* does not support or even allude to any duty by a plaintiff to "stipulate" that the class's damages are less than the CAFA jurisdictional limit. Interestingly, the *Allstate* court noted that "[t]he defendant may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the

7

[jurisdictional limit]'." Id. at p 450. Yet that is all that TWC has done here. Neither plaintiff nor his expert has ever stated or implied that each member of the class was damaged for each and every month of the class period or that the damage suffered by each class member was the same.

TWC's speculation about a class-wide damage figure without evidence to support its assumptions cannot support removal jurisdiction. TWC could have, but did not, present any evidence of the average charges associated with the subscription of additional cable services for the class as a whole. Even if TWC had done so, it would then need to ascertain the approximate overcharge for the class predicated on plaintiff's expert model. TWC did neither and elected to remove on speculation rather than evidence.

## IV.   CONCLUSION

TWC fails to meet its burden of proof under the CAFA and fails to demonstrate the existence of a "federal question" sufficient to warrant removal. This case should be remanded.

Dated: June 9, 2008

CLARK & MARKHAM LLP

By: _____
David R. Markham
Attorney for Plaintiff, Leon Alpert

# PROOF OF SERVICE

I am over 18 and not a party to the within action. My business address is 600 B Street, Suite 2130, San Diego, CA 92101.

On June 9, 2008, I served a true and correct copy of the following document(s):

**1) REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND**

Upon the following person(s)

>Jeffrey M. Shohet, Esq
>Julie L. Hussey, Esq.
>Carris S. Dolton, Esq.
>**DLA PIPER US LLP**
>401 B Street, Suite 1700
>San Diego, CA 92101
>jeffrey.shohet@dlapiper.com
>julie.hussey@dlapiper.com
>carrie.dolton@dlapiper.com
>Attorneys for the Defendant, Time Warner Cable

|   |   |
|---|---|
|   | **BY HAND DELIVERY**: By causing such document(s) to be delivered by hand to the above person(s) at the address(es) set forth above. |
|   | **BY MAIL**: By placing a copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at San Diego, Californian, addressed as set forth above. |
|   | **BY THIRD-PARTY COMMERCIAL CARRIER (OVERNIGHT DELIVERY):** By delivering a copy thereof to a third party commercial carrier addressed as set forth above, for delivery on the next business day. |
|   | **BY FACSIMILE**: By transmitting the above document(s) to the facsimile number(s) of the addressee(s) designated above. |
| X X | **BY ELECTRONIC TRANSMISSION OF THE "NOTICE OF ELECTRONIC FILING"** By electronically filing the document(s) |

I certify that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on June 9, 2008 at San Diego, California

>/s/ James M. Treglio
>James M. Treglio

9