JEFFREY M. SHOHET (Bar No. 067529)
JULIE L. HUSSEY (Bar No. 237711)
CARRIE S. DOLTON (Bar No. 234298)
RYAN T. HANSEN (Bar No. 234329)
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

Attorneys for Defendant
TIME WARNER ENTERTAINMENT-ADVANCE/
NEWHOUSE PARTNERSHIP, A NEW YORK
GENERAL PARTNERSHIP, THROUGH ITS SAN
DIEGO DIVISION, DBA TIME WARNER CABLE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON ALPERT, an individual, on behalf of himself, on behalf of all those similarly situated, and on behalf of the general public,<br><br>            Plaintiffs,<br><br>       v.<br><br>TIME WARNER CABLE, INC., a Delaware corporation, and DOES 1 TO 100,<br><br>            Defendants. | CV No.  08CV582 W WMc<br><br>**REPLY SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT TIME WARNER CABLE'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date       June 30, 2008<br>Time     10:00 a.m.<br>Dept:    7<br>Judge:   Hon. Thomas J. Whelan<br><br>**[No Oral Argument Pursuant to CivLR 7.1(d)(1)]**<br><br>Complaint:  March 13, 2007<br>FAC:      May 16, 2007<br>Removal:   March 27, 2007 |

Defendant Time Warner Entertainment-Advance/Newhouse Partnership, a New York general partnership ("TWC"), sued erroneously as Time Warner Cable, Inc., respectfully submits the following statement of undisputed material facts in support of its motion for summary judgment.

**Issue #1:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unlawful conduct in violation of the Consumer Legal Remedies Act ("CLRA"), lacks merit as a matter of law because Plaintiff cannot prove a violation of the CLRA.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 1.  Plaintiff Leon Alpert ("Plaintiff") is a resident of Sea Point Townhomes in Del Mar, California.<br><br>Deposition of Leon Alpert ("Alpert Deposition"), p. 123, lines 12-15; Deposition Transcript, Notice of Lodgment of Exhibits and Non-California Authorities in Support of Defendant Time Warner Cable's Motion for Summary Judgment ("NOL"), Ex. A. | Undisputed. | Undisputed. |
| 2.  Sea Point Townhomes is a Home Owners' Association ("HOA" or the "HOA") that has contracted with TWC, under an agreement referred to as a Residential Bulk Services Agreement, for certain cable services to be provided to the residents of Sea Point Townhomes (the "Agreement").<br><br>Declaration of Terri Rhodes in Support of Defendant Time Warner Cable's Motion for Summary Judgment ("Rhodes Decl."), ¶ 2; Residential Bulk Services Agreement, NOL | Undisputed. | Undisputed. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| Ex. B. | | |
| 3.  The Agreement provides that TWC will provide 76 cable channels, sometimes referred to as "basic cable," to each home/unit of Sea Point Townhomes, and that Sea Point Townhomes will pay TWC a monthly fee per home/unit for such services.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | Undisputed, but incomplete. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | Undisputed.  Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable.<br><br>Reply Memorandum of Points and Authorities in Support of Motion for Remand ("Reply to Motion for Remand"), p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 6.[1] |
| 4.  Section 1 of the Agreement, entitled "Operator's Service Obligations," provides that TWC "will offer Bulk Multi-Channel Video Services to Residents."<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 1. | Undisputed. | Undisputed. |
| 5.  Section 2 of the Agreement, entitled "Rates and Services," states that the "HOA shall pay to [TWC] a monthly Bulk Multi-Channel Video Services fee" which is set forth in Exhibit B to the | Undisputed, but incomplete. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | Undisputed.  Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>Furthermore, Plaintiff has repeatedly admitted in |

---

[1] The paragraph of Plaintiff's declaration on which he relies to dispute this fact (¶ 8), is inadmissible as evidence for various reasons, the grounds of which are fully forth in Defendant's accompanying objections to Plaintiff's evidence which are filed and served concurrently herewith. For the economy and the convenience of the Court, this document only states the specific number of objection as set forth in TWC's accompanying evidentiary objections.

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| Agreement.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 2. | | pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable.<br><br>Reply Memorandum of Points and Authorities in Support of Motion for Remand ("Reply to Motion for Remand"), p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 6. |
| 6.   The fee for basic cable services is to be billed for and paid by the Sea Point Community HOA.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 2; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A. | Undisputed, but incomplete. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | Undisputed.  Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable.<br><br>Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 6. |
| 7.   Although basic cable is provided to HOA residents through the HOA, individual residents are free to order additional services from TWC and/or otherwise do business with TWC.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Alpert Deposition, p. 124, lines 17- | Undisputed, but incomplete. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | Undisputed.  Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 23; p. 126, lines 2-25; Deposition Transcript, NOL Ex. A. | | Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 6. |
| 8.  TWC may, but is not obligated to, offer the residents of Sea Point Townhomes services *other than* the 76 cable channels provided for in the Agreement (hereafter "Additional Service" or "Additional Services").<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 1. | Undisputed, but incomplete. Under the Agreement, basic cable is provided on an "exclusive" basis, meaning there is no competition for those services. Agreement at para. 4.2 [TWC has "the exclusive right... to offer and provide multi-channel video services to Residents."] Since residents like Leon Alpert must pay for basic cable to TWC through the HOA, there is no other meaningful economic choice in selecting a provider of "Additional Services." Decl. Alpert at para. 19. For example, homeowners were not going to buy channels above 76 from a satellite provider when they were "locked in" to buying the first 76 channels from TWC. | Undisputed.  Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>See Objection No. 16. |
| 9.  Section 1 of the Agreement provides that TWC "may offer and provide Additional Service to Residents on a non-exclusive basis."<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 1. | Undisputed, but incomplete. Under the Agreement, basic cable is provided on an "exclusive" basis, meaning there is no competition for those services. Agreement at para. 4.2 [TWC has "the exclusive right... to offer and provide multi-channel video services to Residents."] Since residents like Leon Alpert must pay for basic cable to TWC through the HOA, there is no other meaningful economic choice in selecting a provider of "Additional Services." Decl. Alpert at para. 19. | Undisputed.  Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>See Objection No. 16. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 10. Additional Services are defined as "any services other than the Bulk Multi-Channel Video Services, including, but not limited to, premium channels, pay-per-view, music, digital tier, video-on-demand, and other video and music services not included in the Bulk Multi-Channel Video Services package, high speed data and Internet access services, voice services, etc."<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 1-2. | Undisputed. | Undisputed. |
| 11. HOA residents who chose to order Additional Services from TWC are responsible for paying TWC for such services.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 2; Alpert Deposition, p. 124, lines 17-23; p. 126, lines 2-25; Deposition Transcript, NOL Ex. A. | Undisputed, but incomplete. Alpert must pay TWC for basic cable through monthly assessments by his HOA. Decl. Alpert at para. 8. Under the Agreement, basic cable is provided on an "exclusive" basis, meaning there is no competition for those services. Agreement at para. 4.2 [TWC has "the exclusive right... to offer and provide multi-channel video services to Residents."] Since residents like Leon Alpert must pay for basic cable to TWC through the HOA, there is no other meaningful economic choice in selecting a provider of "Additional Services." Decl. Alpert at para. 19. | Undisputed. Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable.<br><br>Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection Nos. 6 and 16. |
| 12. Pursuant to Section 2 of the Agreement, "Residents will be billed directly for all service charges, taxes, franchise fees, and other fees assessed in conjunction with Additional Services." | Undisputed, but incomplete. Alpert must pay TWC for basic cable through monthly assessments by his HOA. Decl. Alpert at para. 8. Under the Agreement, basic cable is provided on an "exclusive" basis, meaning there is no | Undisputed. Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B, p. 2. | competition for those services. Agreement at para. 4.2 [TWC has "the exclusive right... to offer and provide multi-channel video services to Residents."] Since residents like Leon Alpert must pay for basic cable to TWC through the HOA, there is no other meaningful economic choice in selecting a provider of "Additional Services." Decl. Alpert at para. 19. | that he knew that the HOA paid TWC for his basic cable.<br><br>Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection Nos. 6 and 16. |
| 13. No rates or special pricing for Additional Services are provided for in the Agreement.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. | No dispute of material fact. Plaintiff's response does not dispute the stated fact. Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc*., 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp*., 708 F.2d 1483, 1492 (9th Cir. 1983). |
| 14. Since March 2003, TWC has provided the Bulk Multi-Channel Services ("basic cable") to Plaintiff's residence as set forth in the Agreement between TWC and the HOA.<br><br>Rhodes Decl. ¶ 3. | Disputed. TWC has provided basic cable to plaintiff since the 1990s. Decl. Alpert at para. 9. | No dispute of material fact.<br><br>See Objection No. 7. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 15. TWC has not billed or collected money from Plaintiff for these services, nor has Plaintiff paid anything to TWC for the services.<br><br>Rhodes Decl. ¶ 4; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A. | Disputed. Alpert must pay TWC for basic cable through monthly assessments collected by his HOA. Decl. Alpert at para, 8. | No dispute of material fact. Plaintiff fails to dispute that TWC does not bill or collect money for basic cable services from Plaintiff. Nor does Plaintiff dispute that the HOA pays TWC for basic cable services.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable.<br><br>Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A. |
| 16. TWC is paid by the HOA for providing basic cable services to Plaintiff's residence.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A. | Disputed. Alpert must pay TWC for basic cable through monthly assessments collected by his HOA. Decl..Alpert at para. 8. | No dispute of material fact. Plaintiff fails to dispute the HOA pays TWC for basic cable services.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable.<br><br>Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 6. |
| 17. Plaintiff knew and understood that the HOA paid TWC for the basic cable he received from | Disputed. Alpert must pay TWC for basic cable through monthly assessments collected by his HOA. Decl. Alpert at para. 8. | No dispute of material fact. Plaintiff fails to dispute the stated fact.<br><br>Furthermore, Plaintiff has |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| TWC.<br><br>Alpert Deposition, p. 32, line 17—p. 33, line 6; p. 86, lines 18-22; Deposition Transcript, NOL Ex. A. | | repeatedly admitted in pleadings and at deposition that he knew that the HOA paid TWC for his basic cable.<br><br>Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 6. |
| 18. Since March 2003, Plaintiff has ordered certain Additional Services from TWC under a contract titled "Time Warner Cable Residential Services Subscriber Agreement" ("Consumer Agreement").<br><br>Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C; Alpert Deposition, p. 88, lines 8-13; Deposition Transcript, NOL Ex. A. | Disputed. Alpert has ordered Additional Services but does not recall ever being provided a "Subscriber Agreement." Decl. Alpert at para, 10. TWC was Alpert's basic cable provider, thus he ordered Additional Services from that provider. *Id.* at para. 19. | No dispute of material fact.<br><br>See Objection Nos. 8 and 16. |
| 19. TWC has billed Plaintiff for the Additional Services he ordered, and Plaintiff has paid TWC directly for such services.<br><br>Rhodes Decl. ¶ 6; Alpert Deposition, p. 136, lines 1-18; p. 140, lines 8-12; Deposition Transcript, NOL Ex. A. | Undisputed, but incomplete. Alpert must also pay TWC for basic cable through monthly assessments collected by his HOA. Decl. Alpert at para. 8. | No dispute of material fact. Plaintiff fails to dispute the stated fact.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that he knew that the HOA paid TWC for his basic cable.<br><br>Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 6. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 20. TWC's bills to Plaintiff for his Additional Services contain a detailed itemization of each Additional Service and associated charge for each such service.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | Disputed. TWC's bill itemization is deceptive in that it did not disclose the existence of HOA pricing applicable to Alpert. Decl. Alpert at para. 16; see also TWC's NOL, Exhibits D and E (Alpert's bills from TWC). | No dispute of material fact. Plaintiff does not dispute that TWC's bills to Plaintiff contain a detailed itemization of each Additional Service he ordered and the associated charge. Plaintiff's response pertains to whether TWC had a duty to disclose discounts and promotions on Plaintiff's bills, which is a purely legal issue. Furthermore, no such duty exists. *Buller v. Sutter Health*, 160 Cal. App. 4th 981, 991-92 (2008).<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).<br><br>See Objection No. 13. |
| 21. The invoices show that Plaintiff was charged only for the Additional Services he ordered and was not charged for basic cable services.<br><br>Rhodes Decl. ¶¶ 7, 9, August | Disputed. TWC's bill itemization is deceptive in that it did not disclose the existence of HOA pricing applicable to Alpert. Decl. Alpert at para. 16; see also TWC's NOL, Exhibits D and E (Alpert's bills from | No dispute of material fact. Plaintiff does not dispute that TWC's bills to Plaintiff show he was charged only for the Additional Services he ordered and not for basic |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | TWC). As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. | cable. Plaintiff's response pertains to whether TWC had a duty to disclose discounts and promotions on Plaintiff's bills, which is a purely legal issue. Furthermore, no such duty exists. *Buller*, 160 Cal. App. 4th at 991-92.

Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).

Moreover, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable.

Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.

See Objection Nos. 13 and 29. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 22. As recently as August 2006, the Additional Services ordered by Plaintiff included the following features and pricing:<br><br>Digital Phone Package ($39.95); iControl Premium Service ($6.95); HDTV Converters ($7.00 x 2); Service Protection Plan ($2.95); Premier Digital ($11.00); Any 4 Premium Channels ($24.95); Wireless Road Runner ($54.90); special order items such as on-demand movies; as well as applicable taxes and fees.<br><br>These prices reflect TWC's published and/or established rates for such a la carte services.<br><br>Rhodes Decl. ¶ 7; August 2006 Bill, NOL Ex. D. | Disputed. The prices did not reflect TWC's rates for HOA members. Decl. Ramos, Exhibit C, TWC's 2006 HOA rate sheet. Since TWC did not advertise its HOA pricing, Alpert had no way of knowing what the correct charges were for the services he was receiving. Decl. Alpert at para. 18. TWC did not advertise its San Diego HOA rates. Decl. Ramos, Exhibit A, Depo. of TWC's PMK, Terri Rhodes, at p.163:20. TWC did not even inform HO As of the existence of HOA pricing. *Id.* at p.211:20. Alpert never ordered any of his services "a la carte." Decl. Alpert at para. 17. TWC had always put Alpert into various bundles, but did not put him into an HOA bundle. *Id.* at para 17. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. | No dispute of material fact.  Plaintiff does not dispute the stated fact. Plaintiff's response pertains to whether TWC had a duty to disclose discounts and promotions, which is a purely legal issue.  Furthermore, no such duty exists.  *Buller*, 160 Cal. App. 4th at 991-92.<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law.  *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).<br><br>See Objection Nos. 14, 15, and 29. |
| 23. In 2005, TWC began to offer Additional Services in various bundled packages for bulk customers, such as HOA members, at a discount off the aggregate price of the individual services.<br><br>Rhodes Decl. ¶ 8. | Disputed. Prior to 2005, TWC "permitted bulk [HOA] customers to purchase Additional Services" at the full retail rates (i.e., without accounting for having already collected for basic cable). Decl. Rhodes in support of MSJ, para.8. In the 2005/2006 time frame, HOA customers like | No dispute of material fact.  Plaintiff's response does not dispute the stated fact.<br><br>See Objection No. 38 |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | Alpert paid $ 55 to get the Digipic 4000 whereas non-HOA customers only paid an additional $ 40. Decl. Ramos, Exhibit A, Depo Rhodes, p. 106:22-107:2. Alpert and other HOA customers paid more for Additional Services such as the Digipic 4000 than non-HOA customers. *Id.* at p. 150:8. TWC doesn't consider that Alpert and the other HOA members are even paying for basic cable at all. *Id.* at p.150:12. | |
| 24. Plaintiff was familiar with TWC advertising relating to bundled packages and knew that customers ordering bundled services received a discount off the a la carte price for the same services.<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A. | Disputed. TWC's San Diego HOA pricing was concealed from Alpert. Decl. Alpert at para. 18. TWC did not advertise its HOA pricing. Decl. Ramos, Exhibit A, Depo. Terri Rhodes at p. 163:20; Decl. Alpert at para. 15. TWC did not even inform HO As of the existence of HOA pricing. Decl. Ramos, Exhibit A, Depo. Terri Rhodes at p.211:20. TWC did not notify HOAs in writing or otherwise of the new, special HOA rates, nor post them on its website among its other published rates where customers could be aware of them. | No dispute of material fact. In response to questioning as to whether Plaintiff "knew what a bundled package of services was," Plaintiff testified at deposition: "Well, they advertised it or use [sic] a strong marketing campaign, or they did at the time, about bundling. So, I guess, you know, I understood that if you buy more of their services collectively, you get a better rate." Plaintiff also testified: "I purchased what I purchased to get a better rate collectively than individually" and "I ordered a certain package to get a better rate."<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A.<br><br>Furthermore, Plaintiff's response pertains to whether TWC had a duty to disclose discounts and promotions on Plaintiff's bills, which is a purely |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | | legal issue.  No such duty exists. *Buller*, 160 Cal. App. 4th at 991-92.<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).<br><br>See Objection Nos. 12 and 15. |
| 25. In or about September 2006, having become aware that TWC was offering a bundled package of Additional Services that included many of the services Plaintiff was purchasing a la carte, Plaintiff switched his Additional Services to order new services, including a bundled package.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E; Alpert Deposition, p. 26, lines 4-11; Deposition Transcript, NOL Ex. A. | Disputed. Alpert never "switched" anything and did not request or order any "bundle." Decl. Alpert at para. 12. After discovering from another source that lower HOA rates were available, Alpert called TWC and demanded that his bill be corrected and demanded a refund for all the months TWC has been overcharging him for his services. *Ibid.* Alpert did not request any new services or to be bundled. *Ibid.* | No dispute of material fact.  Plaintiff testified at deposition: "I purchased what I purchased to get a better rate collectively than individually" and "I ordered a certain package to get a better rate."<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 9. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 26. Plaintiff changed his Additional Services to a bundled package in order to get a better price.<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A. | Disputed. Alpert never "switched" anything and did not request or order any "bundle." Decl. Alpert at para. 12. Alpert called TWC and demanded that his bill be corrected and demanded a refund for all the months TWC has been overcharging him for his services. *Ibid.* Alpert did not request any new services or to be bundled. *Ibid.* | No dispute of material fact. Plaintiff testified at deposition: "I purchased what I purchased to get a better rate collectively than individually" and "I ordered a certain package to get a better rate."<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 9. |
| 27. Plaintiff's new Additional Services included a bundled package with the following features and pricing:<br><br>HDTV Converter ($8.00); Service Protection Plan ($2.95); Hoa DIGIPiC 4000 Plan ($121.90)—which includes Wireless Roadrunner, Digital Phone Package, Free On Demand, iControl Premium Service, Digital Access, Cinemax, HBO, Navigator Screen Guide, Showtime, STARZ, Digital Movie Pack, Digital Sports Pack, Digital Variety Pack, Basic Cable Paid by Hoa, and Road Runner High Speed; special order items such as on-demand movies; as well as applicable taxes and fees.<br><br>Rhodes Decl. ¶ 9; September 2006 Bill, NOL Ex. E. | Disputed. Alpert never "switched" anything and did not request or order any "bundle." Decl. Alpert at para. 12. Alpert called TWC and demanded that Ms bill be corrected and demanded a refund for all the months TWC has been overcharging him for his services. *Ibid.* Alpert did not request any new services or to be bundled. *Ibid.* | No dispute of material fact. Plaintiff's response does not dispute the stated fact. Moreover, Plaintiff testified at deposition: "I purchased what I purchased to get a better rate collectively than individually" and "I ordered a certain package to get a better rate."<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 9. |
| 28. As a result of Plaintiff modifying the Additional Services ordered, and ordering them in a bundled package vis-à-vis a la carte, | Disputed. Alpert never "switched" anything and did not request or order any "bundle." Decl. Alpert at para. 12. Alpert called TWC and demanded that | No dispute of material fact. Plaintiff's response does not dispute the stated fact. Moreover, Plaintiff testified at deposition: "I |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| Plaintiff's charges for Additional Services decreased.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | his bill be corrected and demanded a refund for all the months TWC has been overcharging him for his services. *Ibid.* Alpert did not request any new services or to be bundled. *Ibid.* | purchased what I purchased to get a better rate collectively than individually" and "I ordered a certain package to get a better rate."<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 9. |
| 29. As part of the Consumer Agreement under which Additional Services were provided by TWC to Plaintiff, Plaintiff agreed that it was his responsibility to report TWC billing errors within thirty days from the receipt of any bill containing such errors, so that service levels and payments can be verified.<br><br>Rhodes Decl. ¶ 5; Consumer Agreement; NOL Ex. C, p. 3. | Disputed. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its HOA pricing. Decl. Alpert at para. 16. Also, Alpert DID demand the lower rates and correction of the concealed overcharge within 30 days after his discovery thereof. | No dispute of material fact. Plaintiff has failed to present any evidence that the stated term is not part of the Consumer Agreement under which his Additional Services were provided.<br><br>See Objection No. 13. |
| 30. Plaintiff further agreed to waive any errors that were not reported within thirty days of receipt.<br><br>Rhodes Decl. ¶ 5; Consumer Agreement; NOL Ex. C, p. 3. | Disputed. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its HOA pricing. Decl. Alpert at para. 16. | No dispute of material fact. Plaintiff has failed to present any evidence that the stated term is not part of the Consumer Agreement under which his Additional Services were provided.<br><br>See Objection No. 13. |
| 31. Plaintiff's monthly invoices from TWC for his Additional Services included the following language under a heading titled "<u>ABOUT YOUR TIME WARNER CABLE AGREEMENT</u>:"<br><br>"Note:  If you believe this | Undisputed, but incomplete. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its HOA pricing. Decl. Alpert at | Undisputed.  Plaintiff's response in addition to not disputing this fact is non-responsive to the stated fact.  Furthermore, Plaintiff has failed to present any evidence that the stated term is not part of the Consumer |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| statement contains a billing error, we must hear from you within 30 days of receipt of the statement in question.  If we are not notified of the discrepancy the statement will be considered correct." <br><br> Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | para. 16. | Agreement under which his Additional Services were provided. <br><br> See Objection No. 13. |
| 32. At deposition, Plaintiff responded to questions regarding the reasonableness of asking customers to identify billing errors within thirty days by stating that "I don't think it's unreasonable to make the complaint within 30 days. . . you know – that seems reasonable." <br><br> Alpert Deposition, p. 165, lines 4-17; Deposition Transcript, NOL Ex. A. | Disputed. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its HO A pricing. Decl. Alpert at para. 16. Also, Alpert did demand correction of his bill within 30 days after his discovery of the overcharge. | No dispute of material fact.  Plaintiff's response in addition to not disputing this fact is non-responsive to the stated fact.  Furthermore, Plaintiff has failed to present any evidence that the stated term is not part of the Consumer Agreement under which his Additional Services were provided. <br><br> See Objection No. 13. |
| 33. Plaintiff testified in his deposition that the bills he received for Additional Services were correct both before and after he altered his services and ordered a bundled package. <br><br> Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A. | Disputed. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. TWC's Amended Sep. Statement, Exhibit E; Decl. Alpert at para. 14. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. The cited testimony does not indicate Alpert's agreement that TWC's bills were correct before he was put into HOA pricing. See e.g., | No dispute of material fact.  Plaintiff's deposition testimony is clear that his bills were correct both before and after the ordered a bundled package, including his statement that TWC "quoted me a rate or I saw it on the ad or a combination, and that's the bill and that's what I paid." Plaintiff also testified as follows: "Q:  All right. Whatever comparison you were making to, whether it was the ad or the rate card or some other document, you did that kind of a |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | TWC's NOL, Exhibit A, at p. 144:15-18; 148:17; 151:21; 155:25; 158:2. Agreeing that a bill was received is obviously not the same as agreeing a bill was accurate. Each cited instance in the deposition transcript where Alpert was actually asked to speculate whether his bill was "accurate" is preceded by a "speculation" objection asserted by Alpert's counsel. See e.g., TWC's NOL, Exhibit A at p,.148:21; 151:16. These objections, coupled with the fact that when Alpert learned he was being overcharged in late 2006 he called TWC and demanded a correction to his bill, and that the bill was, in fact, corrected, all undermine TWC's entire argument that Alpert believed his bills were accurate. Decl. Alpert at paras. 11, 12. | comparison when you first received the bill, and you were satisfied that the rates were as they were advertised or represented to be?  A:  Yes, because I paid the bill without dispute every month." <br><br> Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). <br><br> Alpert Deposition, p. 148, line 17—p. 149, p. 157, lines 12-8; Deposition Transcript, NOL Ex. A. <br><br> See Objection Nos. 9, 11, and 29. |

**TWC Has Not Violated Section 1770(a)(3) of the CLRA**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 34. Plaintiff Leon Alpert claims that TWC has violated section 1770(a)(3) of the CLRA by (1) not informing | Undisputed. | Undisputed. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| him of the rates for Additional Services that he was allegedly entitled to as member of Sea Point Townhomes' Home Owners' Association (the "HOA"), and (2) not disclosing to Plaintiff that TWC was collecting fees for his basic cable service from the HOA.<br><br>First Amended Complaint ¶ 14. | | |
| 35. Plaintiff was not entitled to any particular rates for Additional Services.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HO As and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a **higher** price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. | No dispute of material fact. Plaintiff's response does not dispute or present any admissible evidence to contradict the stated fact.<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).<br><br>See Objection No. 29. |
| 36. TWC had no duty to inform Plaintiff of all its rates, packages, and promotions for Additional Services. | Disputed. The Agreement requires TWC to provide its pricing to SeaPoint Residents. TWC's NOL, Exhibit B, | No dispute of material fact. The terms referenced by Plaintiff in his response state only |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | Agreement at paras. 1.4, 4.4. | that TWC will provide the HOA with "marketing materials, service-order materials, sales support, and sales training." Plaintiff has identified no duty on the part of TWC to inform him of its rates, packages, and promotions for Additional Services.<br><br>Furthermore, the law is clear that no such duty exists. *Buller*, 160 Cal. App. 4th at 991-92. |
| 37. Plaintiff knew and understood that the HOA paid TWC for the basic cable he received from TWC.<br><br>Alpert Deposition, p. 32, line 17—p. 33, line 6; p. 86, lines 18-22; Deposition Transcript, NOL Ex. A. | Undisputed, but incomplete. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | Undisputed. Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that he knew that the HOA paid TWC for his basic cable.<br><br>Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 6. |
| 38. TWC had no duty to inform Plaintiff that the HOA was paying TWC for his basic cable.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | Undisputed, but incomplete. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | Undisputed. Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable.<br><br>Reply Memorandum of |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | | Points and Authorities in Support of Motion for Remand ("Reply to Motion for Remand"), p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A<br><br>See Objection No. 6. |
| 39. TWC did not charge or collect money from Plaintiff for basic cable.<br><br>Rhodes Decl. ¶ 4; August 2006 Bill, NOL. Ex. D; September 2006 Bill, NOL Ex. E.. | Disputed. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | No dispute of material fact. Plaintiff fails to dispute that TWC does not bill or collect money for basic cable services from Plaintiff. Nor does Plaintiff dispute that the HOA pays TWC for basic cable services.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable.<br><br>Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 6. |
| 40. TWC correctly charged Plaintiff for the Additional Services he ordered.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC | No dispute of material fact. Plaintiff's deposition testimony is clear that his bills were correct both before and after the ordered a bundled package, including his statement that TWC "quoted me a rate or I saw it on the ad or a combination, and that's the bill and that's what I paid." Plaintiff also testified as follows: "Q: All right. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | 543(8)(a). While bulk "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at para 14, As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. | Whatever comparison you were making to, whether it was the ad or the rate card or some other document, you did that kind of a comparison when you first received the bill, and you were satisfied that the rates were as they were advertised or represented to be?  A:  Yes, because I paid the bill without dispute every month."  Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law.  *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).  Alpert Deposition, p. 148, line 17—p. 149, p. 157, lines 12-8; Deposition Transcript, NOL Ex. A.  See Objection Nos. 9, 11, and 29. |

/////

/////

/////

| TWC Has Not Violated Section 1770(a)(13) of the CLRA | | |
| --- | --- | --- |
| **MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE** | **OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE** | **REPLY TO OPPOSITION** |
| 41. Plaintiff claims that TWC has violated section 1770(a)(13) of the CLRA by misinforming him that his cable bill was reduced because he ordered a bundle of services vis-à-vis individual services, when the real reason for the price reduction was due to TWC already collecting basic cable fees on behalf of Plaintiff. First Amended Complaint ¶¶ 15, 42. | Undisputed. | Undisputed. |
| 42. Plaintiff was charged the correct price by TWC both when he ordered Additional Services a la carte, and when he later ordered a bundled package for a lower price. Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at para. 14. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA | No dispute of material fact. Plaintiff's deposition testimony is clear that his bills were correct both before and after the ordered a bundled package, including his statement that TWC "quoted me a rate or I saw it on the ad or a combination, and that's the bill and that's what I paid." Plaintiff also testified as follows: "Q:  All right. Whatever comparison you were making to, whether it was the ad or the rate card or some other document, you did that kind of a comparison when you first received the bill, and you were satisfied that the rates were as they were advertised or represented to be?  A:  Yes, because I paid the bill without dispute every month." Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. | operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).<br><br>Alpert Deposition, p. 148, line 17—p. 149, p. 157, lines 12-8; Deposition Transcript, NOL Ex. A.<br><br>See Objection Nos. 9, 11, and 29. |
| 43. Plaintiff's bill for Additional Services was reduced because he changed his services and ordered a bundled package rather than a host of individual services.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | Disputed. Alpert never "switched" anything and did not request or order any "bundle." Decl. Alpert at para. 12. Alpert called TWC and demanded that his bill be corrected and demanded a refund for all the months TWC has been overcharging him for his services. *Ibid.* Alpert did not request any new services or to be bundled. *Ibid.* | No dispute of material fact. Plaintiff's response does not dispute the stated fact. Moreover, Plaintiff testified at deposition: "I purchased what I purchased to get a better rate collectively than individually" and "I ordered a certain package to get a better rate."<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 9. |
| 44. Plaintiff testified at deposition that he was familiar with TWC advertising relating to bundled packages and knew | Disputed. TWC's San Diego HOA pricing was concealed from Alpert. Decl. Alpert at para. 18. TWC did not advertise its HOA pricing. Decl. Ramos, | No dispute of material fact. In response to questioning as to whether Plaintiff "knew what a bundled package of services was," |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| that customers ordering bundled services received a discount vis-à-vis ordering the same services a la carte.<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A. | Exhibit A, Depo. Terri Rhodes at p. 163:20; Decl. Alpert at para. 15. Decl. Alpert at para. 15. TWC did not even inform HOAs of the existence of HOA pricing. Decl. Ramos, Exhibit A, Depo. Terri Rhodes at p. 211:20. | Plaintiff testified at deposition: "Well, they advertised it or use [sic] a strong marketing campaign, or they did at the time, about bundling. So, I guess, you know, I understood that if you buy more of their services collectively, you get a better rate." Plaintiff also testified: "I purchased what I purchased to get a better rate collectively than individually" and "I ordered a certain package to get a better rate."<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A.<br><br>Furthermore, Plaintiff's response pertains to whether TWC had a duty to disclose discounts and promotions on Plaintiff's bills, which is a purely legal issue. No such duty exists. *Buller*, 160 Cal. App. 4th at 991-92.<br><br>Additionally, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v.* |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | | *San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). See Objection Nos. 12 and 15. |
| 45. Plaintiff testified at deposition that he changed his Additional Services to a bundled package in order to get a better price. Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A. | Disputed. Alpert never "switched" anything and did not request or order any "bundle." Decl. Alpert at para. 12. Alpert called TWC and demanded that his bill be corrected and demanded a refund for all the months TWC has been overcharging him for his services. *Ibid.* Alpert did not request any new services or to be bundled. *Ibid.* | No dispute of material fact. Plaintiff testified at deposition: "I purchased what I purchased to get a better rate collectively than individually" and "I ordered a certain package to get a better rate." Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A. See Objection No. 9. |

### TWC Has Not Violated Section 1770(a)(19) of the CLRA

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 46. Plaintiff claims that TWC has violated section 1770(a)(19) of the CLRA, which precludes inserting an unconscionable provision into a contract, by requiring customers to report billing errors within thirty days. First Amended Complaint ¶¶ 21-23, 40. | Undisputed. | Undisputed. |
| 47. The billing provision at issue provides: "I agree that it is my responsibility to report TWC billing errors within 30 days | Disputed. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its | No dispute of material fact. Plaintiff has failed to present any evidence that the stated term is not part of the Consumer Agreement under which his Additional Services |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| from receipt of the bill so that service levels and all payments can be verified.  If not reported within 30 days, the errors are waived."<br><br>Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C, p. 3. | HO A pricing. Decl. Alpert at para. 16. | were provided.<br><br>See Objection No. 13. |
| 48. Each TWC invoice also states the following text directly below a capitalized and underlined title "ABOUT YOUR TIME WARNER CABLE AGREEMENT":<br><br>    "Note:  If you believe this statement contains a billing error, we must hear from you within 30 days of receipt of the statement in question.  If we are not notified of the discrepancy the statement will be considered correct."<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | Disputed. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its HO A pricing. Decl. Alpert at para. 16. | Undisputed.  Plaintiff's response in addition to not disputing this fact is non-responsive to the stated fact.  Furthermore, Plaintiff has failed to present any evidence that the stated term is not part of the Consumer Agreement under which his Additional Services were provided.<br><br>See Objection No. 13. |
| 49. TWC's invoices use the same font size for the reminder regarding reporting billing errors within thirty days as is used in the same area on the billing statement.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | Disputed. The font size of the 30 day billing error notice is significantly smaller than most of the TWC billing statement, particularly those parts identifying the sum due on the bill and the "Important Viewer News." TWC's NOLs Exhibits D and E. | No dispute of material fact.  Plaintiff's response compares the font of the reminder statement to areas outside the context of the area in which it is made.  Plaintiff does not dispute the stated fact. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 50. Plaintiff testified in his deposition that the bills he received for Additional Services were correct both before and after he altered his services and ordered a bundled package.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at para. 14. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. The cited testimony does not indicate Alpert's agreement that TWC's bills were correct before he was put into HOA pricing. See e.g., TWC's NOL, Exhibit A, atp.l44:15-18; 148:17; 151:21; 155:25; 158:2. Agreeing that a bill was received is obviously not the same as agreeing a bill was accurate. Each cited instance in the deposition transcript where Alpert was actually asked to speculate whether his bill was "accurate" is preceded by a "speculation" objection asserted | No dispute of material fact. Plaintiff's deposition testimony is clear that his bills were correct both before and after the ordered a bundled package, including his statement that TWC "quoted me a rate or I saw it on the ad or a combination, and that's the bill and that's what I paid." Plaintiff also testified as follows: "Q: All right. Whatever comparison you were making to, whether it was the ad or the rate card or some other document, you did that kind of a comparison when you first received the bill, and you were satisfied that the rates were as they were advertised or represented to be? A: Yes, because I paid the bill without dispute every month."<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | by Alpert's counsel. See e.g, TWC's NOL, Exhibit A at p,.148:21; 151:16. These objections, coupled with the fact that when Alpert learned he was being overcharged in late 2006 he called TWC and demanded a correction to his bill, and that the bill was, in fact, corrected, all undermine TWC's entire argument that Alpert believed his bills were accurate. Decl. Alpert at paras. 11, 12. | Alpert Deposition, p. 148, line 17—p. 149, p. 157, lines 12-8; Deposition Transcript, NOL Ex. A.<br><br>See Objection Nos. 9, 11, and 29. |
| 51. At deposition, Plaintiff responded to questions regarding the reasonableness of asking customers to identify billing errors within thirty days by stating that "I don't think it's unreasonable to make the complaint within 30 days. . . you know – that seems reasonable."<br><br>Alpert Deposition, p. 165, lines 4-17; Deposition Transcript, NOL Ex. A. | Disputed. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its HOA pricing. Decl. Alpert at para. 16. | No dispute of material fact.  Plaintiff's response in addition to not disputing this fact is non-responsive to the stated fact.  Furthermore, Plaintiff has failed to present any evidence that the stated term is not part of the Consumer Agreement under which his Additional Services were provided.<br><br>See Objection No. 13. |
| 52. Plaintiff had other means of obtaining the entertainment provided by his ordering Additional Services from TWC, such as renting movies, using a satellite service, using another telephone provider, and using another internet provider.<br><br>Request for Judicial Notice in Support of Defendant Time Warner Cable's Motion for Summary Judgment ("RJN"), ¶ 1. | Disputed. Under the Agreement, basic cable is provided on an "exclusive" basis, meaning there is no competition for those services. Agreement at para. 4.2 [TWC has "the exclusive right... to offer and provide multi-channel video services to Residents."] Since residents like Leon Alpert must pay for basic cable to TWC through the HOA, there is no other meaningful economic choice in selecting a provider of "Additional Services." Decl. Alpert at para. 19. Alpert is not aware of any other cable company that offers movies on demand and other cable television related services | No dispute of material fact.<br><br>See Objection No. 16. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | (e.g., telephone or Internet service) without the consumer purchasing basic cable service from that provider. *Ibid.* | |
| 53. Plaintiff could have simply foregone ordering Additional Services from TWC. <br><br> RJN ¶ 2. | Disputed. Under the Agreement, basic cable is provided on an "exclusive" basis, meaning there is no competition for those services. Agreement at para. 4.2 [TWC has "the exclusive right... to offer and provide multi-channel video services to Residents."] Since residents like Leon Alpert must pay for basic cable to TWC through the HOA, there is no other meaningful economic choice in selecting a provider of "Additional Services." Decl. Alpert at para. 19. Alpert is not aware of any other cable company that offers movies on demand and other cable television related services (e.g., telephone or Internet service) without the consumer purchasing basic cable service from that provider. *Ibid.* | No dispute of material fact. Plaintiff's response is non-responsive to the stated fact. <br><br> See Objection No. 16. |

**Issue #2: Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unlawful conduct by breaching its agreement with Sea Point Townhomes' Home Owners' Association (the "HOA"), lacks merit as a matter of law because TWC did not breach its agreement with the HOA.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 54. Plaintiff claims that TWC breached its agreement with the HOA by charging him directly for services already provided and paid for under | Undisputed. | Undisputed. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| the HOA agreement.<br><br>First Amended Complaint ¶¶ 29(g), 43. | | |
| 55. The contract between TWC and the HOA provided that TWC would provide basic cable to HOA residents.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | Undisputed. | Undisputed. |
| 56. TWC provided basic cable services to HOA residents.<br><br>Rhodes Decl. ¶ 3. | Undisputed. | Undisputed. |
| 57. TWC charged the HOA for providing basic cable services to HOA residents.<br><br>Rhodes Decl. ¶ 4. | Undisputed, but incomplete. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | Undisputed.  Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable.<br><br>Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 6. |
| 58. The HOA paid TWC for providing basic cable services to HOA residents.<br><br>Rhodes Decl. ¶ 4. | Undisputed, but incomplete. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | Undisputed.  Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | | basic cable. |
| | | Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A. |
| | | See Objection No. 6. |
| 59. TWC has not billed or collected money from Plaintiff or other HOA residents for their basic cable services.<br><br>Rhodes Decl. ¶¶ 4, 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A | Disputed. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | No dispute of material fact. Plaintiff fails to dispute that TWC does not bill or collect money for basic cable services from Plaintiff. Nor does Plaintiff dispute that the HOA pays TWC for basic cable services.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable.<br><br>Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 6. |
| 60. TWC was not contractually bound to offer Additional Services to Plaintiff at any particular prices.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1 (B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk | No dispute of material fact. Plaintiff's response does not dispute or present any admissible evidence to contradict the stated fact.<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. | thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). See Objection No. 29. |

**Issue #3:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unfair conduct by overcharging Plaintiff, lacks merit as a matter of law because TWC did not overcharge Plaintiff.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 61. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by overcharging HOA customers for cable services and not providing pricing that reflected services already provided for under TWC's contract with the HOA.<br><br>First Amended Complaint ¶ 38. | Undisputed. | Undisputed. |
| 62. TWC correctly billed Plaintiff for the Additional Services he ordered from TWC both before and after he changed such services to a bundled package. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. | No dispute of material fact. Plaintiff's deposition testimony is clear that his bills were correct both before and after the ordered a bundled package, |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E; Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A. | 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at para. 14. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. | including his statement that TWC "quoted me a rate or I saw it on the ad or a combination, and that's the bill and that's what I paid." Plaintiff also testified as follows: "Q: All right. Whatever comparison you were making to, whether it was the ad or the rate card or some other document, you did that kind of a comparison when you first received the bill, and you were satisfied that the rates were as they were advertised or represented to be? A: Yes, because I paid the bill without dispute every month."<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).<br><br>Alpert Deposition, p. 148, line 17—p. 149, p. 157, lines 12-8; Deposition Transcript, NOL Ex. A.<br><br>See Objection Nos. 9, 11, and 29. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 63. TWC's contract with the HOA provides only for basic cable services to be provided to HOA residents and does not contain, suggest, or require pricing for any Additional Services that may be ordered by residents.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk *"discounts"* to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. | No dispute of material fact. Plaintiff's response does not dispute the stated fact. Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).<br><br>See Objection No. 29. |
| 64. TWC's pricing of Additional Services to Plaintiff, both before and after he switched his programming to a bundled package, properly reflected the services already provided under the Agreement between TWC and the HOA because it did not charge Plaintiff for basic cable—the services provided per the Agreement.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1 (B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk *"discounts"* to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a | No dispute of material fact. Plaintiff's response is non-responsive to the stated fact and fails to dispute that he was not charged for basic cable services.<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at para. 14. | 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). See Objection No. 11. |

**Issue #4: Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unfair conduct by requiring thirty-day notification of billing errors while failing to disclose HOA pricing that accounted for HOA payments, lacks merit as a matter of law because such notification terms are reasonable.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 65. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by requiring notification of billing errors within thirty days while failing to disclose pricing that accounted for HOA payments. First Amended Complaint ¶ 39. | Undisputed. | Undisputed. |
| 66. As part of the Consumer Agreement under which Additional Services were provided by TWC to Plaintiff, Plaintiff agreed that it was his responsibility to report TWC billing errors within thirty days from the receipt of any | Disputed. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its HOA pricing. Decl. Alpert at | No dispute of material fact. Plaintiff has failed to present any evidence that the stated term is not part of the Consumer Agreement under which his Additional Services were provided. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| bill containing such errors, so that service levels and payments can be verified.<br><br>Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C, p. 3. | para, 16. | See Objection No. 13. |
| 67. Plaintiff further agreed to waive any errors that were not reported within thirty days of receipt.<br><br>Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C, p. 3. | Disputed. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its HOA pricing. Decl. Alpert at para, 16. | No dispute of material fact. Plaintiff has failed to present any evidence that the stated term is not part of the Consumer Agreement under which his Additional Services were provided.<br><br>See Objection No. 13. |
| 68. Plaintiff's monthly invoices from TWC for his Additional Services included the following language under a heading titled "<u>ABOUT YOUR TIME WARNER CABLE AGREEMENT</u>:"<br><br>     "Note:  If you believe this statement contains a billing error, we must hear from you within 30 days of receipt of the statement in question.  If we are not notified of the discrepancy the statement will be considered correct."<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | Disputed. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its HOA pricing. Decl. Alpert at para. 16. | Undisputed.  Plaintiff's response in addition to not disputing this fact is non-responsive to the stated fact.  Furthermore, Plaintiff has failed to present any evidence that the stated term is not part of the Consumer Agreement under which his Additional Services were provided.<br><br>See Objection No. 13. |
| 69. At deposition, Plaintiff responded to questions regarding the reasonableness of asking customers to identify billing errors within thirty days by stating that "I don't think it's unreasonable to make the complaint within | Disputed. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its HOA pricing. Decl. Alpert at | No dispute of material fact.  Plaintiff's response in addition to not disputing this fact is non-responsive to the stated fact.  Furthermore, Plaintiff has failed to present any evidence that |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 30 days. . . you know – that seems reasonable." Alpert Deposition, p. 165, lines 4-17; Deposition Transcript, NOL Ex. A. | para. 16. | the stated term is not part of the Consumer Agreement under which his Additional Services were provided. See Objection No. 13. |

**Issue #5:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unfair conduct by requiring thirty-day notification of billing errors while failing to disclose HOA pricing that accounted for HOA payments, lacks merit as a matter of law because the notification term had no effect on Plaintiff, yet has a legitimate business benefit to TWC.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 70. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by requiring notification of billing errors within thirty days while failing to disclose pricing that accounted for HOA payments. First Amended Complaint ¶ 39. | Undisputed. | Undisputed. |
| 71. TWC requires customers to notify it of billing errors within thirty days so that service levels and payments can be verified. Rhodes Decl. ¶ 5; Consumer Agreement; NOL Ex. C, p. 3. | Disputed. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its HOA pricing. Decl. Alpert at para. 16. | No dispute of material fact.  Plaintiff has failed to present any evidence that the stated term is not part of the Consumer Agreement under which TWC provides Additional Services. See Objection No. 13. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 72. TWC correctly charged Plaintiff for the Additional Services he ordered both before and after he changed his services to a bundled package.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at para. 14. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. | No dispute of material fact. Plaintiff's deposition testimony is clear that his bills were correct both before and after the ordered a bundled package, including his statement that TWC "quoted me a rate or I saw it on the ad or a combination, and that's the bill and that's what I paid." Plaintiff also testified as follows: "Q: All right. Whatever comparison you were making to, whether it was the ad or the rate card or some other document, you did that kind of a comparison when you first received the bill, and you were satisfied that the rates were as they were advertised or represented to be? A: Yes, because I paid the bill without dispute every month."<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).<br><br>Alpert Deposition, p. 148, |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | | line 17—p. 149, p. 157, lines 12-8; Deposition Transcript, NOL Ex. A.<br><br>See Objection Nos. 9, 11, and 29. |

**Issue #6:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unfair conduct by requiring thirty-day notification of billing errors while failing to disclose HOA pricing that accounted for HOA payments, lacks merit as a matter of law because TWC did not fail to disclose such pricing.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 73. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by requiring notification of billing errors within thirty days while failing to disclose pricing that accounted for HOA payments.<br><br>First Amended Complaint ¶ 39. | Undisputed. | Undisputed. |
| 74. TWC correctly billed Plaintiff for the Additional Services he ordered from TWC both before and after he changed such services to a bundled package.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk *"discounts"* to HOAs and other | No dispute of material fact. Plaintiff's deposition testimony is clear that his bills were correct both before and after the ordered a bundled package, including his statement that TWC "quoted me a rate or I saw it on the ad or a combination, and that's the bill and that's what I paid." Plaintiff also testified as follows: "Q:  All right. Whatever comparison you were making to, whether it |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at para. 14. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. | was the ad or the rate card or some other document, you did that kind of a comparison when you first received the bill, and you were satisfied that the rates were as they were advertised or represented to be?  A:  Yes, because I paid the bill without dispute every month."<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).<br><br>Alpert Deposition, p. 148, line 17—p. 149, p. 157, lines 12-8; Deposition Transcript, NOL Ex. A.<br><br>See Objection Nos. 9, 11, and 29. |
| 75. TWC's contract with the HOA provides only for basic cable services to be provided to HOA residents and does not contain, suggest, or require pricing for any Additional Services that may be ordered by residents. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti- | No dispute of material fact.  Plaintiff has not disputed that TWC's contract with the HOA provides only for basic cable services to be provided to HOA residents.  (*See* Opposing |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at para. 14. | Party's Response and Supporting Evidence re: ¶ 3.)  Nor does Plaintiff's response dispute that no pricing for Additional Services is included in the contract between TWC and the HOA.<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).<br><br>See Objection No. 11. |
| 76. TWC's pricing of Additional Services to Plaintiff, both before and after he switched his programming to a bundled package, properly reflected the services already provided under the Agreement between TWC and the HOA because it did not charge Plaintiff for basic cable—the services provided per the Agreement.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HOAs and other | No dispute of material fact.  Plaintiff's response is non-responsive to the stated fact and fails to dispute that he was not charged for basic cable services.<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| Ex. D; September 2006 Bill, NOL Ex. E. | MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at para. 14. | thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).<br><br>See Objection No. 11. |
| 77. TWC was under no obligation to provide special pricing for Additional Services.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*'' to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at para. 14. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. | No dispute of material fact. Plaintiff's response does not dispute the stated fact. Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).<br><br>See Objection Nos. 11 and 29. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | Nutten, CPA, at para. 8. | |
| 78. TWC was not obligated to notify Plaintiff of all potential packages and prices for its Additional Services.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | Disputed. The Agreement requires TWC to provide its pricing to SeaPoint Residents. TWC's NOL, Exhibit B, Agreement at paras. 1.4, 4.4. | No dispute of material fact. The terms referenced by Plaintiff in his response state only that TWC will provide the HOA with "marketing materials, service-order materials, sales support, and sales training." Plaintiff has identified no duty on the part of TWC to inform him of its rates, packages, and promotions for Additional Services.<br><br>Furthermore, the law is clear that no such duty exists. *Buller*, 160 Cal. App. 4th at 991-92. |

**Issue #7:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in unfair conduct by breaching its agreement with the HOA, lacks merit as a matter of law because TWC did not breach its agreement with the HOA.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 79. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by breaching its Agreement with the HOA via charging Plaintiff for services already provided for under TWC's Agreement with the HOA.<br><br>First Amended Complaint ¶ 43. | Undisputed. | Undisputed. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 80. The contract between TWC and the HOA provided that TWC would provide basic cable to HOA residents.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | Undisputed. | Undisputed. |
| 81. TWC provided basic cable services to HOA residents.<br><br>Rhodes Decl. ¶ 3. | Undisputed. | Undisputed. |
| 82. TWC charged the HOA for providing basic cable services to HOA residents.<br><br>Rhodes Decl. ¶ 4. | Undisputed, but incomplete. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | Undisputed. Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable.<br><br>Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 6. |
| 83. The HOA paid TWC for providing basic cable services to HOA residents.<br><br>Rhodes Decl. ¶ 4. | Undisputed, but incomplete. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | Undisputed. Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable.<br><br>Reply to Motion for Remand, p. 3, lines 21-22; Alpert Deposition, p. 32, |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | | lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 6. |
| 84. TWC has not billed or collected money from Plaintiff or other HOA residents for their basic cable services.<br><br>Rhodes Decl. ¶¶ 4, 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A. | Disputed. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | Undisputed.  Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable.<br><br>Reply Memorandum of Points and Authorities in Support of Motion for Remand ("Reply to Motion for Remand"), p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 6. |
| 85. TWC was not contractually bound to offer Additional Services to Plaintiff at any particular prices.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same | No dispute of material fact. Plaintiff's response does not dispute the stated fact. Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v.* |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | services available to non-HOA/MDU customers. | *San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). |

**Issue #8:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in misleading conduct by overcharging Plaintiff, lacks merit as a matter of law because TWC did not overcharge Plaintiff.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 86. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by overcharging Plaintiff for Additional Services.<br><br>First Amended Complaint ¶ 38. | Undisputed. | Undisputed. |
| 87. TWC correctly billed Plaintiff for the Additional Services he ordered from TWC both before and after he changed such services to a bundled package.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E; Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect | No dispute of material fact. Plaintiff's deposition testimony is clear that his bills were correct both before and after the ordered a bundled package, including his statement that TWC "quoted me a rate or I saw it on the ad or a combination, and that's the bill and that's what I paid." Plaintiff also testified as follows:  "Q:  All right. Whatever comparison you were making to, whether it was the ad or the rate card or some other document, you did that kind of a comparison when you first received the bill, and you were satisfied that the rates were as they were advertised or represented |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at para. 14. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. | to be? A: Yes, because I paid the bill without dispute every month."<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).<br><br>Alpert Deposition, p. 148, line 17—p. 149, p. 157, lines 12-8; Deposition Transcript, NOL Ex. A.<br><br>See Objection Nos. 9, 11, and 29. |
| 88. TWC's contract with the HOA provides only for basic cable services to be provided to HOA residents and does not contain, suggest, or require pricing for any Additional Services that may be ordered by residents.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1 (B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), | No dispute of material fact. Plaintiff has not disputed that TWC's contract with the HOA provides only for basic cable services to be provided to HOA residents. (*See* Opposing Party's Response and Supporting Evidence re: ¶ 3.) Nor does Plaintiff's response dispute that no pricing for Additional Services is included in the contract between TWC and the HOA. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
|  | there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. | Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). |
| 89. TWC's pricing of Additional Services to Plaintiff, both before and after he switched his programming to a bundled package, properly reflected the services already provided under the Agreement between TWC and the HOA because it did not charge Plaintiff for basic cable—the services provided per the Agreement.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk *discounts* to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at | No dispute of material fact. Plaintiff's response is non-responsive to the stated fact and fails to dispute that he was not charged for basic cable services.<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const.* |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | para. 14. | *Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). See Objection No. 11. |

**Issue #9:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC misleading Plaintiff regarding when he was required to notify TWC of billing errors by hiding notification requirements and failing to disclose HOA pricing that accounted for HOA payments, lacks merit as a matter of law because the notification term was included in Plaintiff's contract and on every invoice sent to Plaintiff.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 90. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by requiring notification of billing errors within thirty days while failing to disclose pricing that accounted for HOA payments.<br><br>First Amended Complaint ¶ 39. | Undisputed. | Undisputed. |
| 91. As part of the Consumer Agreement under which Additional Services were provided by TWC to Plaintiff, Plaintiff agreed that it was his responsibility to report TWC billing errors within thirty days from the receipt of any bill containing | Disputed. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its HOA pricing. Decl. Alpert at para. 16. | No dispute of material fact. Plaintiff has failed to present any evidence that the stated term is not part of the Consumer Agreement under which his Additional Services were provided. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| such errors, so that service levels and payments can be verified.<br><br>Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C, p. 3. | | See Objection No. 13. |
| 92. Plaintiff further agreed to waive any errors that were not reported within thirty days of receipt.<br><br>Rhodes Decl. ¶ 5; Consumer Agreement; NOL Ex. C, p. 3. | Disputed. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its HOA pricing. Decl. Alpert at para. 16. | No dispute of material fact. Plaintiff has failed to present any evidence that the stated term is not part of the Consumer Agreement under which his Additional Services were provided.<br><br>See Objection No. 13. |
| 93. Plaintiff's monthly invoices from TWC for his Additional Services included the following language under a heading titled "<u>ABOUT YOUR TIME WARNER CABLE AGREEMENT</u>:"<br><br>    "Note:  If you believe this statement contains a billing error, we must hear from you within 30 days of receipt of the statement in question.  If we are not notified of the discrepancy the statement will be considered correct."<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | Disputed. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its HOA pricing. Decl. Alpert at para. 16. | Undisputed.  Plaintiff's response in addition to not disputing this fact is non-responsive to the stated fact.  Furthermore, Plaintiff has failed to present any evidence that the stated term is not part of the Consumer Agreement under which his Additional Services were provided.<br><br>See Objection No. 13. |
| 94. At deposition, Plaintiff responded to questions regarding the reasonableness of asking customers to identify billing errors within thirty days by stating that "I don't think it's unreasonable to make the complaint within | Disputed. Alpert did not agree to limit his claims against TWC to only those billing errors he could ascertain within 30 days of receiving the bill when those errors were concealed from him as a result of TWC concealing its HOA pricing. Decl. Alpert at | No dispute of material fact.  Plaintiff's response in addition to not disputing this fact is non-responsive to the stated fact.  Furthermore, Plaintiff has failed to present any evidence that |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 30 days. . . you know – that seems reasonable."<br><br>Alpert Deposition, p. 165, lines 4-17; Deposition Transcript, NOL Ex. A. | para 16. | the stated term is not part of the Consumer Agreement under which his Additional Services were provided.<br><br>See Objection No. 13. |

**Issue #10:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC concealing HOA pricing that accounted for HOA payments, lacks merit as a matter of law because TWC did not fail to disclose such pricing.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 95. Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by concealing HOA pricing that accounted for HOA payments.<br><br>First Amended Complaint ¶ 29(b). | Undisputed. | Undisputed. |
| 96. TWC correctly billed Plaintiff for the Additional Services he ordered from TWC both before and after he changed such services to a bundled package.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU | No dispute of material fact.  Plaintiff's deposition testimony is clear that his bills were correct both before and after the ordered a bundled package, including his statement that TWC "quoted me a rate or I saw it on the ad or a combination, and that's the bill and that's what I paid."  Plaintiff also testified as follows:  "Q: All right.  Whatever comparison you were making to, whether it was the ad or the rate card or |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at para, 14. Alpert never "switched" anything and did not request or order any "bundle." Decl. Alpert at para. 12. Alpert called TWC and demanded that his bill be corrected and demanded a refund for all the months TWC has been overcharging him for his services. *Ibid.* Alpert did not request any new services or to be bundled. *Ibid.* As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. | some other document, you did that kind of a comparison when you first received the bill, and you were satisfied that the rates were as they were advertised or represented to be? A: Yes, because I paid the bill without dispute every month." <br><br> Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). <br><br> Alpert Deposition, p. 148, line 17—p. 149, p. 157, lines 12-8; Deposition Transcript, NOL Ex. A. <br><br> See Objection Nos. 9, 11, and 29. |
| 97. TWC's contract with the HOA provides only for basic cable services to be provided to HOA residents and does not contain, suggest, or require pricing for any Additional Services that may be ordered by residents. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from | No dispute of material fact. Plaintiff has not disputed that TWC's contract with the HOA provides only for basic cable services to be provided to HOA residents. (*See* Opposing Party's Response and |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B. | charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HO As and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. | Supporting Evidence re: ¶ 3.)  Nor does Plaintiff's response dispute that no pricing for Additional Services is included in the contract between TWC and the HOA.<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law.  *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). |
| 98. TWC's pricing of Additional Services to Plaintiff, both before and after he switched his programming to a bundled package, properly reflected the services already provided under the Agreement between TWC and the HOA because it did not charge Plaintiff for basic cable—the services provided per the Agreement.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU | No dispute of material fact.  Plaintiff's response is non-responsive to the stated fact and fails to dispute that he was not charged for basic cable services.<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law.  *Schlacter-Jones v. Gen. Tel. of Cal.*, |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at para, 14. | 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). See Objection No. 11. |
| 99. Plaintiff knew and understood that the HOA paid TWC for the basic cable he received from TWC. Alpert Deposition, p. 32, line 17—p. 33, line 6; p. 86, lines 18-22; Deposition Transcript, NOL Ex. A. | Disputed. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | Undisputed. Plaintiff's response in addition to not disputing this fact is non-responsive. Furthermore, Plaintiff has repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable. Reply Memorandum of Points and Authorities in Support of Motion for Remand ("Reply to Motion for Remand"), p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A. See Objection No. 6. |
| 100. The "HOA Pricing" referred to by Plaintiff is merely the pricing of one bundle of Additional Services that, until recently, was available to HOA residents who were willing to purchase all of the bundled services. Rhodes Decl. ¶ 11. | Disputed. HOA Pricing refers to both TWC's concealed HOA pricing effective in 2005 and to TWC's pricing prior to that which should have reflected the fact that Alpert was already paying for basic cable. Decl. Alpert at para. 22. | No dispute of material fact. Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-* |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | | *Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).<br><br>See Objection No. 19. |
| 101.    Plaintiff could have asked TWC at any point if any bundled options were available for his Additional Services.<br><br>Rhodes Decl. ¶ 12. | Disputed. Alpert was unaware of TWC's HOA pricing because TWC did not advertise such pricing and instead concealed it. Decl. Ramos, Exhibit A, Depo. Terri Rhodes at p.l63;20, 211:20,; Decl. Alpert at para. 18. TWC had already placed Alpert into various bundles, just not the appropriate HOA bundle. Decl. Alpert at para. 17. | No dispute of material fact.  Plaintiff's response is non-responsive.<br><br>Furthermore, Plaintiff's response pertains to whether TWC had a duty to disclose discounts and promotions on Plaintiff's bills, which is a purely legal issue.  No such duty exists.  *Buller*, 160 Cal. App. 4th at 991-92.<br><br>Additionally, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law.  *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | | 1492 (9th Cir. 1983).<br><br>Moreover, Plaintiff not asserted concealment against TWC, nor has he presented any evidence of concealment.<br><br>See Objection No. 14. |
| 102.    TWC was not contractually bound to offer Additional Services to Plaintiff at any particular prices.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. | No dispute of material fact.  Plaintiff's response does not dispute the stated fact.  Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). |
| 103.    TWC was not obligated to notify Plaintiff of all potential packages and prices for its Additional Services.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | Disputed. The Agreement requires TWC to provide its pricing to SeaPoint Residents. TWC's NOL, Exhibit B, Agreement at paras. 1.4, 4.4. | No dispute of material fact.  The terms referenced by Plaintiff in his response state only that TWC will provide the HOA with "marketing materials, service-order materials, sales support, and sales training." Plaintiff has identified no duty on the part of TWC to inform him of its rates, |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
| --- | --- | --- |
| | | packages, and promotions for Additional Services. Furthermore, the law is clear that no such duty exists. *Buller*, 160 Cal. App. 4th at 991-92. |

**Issue #11:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC misrepresenting its affiliation, connection, or association with the HOA, lacks merit as a matter of law because TWC made no such misrepresentations.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
| --- | --- | --- |
| 104.    Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by misrepresenting its affiliation, connection, or association with the HOA. Plaintiff claims that TWC (1) failed to inform him of the rates for Additional Services that he was allegedly entitled to as member of Sea Point Townhomes' Home Owners' Association (the "HOA"), and (2) failed to disclose to Plaintiff that TWC was collecting fees for his basic cable service from the HOA. First Amended Complaint ¶ 14, 41. | Undisputed. | Undisputed. |
| 105.    Plaintiff was not entitled to any particular rates for Additional Services. Rhodes Decl. ¶ 2; Residential Bulk Services | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. | No dispute of material fact.  Plaintiff's response does not dispute the stated fact.  Furthermore, Plaintiff's response pertains to issues, claims, |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| Agreement, NOL Ex. B. | Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. | and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). |
| 106.    TWC had no duty to inform Plaintiff of all its rates, packages, and promotions for Additional Services.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | Disputed. The Agreement requires TWC to provide its pricing to SeaPoint Residents. TWC's NOL, Exhibit B, Agreement at paras. 1.4, 4.4. | No dispute of material fact.  The terms referenced by Plaintiff in his response state only that TWC will provide the HOA with "marketing materials, service-order materials, sales support, and sales training."  Plaintiff has identified no duty on the part of TWC to inform him of its rates, packages, and promotions for Additional Services.<br><br>Furthermore, the law is clear that no such duty exists. *Buller*, 160 Cal. App. 4th at 991-92. |
| 107.    Plaintiff knew and understood that the HOA paid TWC for the basic cable he received from TWC.<br><br>Alpert Deposition, p. 32, line | Disputed. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | Undisputed.  Plaintiff's response in addition to not disputing this fact is non-responsive.<br><br>Furthermore, Plaintiff has |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 17—p. 33, line 6; p. 86, lines 18-22; Deposition Transcript, NOL Ex. A. | | repeatedly admitted in pleadings and at deposition that it is undisputed that the HOA paid TWC for his basic cable.<br><br>Reply Memorandum of Points and Authorities in Support of Motion for Remand ("Reply to Motion for Remand"), p. 3, lines 21-22; Alpert Deposition, p. 32, lines 17-20; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 6. |
| 108.    TWC had no duty to inform Plaintiff that the HOA was paying TWC for his basic cable.<br><br>Rhodes Decl. ¶ 2; Residential Bulk Services Agreement, NOL Ex. B; Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C. | Disputed. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. The Agreement requires TWC to provide its pricing to SeaPoint Residents. TWC's NOL, Exhibit B, Agreement at paras. 1.4, 4.4. | No dispute of material fact.  The terms referenced by Plaintiff in his response state only that TWC will provide the HOA with "marketing materials, service-order materials, sales support, and sales training."  Plaintiff has identified no duty on the part of TWC to inform him of its rates, packages, and promotions for Additional Services.<br><br>Furthermore, the law is clear that no such duty exists. *Buller*, 160 Cal. App. 4th at 991-92. |
| 109.    TWC did not charge Plaintiff for basic cable.<br><br>Rhodes Decl. ¶¶ 4, 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | Disputed. TWC is paid by monies collected from members of the HOA through monthly assessments to those members. Decl. Leon Alpert at para. 8. | No dispute of material fact.  Plaintiff's response is non-responsive to the stated fact.<br><br>See Objection No. 6. |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 110.    TWC correctly charged Plaintiff for the Additional Services he ordered.<br><br>Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk *discounts* to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at para. 14. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. | No dispute of material fact.  Plaintiff's deposition testimony is clear that his bills were correct both before and after the ordered a bundled package, including his statement that TWC "quoted me a rate or I saw it on the ad or a combination, and that's the bill and that's what I paid."  Plaintiff also testified as follows: "Q:  All right.  Whatever comparison you were making to, whether it was the ad or the rate card or some other document, you did that kind of a comparison when you first received the bill, and you were satisfied that the rates were as they were advertised or represented to be?  A:  Yes, because I paid the bill without dispute every month."<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law.  *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const.* |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | | *Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). Alpert Deposition, p. 148, line 17—p. 149, p. 157, lines 12-8; Deposition Transcript, NOL Ex. A. See Objection Nos. 9, 11, and 29. |

**Issue #12:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC misrepresenting the reason for the decrease in Plaintiff's bill for Additional Services after he changed his services to a bundled package, lacks merit as a matter of law because TWC made no such misrepresentations.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 111.    Plaintiff claims that TWC engaged in unfair business conduct in violation of Business & Professions Code section 17200 *et seq.* by misrepresenting that the reason for the decrease in his bill for Additional Services was due to ordering a bundled package, when the real reason for the price reduction was due to TWC already collecting basic cable fees on behalf of Plaintiff. First Amended Complaint ¶ 42. | Undisputed. | Undisputed. |
| 112.    Plaintiff was charged the correct price by TWC both when he ordered Additional Services a la carte, and when he later ordered a bundled package for a lower price. | Disputed. The Agreement does not provide that TWC may charge more than its published rate card pricing or more than TWC's HOA pricing for the San Diego area. Agreement at paras. 1.1(B), 2. Moreover, to the extent applicable, | No dispute of material fact.  Plaintiff's deposition testimony is clear that his bills were correct both before and after the ordered a bundled package, |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A. | anti-discrimination regulations prohibit TWC from charging consumers in the same geographic region more than other consumers. 47 USC 543(8)(a). While bulk "*discounts*" to HOAs and other MDUs are permitted (*Ibid.*), there is no provision in law or in the Agreement for charging a higher price to HOA/MDU customers for exactly the same services available to non-HOA/MDU customers. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. Decl. Alpert at para. 14. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. | including his statement that TWC "quoted me a rate or I saw it on the ad or a combination, and that's the bill and that's what I paid." Plaintiff also testified as follows: "Q: All right. Whatever comparison you were making to, whether it was the ad or the rate card or some other document, you did that kind of a comparison when you first received the bill, and you were satisfied that the rates were as they were advertised or represented to be? A: Yes, because I paid the bill without dispute every month." <br><br> Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). <br><br> Alpert Deposition, p. 148, line 17—p. 149, p. 157, lines 12-8; Deposition Transcript, |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | | NOL Ex. A.<br><br>See Objection Nos. 9, 11, and 29. |
| 113.    Plaintiff's bill for Additional Services was reduced was because he changed his services and ordered a bundled package rather than a host of individual services.<br><br>Rhodes Decl. ¶¶ 7, 9, 10; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E. | Disputed. Alpert never "switched" anything and did not request or order any "bundle." Decl. Alpert at para. 12. Alpert called TWC and demanded that his bill be corrected and demanded a refund for all the months TWC has been overcharging him for his services. *Ibid.* Alpert did not request any new services or to be bundled. *Ibid.* | No dispute of material fact.  Plaintiff's response does not dispute the stated fact.  Moreover, Plaintiff testified at deposition: "I purchased what I purchased to get a better rate collectively than individually" and "I ordered a certain package to get a better rate."<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A.<br><br>See Objection No. 9. |
| 114.    Plaintiff testified at deposition that he was familiar with TWC advertising relating to bundled packages and knew that customers ordering bundled services received a discount vis-à-vis ordering the same services a la carte.<br><br>Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A. | Disputed. TWC's San Diego HOA pricing was concealed from Alpert. Decl. Alpert at para. 18. TWC did not advertise its HOA pricing. Decl. Ramos, Exhibit A, Depo. Terri Rhodes at p.163:20; Decl. Alpert at para. 15. TWC did not even inform HO As of the existence of HOA pricing. Decl. Ramos, Exhibit A, Depo. Terri Rhodes at p.211:20. | No dispute of material fact.  In response to questioning as to whether Plaintiff "knew what a bundled package of services was," Plaintiff testified at deposition: "Well, they advertised it or use [sic] a strong marketing campaign, or they did at the time, about bundling.  So, I guess, you know, I understood that if you buy more of their services collectively, you get a better rate." Plaintiff also testified: "I purchased what I purchased to get a better rate collectively than individually" and "I ordered a certain package to get a better rate." |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| | | Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A. Furthermore, Plaintiff's response pertains to whether TWC had a duty to disclose discounts and promotions on Plaintiff's bills, which is a purely legal issue.  No such duty exists. *Buller*, 160 Cal. App. 4th at 991-92. Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). See Objection Nos. 12 and 15. |
| 115.    Plaintiff testified at deposition that he changed his Additional Services to a bundled package in order to get a better price. Alpert Deposition, p. 96, line 18—p. 99, line 15; | Disputed. Alpert never "switched" anything and did not request or order any "bundle." Decl. Alpert at para. 12. Alpert called TWC and demanded mat his bill be corrected and demanded a refund for all the months TWC has been overcharging him for his services. | No dispute of material fact.  Plaintiff testified at deposition: "I purchased what I purchased to get a better rate collectively than individually" and "I ordered a certain package |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| Deposition Transcript, NOL Ex. A. | *Ibid.* Alpert did not request any new services or to be bundled. *Ibid.* | to get a better rate." Alpert Deposition, p. 96, line 18—p. 99, line 15; Deposition Transcript, NOL Ex. A. See Objection No. 9. |

**Issue #13: Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.*, based on TWC engaging in misleading or deceptive conduct, lacks merit as a matter of law because Plaintiff cannot prove the general public would likely be misled or deceived by TWC's conduct.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 116.    Plaintiff lacks evidence to show that the general public would likely be misled or deceived by TWC's purported conduct. | Objection. This is a legal conclusion by TWC and unsupported by any cited evidence. Legal conclusions are not "undisputed" facts. TWC's San Diego HOA pricing was concealed from Alpert. Decl. Alpert at para. 18. TWC did not advertise its HOA pricing, Decl. Ramos, Exhibit A, Depo. Terri Rhodes at p. 163:20; Decl. Alpert at para. 15. TWC did not even inform HOAs of the existence of HOA pricing. Decl. Ramos, Exhibit A, Depo. Terri Rhodes at p. 211:20. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA, at para. 8. | No dispute of material fact.  Plaintiff's response is non-responsive and does not dispute his lack of evidence to show that that the general public would likely be misled or deceived by TWC's purported conduct. See Objection Nos. 15 and 29. |

**Issue #14:  Plaintiff's Cause of Action for Violation of Business & Professions Code section 17200 *et seq.* lacks merit as a matter of law because Plaintiff lacks standing since he has not been injured and lost money or property as a result of TWC's purported conduct.**

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| 117.    Since March 2003, Plaintiff has ordered certain Additional Services from TWC under a contract titled "Time Warner Cable Residential Services Subscriber Agreement" ("Consumer Agreement").<br><br>Rhodes Decl. ¶ 5; Consumer Agreement, NOL Ex. C; Alpert Deposition, p. 88, lines 8-13; Deposition Transcript, NOL Ex. A. | Undisputed. | Undisputed. |
| 118.    Plaintiff has received the Additional Services that he ordered from TWC.<br><br>Alpert Deposition, p. 151, l21—p. 152, line 4; Deposition Transcript, NOL Ex. A. | Undisputed. | Undisputed. |
| 119.    TWC has billed Plaintiff for the Additional Services he ordered, and Plaintiff has paid TWC directly for such services.<br><br>Rhodes Decl. ¶¶ 7, 9; August 2006 Bill, NOL Ex. D; September 2006 Bill, NOL Ex. E; Alpert Deposition, p. 136, lines 1-18; p. 151, l21—p. 152, line 4; Deposition Transcript, NOL Ex. A. | Undisputed. | Undisputed. |
| 120.    Plaintiff testified in his deposition that the bills he received for Additional Services were correct. | Disputed. Alpert's billing statements did not reflect HOA pricing until after he called TWC and complained in September 2006. TWC's Amended Sep. | No dispute of material fact.  Plaintiff's deposition testimony is clear that his bills were correct both before and after the |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
|---|---|---|
| Alpert Deposition, p. 144, lines 15-18; p. 148, line 17—p. 149, line 1; p. 151, line 21—p. 152, line 4; p. 155, line 25—p. 157, line 18; p. 158, line 2—p. 159, line 6; Deposition Transcript, NOL Ex. A. | Statement, Exhibit E; Decl. Alpert at para. 14. As HOA members like Alpert added additional services, the incremental amount billed by TWC for those services was higher than for non-HOA customers for comparable services. Decl. Wesley L. Nutten, CPA9 at para. 8. The cited testimony does not indicate Alpert's agreement that TWC's bills were correct before he was put into HOA pricing. See e.g., TWC's NOL, Exhibit A, at p. 144:15-18; 148:17; 151:21; 155:25; 158:2. Agreeing that a bill was received is obviously not the same as agreeing a bill was accurate. Each cited instance in the deposition transcript where Alpert was actually asked to speculate whether his bill was "accurate" is preceded by a "speculation" objection asserted by Alpert's counsel. See e.g., TWC's NOL, Exhibit A at p.,148:21; 151:16. These objections, coupled with the fact that when Alpert learned he was being overcharged in late 2006 he called TWC and demanded a correction to his bill, and that the bill was, in fact, corrected, all undermine TWC's entire argument that Alpert believed his bills were accurate. Decl. Alpert at paras. 11, 12. | ordered a bundled package, including his statement that TWC "quoted me a rate or I saw it on the ad or a combination, and that's the bill and that's what I paid." Plaintiff also testified as follows: "Q: All right. Whatever comparison you were making to, whether it was the ad or the rate card or some other document, you did that kind of a comparison when you first received the bill, and you were satisfied that the rates were as they were advertised or represented to be? A: Yes, because I paid the bill without dispute every month."<br><br>Furthermore, Plaintiff's response pertains to issues, claims, and theories that are outside the scope of his operative complaint, meant solely to circumvent summary judgment, and, thus, are not material as a matter of law. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991); (overruled on other grounds, *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983).<br><br>Alpert Deposition, p. 148, line 17—p. 149, p. 157, lines 12-8; Deposition |

| MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE | REPLY TO OPPOSITION |
| --- | --- | --- |
| | | Transcript, NOL Ex. A. See Objection Nos. 9, 11, and 29. |

Dated:  June 23, 2008

DLA PIPER US LLP


By: s/Jeffrey M. Shohet
    JEFFREY M. SHOHET
    Attorney for Defendant Time Warner
    Entertainment-Advance/Newhouse Partnership,
    a New York General Partnership
    E-mail:  Jeffrey.shohet@dlapipercom